Joseph A. Guerra
8938 West Katie Ave.
Las Vegas, Nevada 89147
Tel: (702)-243-3427
Plaintiff In Pro Per

# DISTRICT COURT OF UNITED STATES

# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra,<br><br>   Plaintiff,<br><br>vs.<br><br>JUST MORTGAGE INC; CHASE HOME FINANCE; MERS AND Does 1-10,<br><br>   Defendants. | Case : 2:10-cv-00029-KJD-RJJ<br><br>**ANSWERS TO DEFENDANT JUST MORTGAGE, INC. ANSWER TO PLAINTIFF AMENDED COMPLAINT** |

Plaintiff, Joseph A. Guerra answers Defendant JUST MORTGAGE, Inc. Pleadings as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On October 30, 2009, Plaintiff sent to Defendant JUST MORTGAGE, INC. the RESPA Qualified Written Request (QWR), the Truth in Lending Act (TILA) request, Complaint, Dispute of Debt and Validation of Debt Letter. No

answers were received by Plaintiff for more than 60 days although the Defendant had ample time to respond. Plaintiff eventually filed a Complaint on January 11, 2010. During February 11, 2010 Court Hearing, Magistrate Judge Robert J. Johnston ordered Plaintiff to amend & prepare a New Complaint within 30 days. Plaintiff then filed the amended Complaint on March 12. 2010.

## II. POINTS

Rather than answering point by point, Plaintiff has the following facts pertaining to lending institutions to counter answers by the Defendant Just Mortgage, Inc.

We all grew up believing that a loan was money at risk to the lender and that it should be repaid, so it's difficult to accept that the mortgage companies would have crafted a scheme of such monumental proportions to take advantage of that basic trust. It also explains why this scheme has been so successful. We are basically trusting people who believed that a financial institution in this country would deal honestly with us. When you sat down at closing after the nerve-wracking run-up to this moment, you experienced it as a success, the culmination of a lot of effort to prove you were a credit-worthy client deserving of a loan to purchase a home or property, the biggest investment most of us ever make. Consequently, it was so far out of your thinking that the documents placed in front of you could be deceptive, but they were. Very deceptive. In a court of law, the judge, who understands legal language would say that full disclosure and equal protection under the law were available in the mortgage documents, but the average citizen is so ignorant of legal terminology that without really astute legal counsel at closing there is no way for him to have known what really was about to transpire. After all, think of all the attorneys who have purchased homes and signed such documents themselves without fully understanding what they meant.

Here's how it went: First you signed a promissory note, a promise to pay principle and interest over a period to time. You expected to do this. Second, you signed a Deed of Trust wherein you repeated the promise to pay under rather confusing terms that you did not understand and did not question. In this agreement, you irrevocably granted and conveyed title to the property in question to the Trustee (title company) acting on behalf of the lender. How could you do this unless you owned the property, and if you did, how did you manage to acquire it? You acquired it by signing the promissory note, which is legal tender in our economy. The banker turned the note into cash through the Federal Reserve and used it to pay off the previous property owner. You just funded your own loan on the power of your signature and the Banker doesn't tell you up front that you now own the property free and clear, but it clearly states in the Deed of Trust that you do, only you didn't catch it. At this point, you entered into the Deed of Trust agreement as sole owner of the property, bringing tremendous value to the table. After having confirmed that you were in sole possession of the property ("Borrower covenants that he is fully seized (in possession) of said property and that it is free of all encumbrances."), you immediately sign away title to the property ("Irrevocably grant and convey") to the Trustee (title company) who holds the title to secure the "loan" for the lender, except that **no** loan has been made because the lender **did not** use his money to pay off the property. **He used yours**. An alternative scheme used in many Deed of Trust states is the tenancy agreement wherein you enter the Deed of Trust Agreement as both the Tenant and the Principal (owner of the property) and agree to rent the property from yourself with the lender acting as the servicer of the loan, mandated to take payment from the Tenant (you) and disburse it to the principal (you), except that they keep the payments. Know anyone that ever got rent payments from himself back from his mortgage company? You have just signed an agreement werein you promised to pay the lender principle and

1  interest for a property you owned free and clear and then surrendered title to. I did
2  not know that I did that! Of course not, or I never would have agreed to this in the
3  first place. To add insult to injury, the lender can fractionalize my note through
4  the Federal Reserve, expanding its value up to nine times the note's face value,
5  tax free money he can invest or spend as he pleases. I did not give the lender
6  permission to do this with my promise to pay. I thought that piece of paper was
7  just a commitment to pay back a loan, but to the lender, my signature was worth
8  hard, cold cash.

