UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH A. GUERRA,<br><br>           Plaintiff,<br><br>v.<br><br>JUST MORTGAGE INC.; CHASE HOME FINANCE; MERS and DOES 1-10,<br><br>           Defendants. | 2:10-cv-00029-KJD-RJJ<br><br><br>O R D E R |

This matter is before the Court on Defendants' Motion to Stay Discovery Pending Disposition of Motion to Dismiss (#41). Plaintiff did not file an Opposition.

On March 19, 2008, Plaintiff Joseph A. Guerra (Guerra) obtained a loan for $273,000.00 from Defendant Just Mortgage Inc. Guerra defaulted on his loan obligations triggering non-judicial foreclosure proceedings. On March 15, 2010, Guerra filed an Amended Complaint against defendants Just Mortgage, Chase Home Finance, and MERS wherein it appears that he is alleging: (1) violations of the Truth in Lending Act (TILA), (2) violations of the Real Estate Settlement Procedures Act (RESPA), (3) wrongful foreclosure, (4) fraud, and (5) injunctive relief. Defendants Chase Home Finance (Chase) and MERS have filed a motion to dismiss for failure to state a claim. (#31).

By way of this motion, Defendants Chase and MERS request that the court stay discovery pending a decision on the motion to dismiss. Defendants also request that the Rule 26(f) conference be stayed. Chase and MERS argue that the stay will ensure efficiency and fairness by permitting the court to render its decision on the motion to dismiss. It is the moving defendants' position that the

1 lawsuit is an unfounded attempt to delay valid foreclosure proceeding and a stay will eliminate
2 unnecessary fees and costs for all parties. Guerra did not file an opposition. Chase and MERS did
3 file a notice of non-opposition.

**DISCUSSION**

Pursuant to Local Rule 7-2(d) "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." *Abbot v. United Venture Capital, Inc.*, 718 F.Supp. 828, 831 (D. Nev. 1989). The local rules, no less than the federal rules or acts of Congress, have the force of law. *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). While the court has an obligation to construe *pro se* pleadings liberally, *pro se* litigants must follow the same rules of procedures that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citation omitted). Here, the plaintiff did not file an opposition to defendants Chase and MERS motion to stay discovery and has consented to the granting of the motion. *Cf. Yen Hsueh Lai v. Countrywide Home Loans*, 2010 U.S. Dist. LEXIS 58811 (D. Nev.) (granting a motion to dismiss in a foreclosure challenge because the plaintiff failed to file an opposition).

Moreover, after reviewing the pending motion to dismiss, the court finds that the plaintiff is unlikely to prevail on said motion. Staying discovery pending a resolution on a motion to dismiss is appropriate if it appears that the opposing party has no chance of prevailing on the motion to dismiss. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555 (D. Nev. 1997). The stay is limited to the defendants who made the motion. *See White v. American Tobacco Company*, 125 F.R.D. 508 (D. Nev. 1989).

IT IS HEREBY ORDERED that Defendants' Motion to Stay (#41) is **GRANTED**.

DATED this __18th__ day of Augwst, 2010.

ROBERT J. JOHNSTON
United States Magistrate Judge