# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH A. GUERRA,

    Plaintiff,

v.

JUST MORTGAGE, INC., et al.,

    Defendants.

Case No. 2:10-CV-00029-KJD-RJJ

**ORDER**

Currently before the Court is Defendants Chase Home Finance LLC ("Chase") and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") (referred to collectively as "Defendants") Motion to Dismiss (#31), and Motion to Expunge Lis Pendens (#34). Plaintiff, in *propria persona*, filed a Response in Opposition (#38), to which Defendants filed a Reply (#40).

**I. Background**

On March 19, 2008, Plaintiff Joseph A. Guerra ("Guerra") obtained a loan in the amount of $273,000.00 from Defendant Just Mortgage Inc., which was secured by a deed of trust on real property located at 8938 West Katie Avenue, Las Vegas, Nevada.[1] (Compl. ¶ 4, 6–7, 16.) Subsequently, Guerra defaulted on his loan obligations triggering non-judicial foreclosure

---

[1] The Deed of Trust attached to Plaintiff's Amended Complaint lists Just Mortgage Inc. as the Lender, Chicago Title Company as the Trustee, and MERS as the Nominee Beneficiary. (#22 at 34.) An Allonge, attached as Exhibit 2, to Plaintiff's Amended Complaint provides that borrower, Plaintiff, is to pay the principle balance of $273,000.00 to JP Morgan Chase, Bank, N.A. The Document was purportedly created by Just Mortgage, Inc on March 19, 2008 under loan number 0051161415. The Allonge however, does not include a signature.

proceedings. On March 15, 2010, Guerra filed an Amended Complaint against Defendants Just Mortgage Inc., Chase, and MERS wherein it appears that he is alleging: (1) violations of the Truth in Lending Act (TILA), (2) violations of the Real Estate Settlement Procedures Act (RESPA), (3) wrongful foreclosure, (4) fraud, and (5) injunctive relief. Plaintiff alleges that he is entitled to rescission of the Note and Deed of Trust, and that he is entitled to clear title to the subject property. The Amended Complaint avers, *inter alia* that Defendants do not have standing or authority to foreclose on the subject property because they have not produced the original note, and that Defendants defrauded Plaintiff by failing to disclose that the loan would be sold on the secondary market. The Court has heard similar arguments in other cases, and finds that here, as in other cases, Plaintiff's misunderstanding of Nevada's judicial foreclosure statutes infect each of his causes of action.

Defendants' instant Motion seeks that the Court dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and expunge the Lis Pendens recorded on the property. For the reasons stated herein, the Court finds that Defendants' Motion to dismiss should be granted, in part. Because claims remain against Defendant Just Mortgage, Inc., however, the Lis Pendens cannot be expunged at this time.

**II. Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint

must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

    **(1) TILA**

Plaintiff's first claim for relief alleges that Defendant Just Mortgage Inc., breached its obligations under TILA by failing to give Plaintiff certain "mortgage documents . . . after settlement had taken place." (Compl. ¶ 12.) Congress passed TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). To achieve that objective, TILA requires lenders to "disclose clearly and accurately all the material terms of a credit transaction." Palmer v. Champion Mortgage, 465 F.3d 24, 27 (1st Cir. 2006). For "closed-end" credit transactions (such as residential mortgage transactions), a lender must abide by 15 U.S.C. § 1638 and 12 C.F.R. §§ 226.17–226.18, which require lenders to disclose the creditor's identity, the amount financed, applicable finance charges, annual percentage rates, the total sale price, and other

essential information. See 12 C.F.R. § 226.18. Such disclosures must be made "before consummation of the transaction." 12 C.F.R. § 226.17(b).

Here, Defendants Chase and MERS argue that Plaintiff's TILA claims must be dismissed against them, as they did not originate the loan, and thus could not have been obligated to make any disclosures to Plaintiff before the loan was finalized. See 12 C.F.R. § 226.17(b). Plaintiff fails to respond to Defendants' argument, but insists that Defendants produce the "original signed and sealed promissory note". (#38 at 3.)

Specifically, Plaintiff avers that Defendants violated Nevada law by selling interest in the Note, without the actual "Security Instrument", and that the "Mortgage is nothing more than window dressing for the Promissory Note." (#22 at 19.) Contrary to Plaintiff's argument, however, this Court has held that a nominee beneficiary—in this case MERS—does have standing to implement non-judicial foreclosure proceedings under Nevada law. See eg., Croce v. Trinity Mortgage Assur., Case No. 2-08-cv-01612-KJD (D.Nev. Sept. 28, 2009); Elias v. HomeEQ Servicing, No. 08-1836, 2009 WL 481270, at *1 (D.Nev. Feb. 25, 2009); Dunlap v. Mortgage Elec. Registration Sys., Inc., No. 2:08-cv-00918, slip op. at 1 (D.Nev. Jan. 5, 2009) (granting motions to dismiss filed by MERS and ReconTrust because MERS "does have standing and the authority to initiate foreclosure proceedings on the subject property under the language of the Deed of Trust"). Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim under TILA against Defendants Chase and MERS.