### III  ARGUMENT

There are many Fraud issues in my Loan Documents: one of them is Fraudulent Assignments – ususally missing assignments of the instrument filed in public records is a direct result of multi-pledging and the use of the same collateral, the mortgage loan, to pool into securities or pledge for other financing and should be viewed as an overt act of fraud. Defendant's answers were so baseless as to be fraud in factum and upon this court. Every applicable violation perpetrated by the Defendant is cited in the filed Complaint. Since the defendant's attorney can not answer the obvious, the complaint, and attempt to delay and impede the action and hope the Plaintiff would go away. Defendant has not substantiated or has otherwise verified their claim according to 28 U.S.C.  Plaintiff asks this Honorable Court to take judicial notice that Plaintiff is without counsel, and is not a bar member to practice law; therefore his pleadings must be read and construed liberally. "See **Hanes v Kerner** 404 U.S. at 520 (1980); **Birl v. Estella**. 660 F. 2d 592 (1981); **National Labor Relations Board v. Tri-State** Transport Corp. 649 F. 2d 993 (1984); **U.S. v. Michael R. Dougherty** 473 F. 2d 1113; **Frank X. LoSacco v. Debra Young** 564 A. 2d 610; **and Robert F. Maloney, Sr. v. Susan H. Maloney,** 553 A. 2d 1169 (1989). Furthermore, Plaintiff believes that this

Court has a responsibility and legal duty to protect all of Plaintiff's constitutional and statutory rights. See <u>United</u> States <u>v. Lee.</u> 106 U.S. 196 220 (1882).

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified and mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision making process." See <u>Carey v. Piphus</u> 435 U.S. 247, 259-262, 266-267 (1978). "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."

"Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleading." <u>U.S. v. White County Bridge Commission</u>, 2 Fr Service 2d 107, 274 F. 2d 529, 535.

<u>Maty v. Grasselli Chemical Co.,</u> 303 U. S. 197 (1938) "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

Plaintiff also believes that Just Mortgage, Inc. has violated the following Federal Rules and Regulations.

**The Housing and Economic Recovery Act (HERA)**

This ACT was passed by Congress in 2008. The regulations for this Act were published under the Truth in Lending Act. These regulations basically provide a fair and transparent regulation of the real estate industry. It makes Lenders use clear language on disclosures and provide a full account of all charges/fees that the house buyer will need to pay. In the end, it provides a sense of confidence for home buyers because they will know exactly what their loan will look like, and how much money they'll be spending.

**The Truth in Lending (TILA)**

This is a Federal Law that protects consumer in credit transactions, like mortgage loans. It requires a lending institution to provide the loan applicant with clear disclosure of any terms, and also to provide a record of all costs involved in the transaction. The regulations implementing this law are known as "Regulation Z".

**ADVANCE DISCLOSURE OF SETTLEMENT COSTS**

Under Section 6 (a)
"Any lender agreeing to make a federally related mortgage loan shall provide or cause to be provided to the prospective borrower, to the prospective seller, and to any officer or agency of the Federal Government proposing to insure, guarentee, supplement, or assist such loan, at the time of the loan commitment, but in no case later than twelve calendar days prior to settlement, upon the standard real estate settlement form developed and prescribed by the Secretary specifically for the purposes of this section, and in accordance with regulations prescribed by the Secretary, and itemized disclosure in writing of each charge arising in connection with such settlement.

for the purposes of complying with this section, it shall be the duty of the Lender agreeing to make the loan to obtain or cause to be obtained from persons who provide or will provide services in connection with such settlement the amount of each charge they intend to make. In the event the exact amount of each charge is not available, a good faith estimate of such charge may be provided."

"(b) If any lender fails to provide a prospective borrower or seller with the disclosure as required by subsection (a), it shall be liable to such borrower or seller, as the case may be, in an amount equal to:

(1) The actual damages involved or $500, whichever is greater, and
(2) In the case of any successful action to enforce the foregoing Liability, the court costs of the action together with a reasonable Attorney's fee as determined by the court;

except that a lender may not be held liable for a violation in any action brought under this subsection if it shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error not withstanding the maintenance of procedures adopted to avoid any such error."