**(2) RESPA**

Plaintiff's Amended Complaint also rather vaguely alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), claiming that Defendant Just Mortgage Inc. failed and/or refused to meet RESPA's disclosure requirements" by not providing requisite notice or disclosures relating to his loan. (See #31 at 3.) Plaintiff additionally alleges that Defendants Chase and MERS failed to respond to a "qualified written request" ("QWR") in violation of 12 U.S.C. § 2605. (See #13 at 10–11.)

4

Defendants Chase and MERS argue that Plaintiff's RESPA claims must be denied because Plaintiff has failed to allege that either party was involved in the origination of the subject loan. Additionally, Chase and MERS argue that, to the degree Plaintiff bases his RESPA claim upon his purported QWR to Chase, the claim fails because his letter does not qualify as a QWR under RESPA. Finally, Defendants aver that Plaintiff's RESPA claim must be denied because "there is nothing improper about simply charging a yield spread premium, as alleged in the Amended Complaint. The Court does not agree. Though Plaintiff's response is a far cry from translucent, it does contain sufficient RESPA allegations to defeat dismissal at this stage of the case.

Additionally, Defendants cite no authority for their position that they cannot be held liable as a successor-in-interest on a RESPA claim. To the contrary, federal courts appear to assume that a successor in interest can be held liable for RESPA claims under certain circumstances. See, e.g., Wallace v. Midwest Fin. & Mortgage Serv., Inc., 2010 WL 2835753, *3 n. 4, *10–12 (E.D. Ky. 2010) (denying summary judgment on RESPA claims against a defendant where liability was based on successor-in-interest liability); Rivera v. BAC Home Loans Serv., L.P., 2010 WL 2757041 *1, *4 (N.D. Cal. 2010) (noting, where defendant's RESPA liability in plaintiff's complaint was based on its status as a successor in interest, that damages would have been limited to statutory damages, fees and costs, had plaintiff brought a timely claim); Kee v. Fifth Third Bank, 2009 WL 735048, *3–*11 (D. Utah 2009) (noting the defendant's status as a successor in interest to a loan servicer, and then addressing the substance of the plaintiff's RESPA claim).

Additionally, the Court finds that Plaintiff has sufficiently alleged a violation of RESPA by averring that Defendants reported him to a credit bureau during January 2010. It is also clear that Plaintiff has brought his claim within RESPA's statute of limitations. RESPA claims under U.S.C. §§ 2608 and 2605 are subject to a one-year statute of limitations and a three-year statute of repose, respectively. 12 U.S.C. § 2614. Thus, for violations under § 2605, which the Defendant has alleged here, (see ## 38 at 10–11, 40-1) the applicable statute of limitations is three years. Plaintiff filed his case on January 11, 2010. (See #1 at 1.) As discussed below, Plaintiff also alleges that he made a

qualified written request to Chase in October, 2009, (see #40-1) so he filed his Complaint well-within one year of the purported "occurrence of the violation." 12 U.S.C. § 2614.

Moreover, although Defendants' Reply attacks the validity of Plaintiffs QWR, stating that it fails to articulate any specific payment or accounting dispute apart from those related to the origination of the underlying loan, or seeking information regarding a servicing-related dispute, Plaintiff has not had the opportunity to respond to this allegation. A cursory review of the letter Plaintiff sent to Chase indicates that, although Plaintiff questions the origination of his loan, he also addresses the issue of Defendants' propriety in servicing of the loan, and includes his account number and proper identifying information. See 12 U.S.C. 2605(e)(1)(A); Consumer Solutions Reo, LLC v. Hillerry, 658 F. Supp.2d 1002, 1014 (N.D. Cal. 2009); Kee v. Fifth Third Bank, 2009 WL 735048 (D. Utah March 18, 2009). Accordingly, without further briefing by both parties regarding the QWR, the Court cannot dismiss Plaintiff's RESPA claim.

### (3) Wrongful Foreclosure

"An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.1983). "The material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." Id.

Here, Plaintiff's claim for wrongful foreclosure fails because he cannot allege that he was not in default on his loan obligations when foreclosure proceedings were initiated, or that he made any attempt to cure his default. Accordingly, Plaintiff cannot allege that Defendants breached a condition of the mortgage agreement sufficient to preclude foreclosure proceedings. (See Compl. ¶ 5–6.) Thus, Plaintiff's claim for wrongful foreclosure fails.