My settlement costs were very high which amounts to more than 5% of the total loan $273,000 which included a great amount paid to another company named NA Nationwide Mortgage. Just Mortgage, Inc.'s attorneys blamed the third party who made the mistake, but Just Mortgage, Inc.'s corporation name is on the document. The Plaintiff didn't receive the good faith estimate until the closing date on 3/19/2008. (See Exhibit 1).

Under TILA it states that if the Annual Percentage Rate (APR)

increases by more than 0.125% from the initial TILA disclosure, the disclosure then must be revised and reissued to the home buyer. At the beginning, Just Mortgage, Inc. had quoted a 5.25% APR, but at closing, the APR had increased to 6.25%. During this period, the Plaintiff had never received a reissued APR Revision Disclosure at all (See Exhibit 2).

In a significant victory for consumers and particularly victims of predatory lending the **Ohio Supreme Court** on October 4, 2009 quietly let stand what may turn out to be a landmark decision prohibiting banks, trusts and other loan servicing entities who cannot prove ownership of a mortgage note from foreclosing on Ohio homeowners. In **Wells Fargo v. Jordan** Judge Frank D. Celebrezze, Jr. writing for a unanimous panel of the 8th District held that in order to bring a lawsuit in Ohio the plaintiff must have an genuine interest in the subject matter of the lawsuit: A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of the action. State ex rel. **Dallman v. Court of Common Pleas (1973),35 Ohio St. 2d 176, 298 N.E. 2d 515,** syllabus. "It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representation, even innocently, to retain the fruits of a bargain induced by such representations." **Whipp v. Iverson**, 43 Wis. 2d 166.

The lawyers for JUST MORTGAGE, INC. do not understand that the Note which is a Plaintiff's credit secures the property, not the Deed of Trust that is the second lien on the property. The lawyers again continue talking about a loan which is the note defined as an instrument. However, since their client sold

the Note they are now not the holder in due course or own the property. Read Plaintiff's complaint that states in plain English. Since the lawyer does not understand the law, let me explain, since their client JUST MORTGAGE, INC. does not own the note by Federal Banking Law, they do not own the property since everything in this Institution's actions have been to commit fraud by selling the Note and have the Deed of Trust sold without the Note that is also a violation.

Plaintiff is not seeking to avoid his financial obligation. Only these Institutions played a shell game with his property. The reason the Plaintiff mentions this is that when he found out these Institutions did not own the property. He then decided to send an affidavit and request to obtain the Note. He then filed a judicial summon and complaint because the Defendants did not answer the requests. When he found out his rights are being violated under the due process clause of the Constitution, where, by an Attorney working for a fraudulent institution can go before the court without the victim "Plaintiff" being able to answer this is a real fraud.

Since the Lawyer has decided to waste this Honorable Court's time with irrelevant babble that has no bases in law refering to their cases that are from the 80's and 90's show and I am confident they know nothing about the existing banking laws. While we don't want to go into the history of derivatives, pooling and traunches sold as investments by Lehman Brothers and various other broker houses where undoubtedly Plaintiff's Note has disappeared. The lawyer has used these old cases that have nothing to do with the citing of the violations of the Fair Debt Collection Practices Act, RESPA, TILA and UCC Title 12 USC and Federal Fraud Laws which means they still have not answered Plaintiff's Complaint.

The Dedendant does not have any standing in this or any court as

1  they have not answered the aforementioned documents according to LAW:
2  Respondent(s)/Defaulted Parties, are by Contract, Mandated
3  to respond to all statements and inquires by: AFFIDAVIT, POINT FOR POINT,
4  UNDER UNLIMITED LIABILITY OATH, SWORN AND ATTESTED TO;
5  AND RETURNED BY U.S. POSTAL REGISTERED MAIL TO PETITIONER.
6  AM JUR VOLUME 2 ADMINISTRATIVE LAW, CLAUSE #298, (PAGE 311)
7         Statements of coursel in brief or in argument are not sufficient for
8  motion to dismiss or for summary judgment, **Trinsey V. Pagliaro,** D. C. Pa. 1964,
9  **229 F. Supp. 647**
10        Further: **FED. R. CIV. P. 17** applicable ("[a]n action must be
11 Prosecuted in the name of the real party in interest."). 499 (1975). As a prudential
12 Matter, a plaintiff must assert "his own legal interests as the real party in interest,"
13 **Dunmore V. United States, 358 F. 3d** 1107, 1112 (9 ir. 2004), as found in the
14 FED. R. CIV. P. 17, which provides "[a]n action must be prosecuted in the name
15 of the real party in interest."
16        Defendant at no time including now, has not provided the original
17 "Note" to prove they are the holder in due course and therefore has no standing to
18 even be in court. Is this decipherable enough for the Attorney?
19
20        The QWR or RESPA letter sent to JUST MORTGAGE, INC. must
21 be answered in 60 days by Federal Banking Laws which was never answered and
22 cannot be answered by their attorneys:
23        UCC3-309 states that upon demand of the person to whom
24 presentment is made, the person making presentment must exhibit the instrument
25 (note), give reasonable identification and, if presentment is made on behalf of
26 another person, reasonable evidence of authority to do so, and sign a receipt on
27 the instrument for any payment made.
28        I caution that the attorney can't testify as it will come under objection.