6

**(4) Fraud**

Plaintiff's fraud claim appears to be based on three arguments. Plaintiff avers that Defendants failed to disclose that the Note and Deed of Trust would be sold on the secondary market, that Defendants induced Plaintiff to sign the Deed of Trust, and that Defendants provided the loan without physically exchanging any currency. The Court finds each of these arguments untenable. Specifically, Plaintiff's claims against Chase and MERS fail because each of his fraud allegations relates to the origination of the subject loan, which did not involve Chase and MERS.

Plaintiff's fraud claim also fails because it is not pled with the requisite level of particularity. Fraud has a stricter pleading standard under Fed. R. Civ. P. 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG, LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also, Morris v. Bank of Nev., 886 P.2d 454, 456 n. 1 (Nev. 1994).

The Court also finds that Plaintiff has failed to allege any facts that substantiate his claim that he was somehow coerced into signing any of the loan documents, or that his lender had a duty to inform him of the potential securitization of his mortgage note. Accordingly, Plaintiff's fraud claim is dismissed as to Defendants Chase and MERS.

**(5) Preliminary/Permanent Injunction**

Plaintiff's Amended Complaint also brings a claim for injunctive relief. The Court notes that injunctive relief is not a cause of action in itself, but a type of relief which is only available should Plaintiff be able to show a likelihood of success on the merits of his other causes of action.

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies. See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982). In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the

granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction.  See American Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of hardships or public interest tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980).

As discussed above, Plaintiff has failed to demonstrate a likelihood of success on the merits for his underlying claims.[2]  Moreover, he has failed to show the emergent circumstances required to merit injunctive relief, or that the balance of hardships or public interest tips in his favor. Accordingly, the Court finds that Plaintiff's claim seeking injunctive relief also fails as a matter of law.

**(6) Additional Claims**

Plaintiff's Response makes several allegations in addition to those found in his Amended Complaint.  Plaintiff alleges *inter alia* that Defendants violated generally accepted accounting principles, were unjustly enriched through the creation of "new money", acted with negligence, and engaged in fraudulent inducement.  (See #38 at 12–18.)  Moreover, to the degree that Plaintiff alleges he has raised said claims in his Amended Complaint, the Court dismisses said claims pursuant to

---

[2] Although the Court finds that Plaintiff's RESPA claim is sufficient to survive dismissal at this stage, it is also apparent that Plaintiff has failed to demonstrate a likelihood of success on the merits of said claim, or the emergent circumstances required for injunctive relief.

Fed. R. Civ. P. 8, which requires that a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief, and Fed. R. Civ. P. 10 which requires that a party state its claims in numbered paragraphs with "each limited as far as practicable to a single set of circumstances."

At a hearing on February 11, 2010, Magistrate Judge Robert Johnston denied the demands made in Plaintiff's original Complaint (#1) and Motion for Ownership Paper (#2), and ordered that the Plaintiff file an amended complaint on or before March 12, 2010.  As stated above, Plaintiff's Amended Complaint, filed March 15, 2010, is more ordered and legible than his initial filings, yet fails *in toto* to meet the pleading standards set forth in the Federal Rules of Civil Procedure.  For example, the first twelve pages of Plaintiff's Amended Complaint are separately pled in numbered paragraph form, and bring eleven listed claims for relief.  Starting on page twelve however, the Amended Complaint states "Plaintiff further alleges the following:" and launches into eighteen pages of allegations regarding Defendants Chase and MERS, including the rather vague allegations involving the RESPA violations touched on above, and mistaken arguments that a nominee beneficiary does not have standing to initiate foreclosure proceedings in Nevada.  Because the Court construes *pro se* pleadings liberally and has an interest in judicial economy, the Amended Complaint is maintained as pled, and the Court finds Plaintiff's RESPA claim sufficient to survive dismissal at this stage of the case.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that  Defendants Chase Home Finance LLC, and Mortgage Electronic Registrations Systems, Inc.'s Motion to Dismiss (#31) is **GRANTED** in part and **DENIED** in part, as set forth above.  Plaintiff's RESPA claim remains against Defendants Chase and MERS.  All other claims against Defendants Chase and MERS are dismissed, with prejudice.

1   **IT IS FURTHER ORDERED** that Defendants Chase Home Finance LLC, and Mortgage Electronic Registrations Systems, Inc.'s Motion to Expunge Lis Pendens (#34), is **DENIED**.[3]

DATED this 22nd day of November 2010.

                                                             _____
                                                             Kent J. Dawson
                                                             United States District Judge

---

[3] While Plaintiff's remaining RESPA claim against Chase and MERS is insufficient to maintain the Lis Pendens on the subject property because RESPA provides only a damages remedy, see 12 U.S.C. § 2605(f), the Court cannot expunge the Lis Pendens because Just Mortgage remains as a Defendant in the case. The Court docket reflects that Just Mortgage Inc., was served with a copy of the Summons and Amended Complaint on March 29, 2010. (See #30.) To date however, Just Mortgage has failed to file any responsive pleadings.