1  Statements of counsel in brief or in oral argument are not facts before the court.
2  This finding of a continuing investigation, which forms the foundation of the
3  majority opinion, comes from **statement** of **counsel** made during the appellate
4  process. As we have said of other un-sworn statements, which were not part of
5  the record and therefore could not have been considered by the trial court:
6  "Manifestly, [such statements] cannot be properly considered by the
7  deposition of [a] case." <u>United States V Lovasco</u> (06/09/77) 431 U.S. 783, 97
8  S. Ct. 2044, 52 L. Ed. 2d 752.
9         <u>Howard & Foster Co. v. Citizens Nat'l Bank of Union, 133 Sup.
10  Ct. 202, 130 SE 759 (1926). Bank of Union,</u> 133 Sup. Ct. 202, 130 SE 759 (1926).
11  "Any flaw representation of material facts made with knowledge of falsity and
12  with intent that it shall be acted on by another in entering into contract, and
13  which is so acted upon, constitutes :fraud:, and entitles party deceived to avoid
14  contract or recover damages." <u>Barnsdall Refining Corn v. Birnam Wood Oil
15  Co.</u>, 92 F 26 & 17.

## CONCLUSION

18      For all of the various facts and case citings mentioned in this answer,
19  Just Mortgage, Inc.'s attorneys have not addressed the violatons of Federal Law.
20  They attempt to cloud the issues with matters wholly irrelevant to this case. They
21  make immaterial, irrelevant statements to discredit the Plaintiff's Complaint and
22  brings bias and prejudice against the Plaintiff and thereby manipulates the Court
23  and it's processes. Therefore, Plaintiff is respectfully requesting that this Court rule
24  under the existing Federal Banking Laws breached by the Defendant and that
25  my amended Complaint be heard and acted upon as filed. Any ongoing attempt
26  to evade, delay or use of tactics to evade answering the Complaint on fraud,
27  deceit, deception or trickery operating prejudicially on the rights of another,
28  and so intended, by inducing him to part with property or surrender some legal

right. Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the supression of the truth, or other device contrary to the plain rules of common honesty. An affirmation of a fact rather than a promise or statement of intent to do something in the future. **Miller v. Sutliff**, 241 111 521, 89 NE 651.

      Defendant has not stated the cause of action for which relief can be granted. Discovery has not commenced and therefore facts relevant to this case have not been presented by all the Defendants. Therefore, there cannot be any action taken by the court.

      Plaintiff has the right under the law to have his Complaint answered and not dismissed, and Plaintiff's Complaint must be found in favor of the pleadings as written.

Prepared and respectfully submitted by,

_____

Joseph A. Guerra                   Dated: April 29, 2010

Plaintiff in Pro Per

| | |
|---|---|
| Joseph A. Guerra, | Case No.   2:10-cv-00029-KJD-RJJ |
| Plaintiff, | |
| V | |
| | ANSWERS TO DEFENDANT |
| JUST MORTGAGE INC.; CHASE HOME | JUST MORTGAGE, INC. |
| FINANCE; MERS and DOES 1-10, | ANSWER TO PLAINTIFF |
| Defendants, | AMENDED COMPLAINT |

## CERTIFICATE OF SERVICE

I hereby certify that this 29th day of April 2010, a true copy of the folloing:

**ANSWERS TO DEFENDANT JUST MORTGAGE, INC. ANSWER TO PLAINTIFF AMENDED COMPLAINT**

was mailed, postage prepaid, to the following:

JAMES E. MURRPHY, ESQ.
LAXALT & NOMURA, LTD.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada   89119

Beata Hu, Tel: (702) 487-1488
P. O. Box 80981, Las Vegas, Nv. 89180

OMB No. 2502-0265

| A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br>SETTLEMENT STATEMENT | B. TYPE OF LOAN |
|---|---|
| | 1. ☐ FHA  2. ☐ FHMA  3. ☒ CONV. UNINS.<br>4. ☐ VA   5. ☐ CONV. INS. |
| lenderescrow™<br>32 Journey, Suite 100, Aliso Viejo, CA 92656<br>(949) 544-8100 • Fax (866) 434-3926 | 6. FILE NUMBER:  7. LOAN NUMBER<br>0831164-DW      0051161451<br>8. MORTGAGE INS. CASE NO.: |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME & ADDRESS OF BORROWER: | Joseph A. Guerra, Jr.<br>8938 West Katie Avenue, Las Vegas, NV 89147 |
|---|---|
| E. NAME & ADDRESS OF SELLER: | |
| F. NAME & ADDRESS OF LENDER: | JUST MORTGAGE, INC.<br>9680 HAVEN AVENUE, SUITE #200, Rancho Cucamonga, CA 91730 |
| G. PROPERTY LOCATION: | 8938 West Katie Avenue, Las Vegas, NV 89147 |
| H. SETTLEMENT AGENT: | eLender Escrow, Inc. |
| PLACE OF SETTLEMENT: | 32 Journey, Suite 100, Aliso Viejo, CA 92656 (949) 544-8100 |
| I. SETTLEMENT DATE: | 3/24/2008   Estimated |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---:|---|---:|
| **100. Gross Amount Due From Borrower:** | | **400. Gross Amount Due To Seller:** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower: (line 1400) | 14,091.67 | 403. | |
| 104. Property Tax-4th installment | 684.23 | 404. | |
| 105. Payoff To Washington Mutual | 46,072.76 | 405. | |
| **Adjustments For Items Paid By Seller In Advance:** | | **Adjustments For Items Paid By Seller In Advance:** | |
| 106. City/town taxes         to | | 406. City/town taxes         to | |
| 107. County taxes            to | | 407. County taxes            to | |
| 108. Assessments             to | | 408. Assessments             to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower:** | 60,848.66 | **420. Gross Amount Due To Seller:** | |
| **200. Amounts Paid By Or In Behalf Of Borrower:** | | **500. Reductions In Amount Due To Seller:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 273,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st Mtg. Ln. | |
| 205. | | 505. Payoff 2nd Mtg. Ln. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments For Items Unpaid By Seller:** | | **Adjustments For Items Unpaid By Seller:** | |
| 210. City/town taxes         to | | 510. City/town taxes         to | |
| 211. County taxes            to | | 511. County taxes            to | |
| 212. Assessments             to | | 512. Assessments             to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower:** | 273,000.00 | **520. Total Reductions In Amount Due Seller:** | |
| **300. Cash At Settlement From/To Borrower:** | | **600. Cash At Settlement From/To Seller:** | |
| 301. Gross amount due from borrower (line 120) | 60,848.66 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 273,000.00 | 602. Less reductions in amount due seller (line 520) | |
| 303. Cash (☐ FROM) (☒ TO) Borrower: | 212,151.34 | 603. Cash (☐ TO) (☐ FROM) Seller: | 0.00 |

Previous Edition is Obsolete  
Form No. 1581  
3/86

SB-4-3538-000-1  
HUD-1 (3-86)  
RESPA, HB 4305.2

Page 1 of 2

## SETTLEMENT CHARGES

Escrow: 0831194-DW

| | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission: Based On Price $ @ % = | | | |
| Division of Commission (line 700) As Follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission paid at settlement | | | |
| 704. | | | |
| **800. Items Payable In Connection With Loan:** | | | |
| 801. Loan Origination fee       % NA Nationwide Mortgage | | 5,850.00 | |
| 802. Loan Discount       % | | | |
| 803. Appraisal fee to: | | | |
| 804. Credit report to: | | | |
| 805. Lender's inspection fee | | | |
| 806. Mortgage insurance application fee to | | | |
| 807. Assumption fee | | | |
| 808. Tax Registration To: JUST MORTGAGE, INC. | | 75.00 | |
| 809. Administration Fee To: JUST MORTGAGE, INC. | | 795.00 | |
| 810. Redraw Fee To: JUST MORTGAGE, INC. | | 100.00 | |
| 811. Processing Fee To: NA Nationwide Mortgage | | 995.00 | |
| 812. Administration Fee To: NA Nationwide Mortgage | | 650.00 | |
| 813. Broker Fee To: NA Nationwide Mortgage | | 990.00 | |
| 814. Yield Spread Premium To: NA Nationwide Mortgage POC   $341.25 | | | |
| 815. | | | |
| 816. | | | |
| 817. | | | |
| 818. | | | |
| 819. | | | |
| 820. | | | |
| 821. | | | |
| **900. Items Required By Lender To Be Paid In Advance:** | | | |
| 901. Interest from 3/24/2008 to 4/01/2008 @$ 47.3958/day (8 days) | | 379.17 | |
| 902. Mortgage insurance premium for       mo. to | | | |
| 903. Hazard insurance premium for       yrs. to | | | |
| 904. Flood insurance premium for       yrs. to | | | |
| 905. | | | |
| 906. | | | |
| **1000. Reserves Deposited With Lender:** | | | |
| 1001. Hazard insurance       6 months @ $ 76.00 per month | | 456.00 | |
| 1002. Mortgage insurance       0 months @ $ 0.00 per month | | | |
| 1003. City property taxes       0 months @ $ 0.00 per month | | | |
| 1004. County property taxes       3 months @ $ 229.00 per month | | 687.00 | |
| 1005. Annual assessments       0 months @ $ 0.00 per month | | | |
| 1006. Flood insurance       0 months @ $ 0.00 per month | | | |
| 1007.       0 months @ $ 0.00 per month | | | |
| 1008. Aggregate Adjustment | | (77.00) | |
| 1009. | | | |
| **1100. Title Charges** | | | |
| 1101. Settlement or closing fee to eLender Escrow, Inc. | | 895.00 | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to | | | |
|         (includes above item Numbers:                           ) | | | |
| 1108. Title insurance to Chicago Title Company | | | |
|         (includes above item Numbers:                           ) | | 750.00 | |
| 1109. Lender's coverage  $ 273,000.00  Premium:   $750.00 | | | |
| 1110. Owner's coverage  $ | | | |
| 1111. Endorsement to Chicago Title Company | | 100.00 | |
| 1112. Wire Fee to eLender Escrow, Inc. | | 30.00 | |
| 1113. Messenger Fee to eLender Escrow, Inc. | | 75.00 | |
| 1114. Exhibit "C" Attached Hereto | | 282.50 | |
| **1200. Government Recording and Transfer Charges:** | | | |
| 1201. Recording fees:  Deed $ 0.00  ;Mortgage $ 200.00  ;Releases $ 0.00 | | 200.00 | |
| 1202. City/county tax/stamps: Deed $ 0.00  ;Mortgage $ 0.00 | | | |
| 1203. State tax/Stamps:  Deed $ 0.00  ;Mortgage $ 0.00 | | | |
| 1204. | | | |
| 1205. | | | |
| **1300. Additional Settlement Charges:** | | | |
| 1301. Survey to | | | |
| 1302. Pest inspection to | | | |
| 1303. Notary Fee to Please Return Invoice W/ Docs | | 175.00 | |
| 1304. Creditor Payment to SC Water Collection | | 584.00 | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| **1400. Total Settlement Charge** (Enter on line 103, Section J - and - line 502, Section K) | | 14,091.67 | |

Form No. 1582          Page 2 of 2          SB-4-3538-000-1

## VII. DETAILS OF TRANSACTION

| | $ |
|---|---|
| a. Purchase price | |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 47,500.00 |
| e. Estimated prepaid items | 710.94 |
| f. Estimated closing costs | 11,318.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 59,528.94 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 273,000.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 273,000.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -213,471.06 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | ☐ | ☑ | ☐ | ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☑ | ☐ | ☐ | ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ | ☑ | ☐ | ☐ |
| d. Are you a party to a lawsuit? | ☐ | ☑ | ☐ | ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ | ☑ | ☐ | ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ | ☑ | ☐ | ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ | ☑ | ☐ | ☐ |
| h. Is any part of the down payment borrowed? | ☐ | ☑ | ☐ | ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ | ☑ | ☐ | ☐ |
| j. Are you a U. S. citizen? | ☑ | ☐ | ☐ | ☐ |
| k. Are you a permanent resident alien? | ☐ | ☑ | ☐ | ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ | ☐ | ☐ | ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ | ☐ | ☐ | ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors, or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

**Right to Receive Copy of Appraisal** I/We have the right to a copy of the appraisal report used in connection with this application for credit. To obtain a copy, I/we must send Lender a written request at the mailing address Lender has provided. Lender must hear from me/us no later than 90 days after Lender notifies me/us about the action taken on this application, or I/we withdraw this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☑ I do not wish to furnish this information | | CO-BORROWER | ☐ I do not wish to furnish this information | |
|---|---|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian   ☐ Black or African American | Race: | ☐ American Indian or Alaska Native | ☐ Asian   ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☐ White | | ☐ Native Hawaiian or Other Pacific Islander | ☐ White |
| Sex: | ☐ Female | ☑ Male | Sex: | ☐ Female | ☐ Male |

| To be Completed by Interviewer This application was taken by: | Interviewer's Name (print or type) DILWAR TIWANA | Name and Address of Interviewer's Employer NA NATIONWIDE MORTGAGE |
|---|---|---|
| ☐ Face-to-face interview | Interviewer's Signature                     Date | 26361 CROWN VALLEY PARKWAY #200 |
| ☐ Mail | | Mission Viejo, CA 92691 |
| ☑ Telephone | Interviewer's Phone Number (incl. area code) | (P) 800-501-4929 |
| ☐ Internet | 800-501-4929 | (F) 949-585-9311 |

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Loan Number: 0051161451  
Creditor: JUST MORTGAGE INC.  
Address: 9680 HAVEN AVENUE, SUITE 200, RANCHO CUCAMONGA, CALIFORNIA 91730  

Date: MARCH 19, 2008

Borrower(s): JOSEPH A. GUERRA, JR

Address: 8938 WEST KATIE AVENUE, LAS VEGAS, NEVADA 89147

Lines containing an "x" are applicable:

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate | FINANCE CHARGE  The dollar amount the credit will cost you. | Amount Financed  The amount of credit provided to you or on your behalf. | Total of Payments  The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price  The total cost of your purchase on credit including your down-payment of $ |
|---|---|---|---|---|
| 6.650 % | $388,865.05 | $260,665.83 | $649,530.88 | $ |

**PAYMENTS:** Your payment schedule will be:

| Number of Payments | Amount of Payment ** | When Payments Are Due  Monthly Beginning | Number of Payments | Amount of Payment ** | When Payments Are Due  Monthly Beginning | Number of Payments | Amount of Payment ** | When Payments Are Due  Monthly Beginning |
|---|---|---|---|---|---|---|---|---|
| 120 | 1,421.88 | 05/01/08 | | | | | | |
| 239 | 1,995.43 | 05/01/18 | | | | | | |
| 1 | 1,997.51 | 04/01/38 | | | | | | |

_____ DEMAND FEATURE: This obligation has a demand feature.

_____ VARIABLE RATE FEATURE: Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit:
_____ Credit life insurance and credit disability  _X_ Property insurance  _____ Flood Insurance  _____ Mortgage Insurance
You may obtain property insurance from any insurer that is acceptable to the Lender.

SECURITY: You are giving a security interest in: 8938 WEST KATIE AVENUE, LAS VEGAS, NEVADA 89147
_____ The goods or property being purchased  _X_ Real property you already own.

FILING FEES: $
LATE CHARGE: If payment is more than _____ 15 _____ days late, you will be charged _____ 5.000 _____ % of the payment.
PREPAYMENT: If you pay off early, you
_____ may  _X_ will not  have to pay a penalty.
_____ may  _X_ will not  be entitled to a refund of part of the finance charge.
ASSUMPTION: Someone buying your property
_____ may  _____ may, subject to conditions  _X_ may not  assume the remainder of your loan on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

_X_ "e" means an estimate  _____ all dates and numerical disclosures except the late payment disclosures are estimates.

Each of the undersigned acknowledge receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

Applicant JOSEPH A. GUERRA, JR _____ Date _____   Applicant _____ Date _____

Applicant _____ Date _____   Applicant _____ Date _____

Applicant _____ Date _____   Applicant _____ Date _____

** NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT  
05/17/06

DocMagic eFor  800-649-1362  
www.docmagic.com