1   Joseph A. Guerra
    8938 W. Katie Ave.
2   Las Vegas, NV 89147
    Tel:702-243-3427
3   Plaintiff In Pro Per

4              **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7   JOSEPH A. GUERRA,                  )  Case No.:**2:10-cv-00029-KJD-RJJ**
                                        )
8          Plaintiff,                   )  **OBJECTION TO MAGISTRATE**
                                        )  **JUDGE'S ORDER SCHEDULING A**
9      vs.                              )  **SETTLEMENT CONFERENCE**
                                        )
10  JUST MORTGAGE INC.; CHASE HOME      )
    FINANCE LLC; MERS and DOES 1 –      )
11  10,                                 )
                                        )
12         Defendants.                  )
                                        )
13  ─────────────────────────────────

14       Pursuant to the Federal Rules of Civil Procedure 72(a) and

15  Local Rule 6.4.A., Plaintiff objects to the Magistrate Judge's

16  Order (Doc.No.87) "Scheduling A Settlement Conference" which was

17  filed on May 23, 2012.

18

19

20                          **Background**

21       In his First Amended Complaint (Doc.22), the Plaintiff

22  alleged the following causes of action against Defendants Chase

23  and MERS: Count I Real Estate Settlement Procedures Act

24  Violations (RESPA); Count II Fair Debt Collection Pratices Act

25  Violations; Count III Fraud; Count IV Negligence and Count V

26  Injunctive and Declaratory Relief. And on November 22, 2010 this

27

28

                                    1

Court issued an Order by Judge Dawson that Plaintiff's RESPA claim remains against Defendants Chase and MERS. All other claims against Defendants Chase and MERS are dismissed, with prejudice.

On 07/07/2011 (DOC.63) "Motion for Summary Judgement" was submitted by Defendants Chase and MERS.

On 09/07/2011 (Doc.75) an Order was issued by Magistrate Judge Johnston to deny Plaintiff's "Motion to Compel" for Chase to Answer QWR and VDL and the Production of Documents (DOC.68).

On 10/05/2011 (DOC.80) "Motion for Summary Judgment" or in the "Alternative for Summary Adjudication of Claims" was submitted by Just Mortgage, Inc.

## **Analysis of Facts**

**A.** The Plaintiff has presented many factual issues regarding Defendants Violations of Law, therefore, this Court must deny their "Motions for Summary Judgements". See Adickes v. S.H. Kress and Co., 398 U.S. 144, 157(1979). Despite Defendant, Chase's "Motion for Mandatory Settlement Conference", this Court must be minful in the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Plaintiff believes there is

**NO** dispute as to any material facts and only that the question of law remains. Therefore, a "Mediation" will be much more appropriate to settle this case.

**B.** Federal Rule of Civil Procedure 56(f) allows Courts to defer rulings until all parties have been able to conduct all necessary Discovery. At a minimum, the Magistrate Judge should have allowed Plaintiff an opportunity to receive from Defendants Chase and Just Mortgage, Inc. Answers to Plaintiff's "Demand Letters" requesting for a "Mediation Settlement"(See **Exhibit A** and **Exhibit B**). Thus, the Magistrate Judge erred when he entered an Order for a "Settlement Conference" without first consulting with Plaintiff and Defendant, Just Mortgage, Inc. whether we would agree or not to a "Settlement Conference" conducted by the Magistrate Judge because the Palintiff feels that Chase's attorney, Ms. Weber would gain a favoritism advantage with the Magistrate Judge. And, where I will feel that I have a right to a fair and impartial Judge.

It is important for me to know what the Defendants may discuss at the Conference beforehand so that I'll be prepared to advocate on their issues and where I would not be at a severe procedural disadvantage, or even that it will cost my all important rights during the "Settlement Conference" negotiations. Since I can't articulate the legal laws like the

opposition attorneys and where the Magistrate Judge always used his superior legal knowledge to control my Answers to his questions before.

As I remember during a telephone conversation in May 2011 with attorney, Ms. Weber for Chase and MERS regarding Discovery Procedure, she asked me if I would like to settle without a Trial and that Chase would offer a Short Sale or Foreclosure resolution since the RESPA Violations would only result in an Order for a small settlement fees by the Court to the Plaintiff. I responded to her by saying, definitely **NO** because the loan was **paid in FULL** by me, the Plaintiff. Let it be known, that if attorney, Ms. Weber has the intention to bring the same offers from Chase, there is **NO** sense to even bring up any kind of Settlement at all.

**C.** Effective 10/01/2011, Nevada State Supreme Court ruled that Lenders must show that they have Legal Standing to foreclose or to conduct a "Mediation" with the Borrower/Homeowner (**Chase does not**). **Legal Standing** as the State Supreme Court ruled means that the Lenders **must be** in possession of the **Original Note** (which Chase hasn't proved during Discovery) and if the Note was assigned there must be a proper assignment of beneficiary of interest and must be duly recorded and notification made to all parties, especially to the

Borrower/Homeowner (which was not done). **If not,** Lenders then have **NO Legal Standing** to Foreclose or to conduct a Mediation. So far Defendant Chase has relied on the Robor Signing Allonge to demonstrate their **Standing.**

Also, under an Amendment to the TILA, creditors making certain high-fee Loans (such as Plaintiff's Interest Only fixed-rate Loan) must provide certain additional disclosures and comply with certain prohibitions required by the Home Ownership and Equity Protection Act ("HOEPA"). Under some circumstances the TILA provides a private right of action against creditors for Disclosure and other Violations. A Consumer may file lawsuits for actual damages and/or Statutory damages, plus costs and reasonable attorney's fees.

Unfortunately, on 09/07/2011 (Doc.75) the Magistrate Judge Ordered and denying the Plaintiff's "Motion To Compel" Defendant Chase to ANSWER the **QWR** and **VDL** and the Production of Documents (Doc.68). The Magistrate Judge made the above decision on Defendant, Chase's sole Motion request and assertions **without** any discussions or analysis (this is what I mean about Plaintiff's right to a fair and impartial Judge).

Under Section 6(e) of RESPA requires a Loan Servicer such as Defendant Chase, that upon receipt of a qualified written request, to take certain actions with respect to Borrower inquiries (See 12 U.S.C. § 2605(e). Such action includes

providing information requested by the Borrower, conducting an

investigation of the Borrower's concerns, providing an

explanation or clarification of the reasons the Servicer

believes the balance account is correct and, if necessary,

making appropriate corrections to the Borrower's account.

Defendant Chase has failed to perform any of the above duties.

Because the **release of details** information in reference to

the CUSIP/REMEC numbers assigned to my March 19, 2008

"Promissory Note" plus the "Trustee Name of the Trust", and its

assigness and/or successors **have been withheld** from the

Plaintiff from Chase under the **guise** of a **Secrecy Act** which

Defendant Chase informed Plaintiff, **after I submitted numerous**

**requests** to Chase including the **Exhibit C** attached to this

motion. Furthermore, the release of the above information could

provide an insight of a paper trail of the Plaintiff Promissory

Note's real Owners.

As a result, the Plaintiff had a very difficult time to

obtain a correct legal Detailed Securitization Audit Report

during the past six (6) months. So, the Plaintiff had no other

choice but to apply for help from the Federal Regulators and

Enforcement Authority Agencies; **Federal Trade Commission;**

**Department of Housing and Urban Development- RESPA and the**

**Interstate Land Sales Division and the Nevada Office of**

**the Attorney General**. Currently, the Plaintiff is awaiting for the **Agencies** findings so that I can purchase an actual legal Securitization Audit Report.

Accordingly, although Plaintiff has already explained his Objections to the Magistrate Judge's Order, Plaintiff believes the District Court Judge Dawson must conduct a de novo review of the Analysis and Law. 28 U.S.C. § 636(b)(1)(c).

**Please Note**: Because a District Court Judge conducting a de novo review of Objections to a Magistrate Judge's recommendations may consider the entire record, the arguments that the Plaintiff sought to raise in his Response should be considered.

## Conclusion

For the foregoing reasons, this Court should sustain Plaintiff's Objections, and Deny Defendant, Chase's "Motion for Mandatory Settlement Conference" and Grant Plaintiff's leave to take additional Discovery and an Extension of time to obtain important documents and information from Defendant, Chase because it is highly important to my case. Plaintiff will then have a better chance and opportunity to present issues in a better light to Defendants in the near future through Mediation to prevent manifest injustice from occurring if we would have a

"Settlement Conference" with the Magistrate Judge now.

Respectfuly submitted,

_____                    June 01, 2012
Joseph A. Guerra, UCC1-308                               Date
Plaintiff in Pro Per

# CERTIFICATE OF MAILING

I certify that I mailed a true copy of the foregoing **OBJECTION TO MAGISTRATE JUDGE'S ORDER SCHEDULING A SETTLEMENT CONFERENCE** was served via. U. S. Mail, postage prepaid (NRS Chapter 19) to the following Defendants Attorneys:

Katie M. Weber
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada  89134

Albert Lum
YEROUSHALMI & ASSOCIATES
9100 Wilshire Boulevard, Suite 610 E
Beverely Hills, CA  90212

On this 1ˢᵗ Day of June  2012

SIGNATURE   Beata Hu, UCC1-308
Tel:  (702)-487-1488

# EXHIBIT A

English        Customer Service        USPS Mobile                                    Register / Sign In



Search USPS.com or Track Packages

Quick Tools          Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| RB941780359US | First-Class Mail | Delivered | December 06, 2011, 12:14 pm | LAS VEGAS, NV 89134 | Expected Delivery By: December 6, 2011 Registered Mail |
| | | Arrival at Unit | December 06, 2011, 8:44 am | LAS VEGAS, NV 89134 | |
| | | Processed through Sort Facility | December 06, 2011, 1:38 am | LAS VEGAS, NV 89199 | |
| | | Acceptance | December 05, 2011, 10:39 am | LAS VEGAS, NV 89146 | |

### Check on Another Item

What's your label (or receipt) number?

**LEGAL**

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**OTHER USPS SITES**

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.

**ON USPS.COM**

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

ON ABOUT.USPS.COM

PS Form 3806, Receipt for Registered Mail
May 2007 (7530-02-000-9051)
For domestic delivery information, visit our website at www.usps.com®

Copy 1 - Customer
(See Information on Reverse)

To Be Completed By Customer
(Please Print)
All Entries Must Be in Ballpoint or Typed

TO          FROM

Katie M. Weber, Esq.
Smith Larsen & Wixom
1935 Village Center Circle
Las Vegas, NV 89134

3946 Joseph A. Guerra
P.O. Box 80981
Las Vegas, NV 89180

OFFICIAL USE

To Be Completed By Post Office

Registered No. RB941780359US

Date Stamp

Customer Must Declare Full Value $ $0.00

Reg. Fee $10.7

Handling Charge $0.00

Postage $0.67

Received by

Return Receipt $0.00

Restricted Delivery $0.00

Received by

Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

# DEMAND LETTER

Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
702-243-3427
Plaintiff In Pro Per

Via Facsimile/First Class U.S. Mail/Registered Mail

December 04, 2011

Ms. Katie Weber, Esq.
Smith Larsen & Wixom
1935 Village Center Circle
Las Vegas, NV 89134

Re:Case No.:2:10-cv-00029-KJD-RJJ

Dear Ms. Weber:

This letter is in reference to my demand that I would like to Settle the above lawsuit through Mediation.

First I would like to show detail information regarding RESPA, Section 6 which Chase has violated according to the Judge's Order because during December 2009, Chase provided detrimental credit information to a credit reporting agency about Plaintiff which Chase violated RESPA (12 U.S.C.§ 2605), specifically involving Section 6 which provides certain rights related to the Servicing of Mortgage Loans and the administration of escrow accounts. Under subdivision (e) , Congress has imposed a duty upon loan servicers to respond to inquiries from borrowers. Specifically, it is provided that:

If any servicer of a federally related Mortgage Loan receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays and Sundays) unless the action requested is taken within such period. (12 U.S.C.§ 2605 [e][1][A]).

In addition, certain actions are required to be taken by the servicer, including the investigation of the matter raised by the borrower, and where appropriate, the correction of information as to the borrower's account (12 U.S.C.§ 2605 [e][2]). Moreover, as a further protection to the borrower, for a period of 60 days during which the servicer is to take the aforesaid actions, it is barred from providing "information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request,

1 of 4

to any consumer reporting agency (12 U.S.C. 2605 [e][3]).

Section 6 also provides for relief in the event that the servicer fails to comply with requirements of the statute. Thus, any servicer who fails to comply with any provision of Section 6 is liable to the borrower for each such failure in amounts determined based upon whether an action is commenced by an individual borrower or a class of borrowers. An individual borrower may recover an "amount equal to the sum of _ _ (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirement of this Section, in an amount not to exceed $1,000" (12 U.S.C. §2605 [f][1]). In addition, a borrower may recover "the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances" (12 U.S.C.§ 2605 [f][3]).

Furthermore, to the above RESPA claim, Plaintiff can assert State Common Law Claim based upon allegations that Chase improperly reported adverse credit information concerning Plaintiff to a credit reporting service. Because of this Common Law Claim, it can provide grounds for recovery of damages independent of a finding of a RESPA violation.

Also, since the assignment of my March 19, 2011 Note to Chase was ineffective for the reason stated below; an endorsement plus delivery would need to be legally obtained and not back-dated, forged or fabricated as I have seen in this case. I have discovered that this so called Assistant Vice President, Sitha Hel who signed the endorsement on the Allonge never existed (no such person ever worked at Just Mortgage, Inc.). Additionally, for there to be a valid assignment for purposes of having rights of a legal Holder in due course, both the Note and the Deed of Trust **must** be assigned at the **same time**. A Mortgage Loan consists of a Promissory Note and a Security Instrument, typically a Mortgage or Deed of Trust.

The fact of the matter is, when the Note is **split** from the Deed of Trust, "the Note becomes, as a practical matter, **unsecured**". In re Joshua & Stephanie Mitchell, U.S. Bankruptcy Case # 07-16226 citing Restatement (Third) of Property (Mortgages) 5.4 cmt. A (1977).

A person holding **only** a Note lacks the power to foreclose because it lacks the security, and a person holding only a Deed of Trust suffers no default because only the Holder of the Note is entitled to payment on it ((See Restatement (Third)(Supra)). "Where the Mortgages has 'transferred' only the Mortgage , the transaction is a nullity and his 'assignee', having received no interest in the underlying debt or obligation and has a worthless piece of paper".(4 Richard R. Purell, Powell on Real Property, 37.27 [2](2000).

During the past two (2) years, Chase has not provided documentary proof that they are

2 of 4

the legal Holder or beneficiary of my Promissory Note or that the Original Note even exists today.

Again, the fact of the matter is, Chase is not and cannot be the "Lender" nor the "Holder" in due course and, where Chase has made fraudulent statements to induce the Court to accept jurisdiction, and; even though Chase does not have the capacity or standing to maintain suit. Although the Court has not openly acknowledged that the Plaintiff uncovered and brought to light that Chase is not my Note Holder in due course. But that it was actually a forgery by Chase and not merely drafting errors by Just Mortgage, Inc. because there is no Promissory Note or other evidence that exists which could ever make the Plaintiff indebted to Chase in anyway shape or form. Chase is only the Servicer of my Mortgage Loan.

If Chase doesn't have the right to foreclose based on the above Statement, it doesn't have the right to demand payment from Plaintiff either. According to UCC3-501, it requires a Servicer to show authority to make a demand for payment, if it does not own the Note, but is merely servicing it. In the event a noteholder or servicer will not exhibit the Original Note or perform other legal requirements when requested to do so by the borrower, this UCC section allows the borrower to discontinue payments WITHOUT DISHONOR until such time as the noteholder in due course or servicer complies with all laws or contract provisions.

Lastly, MERS is the sole beneficiary of my Deed of Trust. The Arkansas Supreme Court has ruled that MERS was not the beneficiary of a Deed of Trust (with language verbatim to mine) despite what the Deed of Trust said, because MERS has no interest in the Note payments or in the corpus of the trust (homeowner's obligation to pay). No beneficiary means my Deed of Trust is fatally flawed.

Chase also has never had any right to collect on my Note or enforce my Mortgage, nor has it had a right to hold, enforce or collect upon of my Note it has never recorded and Chase has no first hand knowledge of my Mortgage, no authority to testify or file affidavits as to the validity of the Loan Documents or the existence of the Loan. Particularly, my Loan Documents have been improperly, unfairly or unlawfully conducted or is tainted by fraud. There is definitely a mistake which allowed Chase having standing to request payments from Plaintiff – unless there is a Legal Chain of Title and because MERS tracking system is not a Legal Chain of Title. Although Plaintiff had made payment in the amount of $299,000 during January 2011 to Chase Home Finance LLC which was suppose have been payed in full to my Legal Holder of my Note in due course through Chase. I can certify that my Mortgage and the Debt secured by my Mortgage Loan have been paid in full and satisfied.

As a result of the above facts and evidences, Plaintiff demands the following information to be verified through Mediation and eventually having my Promissory Note dated 03/19/2008 rescinded pursuant to 15 U.S.C.§ 1635(i):

**A.** Who is my creditor and how do I get a full accounting From The Creditor?

**B.** I want to be able to approach the Creditor to Validate if Chase Home Finance LLC had remitted the $299,000.00 which Plaintiff had paid on 01/21/2011 by Check #3698 (**See Exhibit 1**). The Plaintiff has a Federal Statutory right (RESPA) to know the name of the person, a telephone number and an address of the Real Creditor who I had paid off the entire loan via the Servicer, Chase Home Finance LLC on 01/21/2011.

**C.** I am disputing the validity of Chase's lawful ownership, funding, entitlement right and the current debt Chase allegedly says that I owe. And, by "debt", I am referring to the principal balance Chase claims I owe; the calculated escrow payment, and any fees claimed to be owed by Chase or any trust or entity Chase may service or subservice for.

This is my good faith attempt to resolve this matter as part of a positive process of compromise to end this case via Mediation - the fruitful potential of open-minded discussion is what I would like to offer to Chase where a meaningful agreement can be reached. You have thirty (30) days from the date of this Demand Letter to respond.

Sincerely,

Joseph A. Guerra, UCC1-308

*Exhibit

4 of 4

# EXHIBIT  1


**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7009 2820 0001 8842 0652
Expected Delivery Date: January 24, 2011
Class: **Priority Mail**®
Service(s): **Certified Mail**™
          **Return Receipt**
Status: **Delivered**

Your item was delivered at 9:57 am on January 24, 2011 in COLUMBUS, OH 43224.

Detailed Results:

- **Delivered**, January 24, 2011, 9:57 am, COLUMBUS, OH 43224
- Arrival at Unit, January 24, 2011, 9:33 am, COLUMBUS, OH 43224
- Acceptance, January 22, 2011, 12:13 pm, LAS VEGAS, NV 89146

**Notification Options**

**Track & Confirm by email**

Get current event information or updates for your item sent to you or oth

Track & Confirm
Enter Label/Receipt Number.

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Poli

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

7009 2820 0001 8842 0652

---

SENDER:

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
x Joe Cowans      ☐ Agent
                  ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

*Chase Home Finance LLC*
*Attn: Department G-8 DPP*
*3415 Vision Drive*
*Columbus, OH 43219-6009*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7009-2820-0001-8842-0652

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# AFFIDAVIT

To:   CHASE HOME FINANCE, LLC
    ATTN: DEPARTMENT G-8DPP                                      01/21/2011
    3415 VISION DRIVE
    COLUMBUS, OH 43219-6009

From:  JOSEPH A. GUERRA
    8938 W. KATIE AVE
    LAS VEGAS, NV 89147

Re: "Loan"# 1880539539

Dear Provident Funding, please send satisfaction of mortgage for "loan"# 1880539539. I have discovered the truth about the "loan" and have a potential lawsuit waiting to be brought before a jury, but I'd rather save both of us time and value. Let me point out the fraud. All Documents having been originated from this contract are null and void including the Deed of Trust per the Violations of Non-disclosure laws.

1. According to TILA and RESPA laws it is required to give full disclosure.
2. Your Bank took my "Loan" Application/ Promissory Note and created a Security Instrument out of it without my knowledge.
3. Your Bank did not tell me, I was the one creating the monies via "money of account" ie money created out of thin air.
4. Your bank did not disclose to me that they would be printing a CUSIP # on the Promissory Note and Deed of Trust and creating a Mortgage backed Security And Monetizing it 10x without any consideration to me.
5. 'Money of exchange' cannot be substituted for 'money of account' since one is gold backed and the other is debt notes. HJR 192 June 5th states this clearly.
6. Legal tender does not equal Lawful money as tender can be in any form accepted by the govt. See UCC 1-201(24)
7. Gold Backed money is Lawful Money. Legal Tender is what my loan was created by, ie 'money of account'. It is a balance book adjustment.
8. The 'Fedwire recap' system report revealed where the transfer of this "loans" mortgage funds were pulled out of My own asset account from the Federal Reserve Banking System through a sweeping account and wired to the Originating Bank. CUSIP# being Identified by the OBI # on 'Fedwire recap'
9. Bank of America Committed Fraud and the Contract is null and void and was signed under violation of TILA and RESPA laws of non-disclosure.
10. The U.S. Monies you call for are 'Monies of account not Monies of Exchange.
11. I AM enclosing a Instrument to Setoff, Settle and Close the Account via Balance Book Adjustment per Public Law 73-10 and HJR 192 June 5th 1933
12. Please Send Satisfaction of Mortgage to above address.

Thank You.  _Joseph A. Guerra_
                                Joseph A Guerra : Authorized Representative

3698

NON-CASH ITEM

From: STEPHEN ANDREW EASTERLY, Drawer
55 WATER STREET
NEW YORK, NY 10041
In Good Faith/Ordinary Care

Date: 01/21/2011

$299,000.00

Pay to: CHASE HOME FINANCE, LLC

Order Amount: TWO HUNDRED NINETY-NINE THOUSAND AND 00/100 DOLLARS

Federal Reserve Bank Cleveland
P.O. BOX 6387
Cleveland, OH 44101
OBI: JOSEPH A. GUERRA, 8938 W. KATIE AVE. LAS VEGAS, NV
MONEY OF ACCOUNT CHASE
Discharge, Setoff, Settle AND CLOSE CHASE.
SANDRA PINALTO d.b.a. CEO-FRBC/ FIDUCIARY/ Ref. Cert. Mail

Stephen Andrew Easterly - Maker
Authorized Signature

⑊003698⑊ ⑊041000114⑊ 04 5804 7956⑊

Chase Home Finance LLC (OH4-7349)
3415 Vision Drive
Columbus OH 43219-6009


CHASE ◯

┌─────────────────────┐
│      **Payoff**     │
│  **Quote Generated**│
│     **8:51:13**     │
└─────────────────────┘

Friday, November 19, 2010

JOSEPH GUERRA

8938 W KATIE AVE
LAS VEGAS,NV 89147

**Payoff Quote**
Account:                                    1880539539
Property Address:                   8938 W KATIE AVE
                                    LAS VEGAS,NV 89147

Dear Mortgagor(s):

Chase Home Finance LLC is writing in response to your request for a payoff quote on the above-referenced account.
The total amount due to pay off this Loan is $296,616.01, which is good through  12-05-10.
Below is an itemization of this amount:

| Payoff Quote | | | |
|---|---|---|---|
| Unpaid Principal Balance | | | $273,000.00 |
| Deferred Principal Balance | | | $0.00 |
| Interest Per Diem | | | $46.75 |
| Interest Due From | 10/1/09 | | $20,139.91 |
| Pro Rata MIP/PMI | | | $0.00 |
| Escrow Advance Balance | | | $1,942.65 |
| Restricted Escrow Balance | | | $0.00 |
| Buydown Subsidy/Replacement Reserve Balance | | | $0.00 |
| HUD Subsidy Balance | | | $0.00 |
| CR Life / Original Fee Rebate | | | $0.00 |
| Prepayment Penalty | | | $0.00 |
| Late Charges | | | $924.17 |
| Monthly Late Charge Amount | $71.09 | | |
| NSF | | | $0.00 |
| Other Fees* | | | $0.00 |
| Recording Fee | | | $15.00 |
| Demand Fee | | | $0.00 |
| Unapplied (Credits) | | | $0.00 |
| Corporate Advances* | | | $0.00 |
| Subtotal | | | $296,021.73 |
| **Estimated Costs through** | **12/05/10** | | |
| Estimated Appraisals/BPOs | | | $0.00 |
| Estimated Property Inspections/Preservation | | | $0.00 |
| Estimated Escrow Advances | | | $594.28 |
| Estimated Outstanding Attorney Fees | | | $0.00 |
| Estimated Outstanding Attorney Costs | | | $0.00 |
| **Total Estimated Amounts** | | | **$594.28** |
| **Total Payoff Amount Good through** | **12/05/10** | | |
| **Total Payoff Amount** | | | **296,616.01** |

*For more detail regarding what is included in these expenses, please contact us at (800) 548-7912.



# EXHIBIT B

  **USPS.COM**                                        Search USPS.com or Track Packages

Quick Tools            Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

GET EMAIL UPDATES      PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70092250000381316377 | First-Class Mail | Delivered | November 21, 2011, 1:34 pm | BEVERLY HILLS, CA 90212 | Expected Delivery By: November 21, 2011 Certified Mail Return Receipt |
| | | Processed through USPS Sort Facility | November 21, 2011, 2:22 am | LOS ANGELES, CA 90052 | |
| | | Acceptance | November 19, 2011, 12:01 am | LAS VEGAS, NV 89146 | |

**Check on Another Item**

What's your label (or receipt) number?

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM |
|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › |
| | Site Index › | Careers › |

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2011 USPS. All Rights Reserved.



# **DEMAND LETTER**

Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
702-243-3427
Plaintiff In Pro Per

Via First Class U.S. Mail/Certified Mail/Return Receipt

November 18, 2011

Albert Lum, Esq.
Yeroushalmi and Associates
9100 Wilshire Blvd., Suite 610E
Beverly Hills, CA 90212

Re:Case No.:2:10-cv-00029-KJD-RJJ

Dear Mr. Lum:

    I am writing in regards to a potential Settlement through Mediation between Plaintiff, Joseph A. Guerra and Defendant, Just Mortgage, Inc. of the above Court Case.

    First of all I would like to bring up facts through my in depth research which I have discovered through an Audit Report associated with my Mortgage Loan with JMI. In any event, if my Mortgage Loan was recorded in the name of MERS is at most, an unsecured debt. The only parties entitled to collect on the unsecured debt would be the Holders in due course and **beneficial owners** of the **Original Promissory Note**.

    Furthermore, there was no endorsement of of my Note recorded. The likely description of my Mortgage Loan and Note are as follows:

   **1.** Assignments: It is custom and practice in the Securitization of loans for the parties to be governed by documents expected that created the securitization structure under which loans would be offered. The significance of this has consistently been that actual assignments or endorsements of loans are in most cases **never** executed, like a copy printed on a dot matrix color printer.

   **2.** Since assignment does not ordinarily take place without endorsement and delivery of the Original Note and since such assignments are not formally executed in any fashion without litigation. It is reasonable to assume that the legal owner of the loan is the loan originator if that is true and the loan originator has been fully satisfied then the legal obligation has been satisfied by payment in full from some third party who thinks they

"bought" the loan. Without an existing obligation, the Note, which is evidence of the obligation, is due back to the borrower and should not be assigned.

   **3**  With the obligation satisfied in full, the security instrument has no legal effect as an encumbrance on the property. There still could be equitable claims for damages or liens from the real parties in interest (investors), but they would have to file a lawsuit, plead and prove their case.

   **4.** Thus the borrower in this scenario is contending the ORIGINAL obligation has been satisfied, the Note and Mortgage have been extinguished, but that an investor COULD establish a claim if they could plead and prove it. If they don't choose to do so, that doesn't give any third party (such as the servicer – Chase) the right to claim their rights on the house on a satisfied obligation, and an extinguished Note and Mortgage.

   In any event, it is a question of fact that needs to be resolved by either stipulation or proof in documents. The usual practice in the industry was to <u>sell the MBS certificate to investors first and then later offer loans</u> the investors and lender were all known but not disclosed at the time of closing. In fact, proper title instruments would simply have named the investors as beneficiaries and as payees under the closing documents with the borrower, if the transaction were meant to be straight-forward. Although, the apparent "Trustee" does show in the title records, I doubt that the assignment COULD be accepted because it VIOLATES the terms of the Pooling and Service Agreement cutoff date and because the Loan was <u>claimed</u> as <u>non-performing at the time of the assignment</u>.

   **5.** MERS was used as a nominee in my Mortgage Loan. This conduct is being hotly contested across the country recently. The use of a nominee deprives me of the knowledge of the identity of my creditor which puts me immediately in the position of not knowing the identity of a party who could execute a release, reconveyance or satisfaction of the Mortgage or Note. In virtually all cases, it has been my opinion that the use of a nominee instead of naming the real beneficiary is admissible proof of a table funded loan, and the equivalent of not naming a beneficiary at all. In addition, the naming of MERS on the Deed of Trust while naming another party on the Note as payee, splits the Note and Mortgagee thus creating an unsecured debt, which might be subject to discharge in a petition for bankruptcy.

   In many cases nowadays, including State Supreme Court decisions, MERS has been found <u>not</u> to be a real party in interest, in part because it specifically declines to assert any such interest in its agreements and marketing to members who use their private database system for recording title and transfers. I also add, above everything else, my Mortgage Loan contract was induced by mistake and by unfair practices. The terms of the contract are otherwise unconscionable and it is by no means necessary for the Plaintiff to prove that it is invalid; it has been the recognized duty of the Federal Court or State Court to exercise a discretion, to refuse their aid in the enforcement of unfair oppressive, or iniquitous contracts. Particularly, if there are omissions and mistakes in the agreement, or

that it is unconscientious or unreasonable, or that there has been concealment, misrepresentation or any unfairness, are enumerated among the causes which will persuade the court to refuse its aid.

   **6.** The fact that my Mortgage Loan and Note were meant to fund a "MBS" (Mortgage backed Security) was a "Material Disclosure" which was deliberately and intentionally undisclosed in my "Promissory Notes" and my "Deed of Trusts". Failure to disclose the identity of the true lender at closing was also a "Material Disclosure"; the nature of which would make the <u>contract voidable under Nevada Contract Law</u>. My Mortgage Loan transaction would indicate that an "undisclosed yield premium" was not disclosed to Plaintiff in the closing Real Estate Settlement Documents and constitutes violation of the Truth and Lending Laws.

   Based on the above evidence and facts, the Plaintiff hereby DEMANDS that his Deed of Trust recorded with Clark County Recorder's Office as Instrument No.<u>20080402-0000298</u> on 04/02/2008 is wholly voided as to Plaintiff, Joseph A. Guerra. And, Just Mortgage, Inc. must also record a Deed of Reconveyance.

   Finally, I believe a better resolution to this case could come through Mediation, and feel sure that a meaningful agreement can be reached. You have thirty days to respond from the date of this Demand Letter.

Sincerely,

*Joseph A. Guerra*
Joseph A. Guerra, UCC1-308

# EXHIBIT C

**This Exhibit was filed under Doc. 68
& was stricken by Magistrate Judge**

EXHIBIT C

Joseph A. Guerra
8933 W. Katie Avenue
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra, | Case No.:**2:10-cv-00029-KJD-RJJ** |
| Plaintiff, | **Answers To First Set Of Interrogatories By Defendants, JP Morgan Chase Bank, N.A., Successor By Merger With Chase Home Finance, LLC And MERS,Inc. AND Motion To Compel Chase To Answer QWR And VDL And Production of Documents; FRCP 26 And FRCP 34 (RESPA Affidavit 12 U.S.C. 2605)** |
| vs. | |
| Just Mortgage, Inc.; Chase Home Finance, LLC; MERS and Does 1-10 | |
| Defendant. | |

## I Factual Background

**1**. On or about May 03, 2011, Plaintiff received from Ms. Katie Weber, Esq. First Set of Interrogatories and Request for Production of Documents to Plaintiff by Defendant, Chase.

**2**. Plaintiff, on May 06, 2011 sent Request for Answering QWR and VDL to Defendant, Chase to Ms. Katie Weber, Esq. (See Exhibit X)

**3**. On or about the end of May 2011, Plaintiff received a telephone call from Ms. Weber. And, advised me that I need to make a decision on what I want out of this lawsuit because Chase only violate RESPA and that I'll get very little money out of it and that I should choose a Short Sale, Foreclosure or through Settlement. I told Ms. Weber instead of wasting the Court and

everybody's time, I want a Mediation. Ms. Weber then told me she

has to consult with Chase first.

**4**. On June 03, 2011 Ms. Weber sent a letetr to Plaintiff. And,

on June 17, 2011 Plaintiff answered Ms. Weber's letter. (See

Exhibit (XI)

**5**. The Plaintiff has been waiting for Ms. Weber to answer his

letter of June 17, 2011 to obtain a good faith attempt to

resolve this matter thru Mediation.

**6**. On July 07, 2011 Ms. Weber called Plaintiff and told him that

your Answer to Defendants Interrogatories is passed due and she

is going to file a Motion To Compel me to Answer the

Interrogatories . I told her, fine.


## II Argument

Defendant, Chase Should Be Compelled to Respond to Plaintiff's

RESPA Discovery Request and Production of Documents. The reasons

are as follows:

**1**(a). Under the Truth in Lending Act pursuant to 15 USC  1601-

1667; (full disclosure). I have a right to know **who** the **true**

**party of interest in this transaction is**. As such, I am asking

Chase to stipulate whether they are the Holder in due course for

my Interest Only Note dated March 19, 2008. If they **are not** the

Holder, then they would have to **admit** to being the **Servicer** of

this obligation.

2

(b). Chase can stipulate for the record whether or not my loan

has been securitized, and if so, need the name of the

REMIC/Trust my loan is bundled with.

**2**. Pursuant of U.C.C. – Article 3-  3-501(b)2(1), I am entitled

to demand the presentation of the negotiable instrument. That

demand is hereby Ordered. I demand through this Honorable Court

an Order to Chase to present for my visual inspection **My**

**Original Wet Ink Signature Promissory Note** together with the

**Original Wet Ink Deed of Trust** where it was **recorded in Clark**

**County with Chase's name on them**. This is required to establish

Chase's right of enforcement as Holder in Due Course via a chain

of assignment as evidenced by the Note. Claiming to be "the

Holder in Due Course" as a statement or a fake Allonge is

insufficient proof of status and is/will be rejected. A

photocopy of the documents is insufficient proof as it **does not**

**answer** the question, **who CURRENTLY is the rightful and lawful**

**Holder in Due Course**?

**3**. Under Title 12  226.39 (regulation Z) part(a), a Servicer

**does not** have the rights of a Holder in Due Course and

therefore, **do not** have the right to foreclose, otherwise, it

will be construed as prima facia evidence that Chase in fact

committed Fraud.

**4**. Furthermore, TITLE VIII DEBT COLLECTION PRACTICES [Fair Debt

Collection Practices Act] 803. Definitions [15 USC 1692a]

Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, Sept 2004. and under FDCPA Section 809. Validation of debts [15 USC 1692g](b), the named Defendant **did not** notify alleged debtor, though his obligation is to do so under the above cited Law. Therefore, the Plaintiff then did not have probability to follow the Fedral Law. Federal Law takes precedence when it conflicts with state law. "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the verified debt of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

So, if a creditor can't verify a debt: They are not allowed to collect the debt, They are not allowed to contact me about the debt, and They are also **not allowed to report it** under the Fair Credit Reporting Act (FCRA).

Doing so is a violation of the FCRA, and the FDCPA states that you can sue for $1,000.00 in damages for any violation of the Act.

4

**5**. Since the debt instrument **was not** endorsed officially to Chase and **held by whoever** has it right then, is meaningless as to the **standing** of this case unless Chase can show the asset trust by **Answering my "QWR" and "VDL"** and produce the **"Original"** true documents, where it shows who is the actual party in interest they are acting for, holds assignment of the Note and the Deed of Trust so that they would be Holders of it for them. But as I pointed out before, nothing has been provided showing **Chase** has been officially granted assignment or is the legal Holder of the Note and Deed of Trust.

**6**. Additionally, even if Chase could show the evidence, I found **NO** filings for this **Asset Trust** with the SEC as may be required by law. Merrill Lynch finds **NO** prospectus for this entity to exist to this investing public raising serious questions as to the legal existence of this alleged claimant if someone could prove they do hold my debt instruments. Chase **cann't** act for a phantom party in interest that **does not legally exist** to hold assignment of my debt instruments.(See below for further evidence.)

   "(1*) "The Appellate Division, First Department citing Kluge V Fugazy in Katz V East – Ville Realty Co. (249 AD2d 243[1d Dept 1998]), instructed that "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest was without foundation in law or fact." Last December (2009), the Appellate Division, Second Department, instructed that "[w]here a mortgage is represented by a Bond or other instrument , an assignment of the mortgage without assignment of the underlying Note or Bond is a **nullity** (see Merritt V Bartholick, 36 NY 44,45 [1867]; Kluge V Fugary, 145 AD2d 537,

5

538." (U.S. Bank, N. A. V Collymore, 68 AD3d 752, 754 [2d Dept 2009]).

79 U.C.C.  3-202 (1987) is generally understood to make the right of enforcement of a negotiable Promissory Note transferrable only be delivery of the instrument itself. Hence, it would appear that an assignment of the Deed of Trust without delivery of the negotiable Note **cannot transfer the right to enforce the Note**."

**7**. Ms. Weber, Chase's counsel, via telephone conversations I've had during May and July 2011 have come to the conclusion that Ms. Weber **does not** have any intension in **Answering my QWR and VDL** or any documents that proves Chase's **STANDING** as the Note Holder. Let it be known, that the Plaintiff is entitled to obtain Discovery from Defendant, Chase relevant to their claims. See Fed. R. Civ. P. 26(b)(1) and see (Exhibit XII) – letter from Just Mortgage, Inc. informing Plaintiff that Chase Manhattan Bank would be the **new Servicer** of my loan dated 4/15/2008 stating **my consumer rights to obtain an Answer for my "QWR" and "VDL"**.

**8**. Nevada State Supreme Court – in that said Court ruled that **lenders must show** that **they have legal standing** to foreclose or conduct a Mediation with borrower/homeowner. This Court sided with the Supreme Court of Massachusetts ruling that lenders must have legal standing to foreclose. Legal standing as both Courts

6

ruled means that the lenders must have possession of the Original "Wet" Note and if the Note is assigned, there must have been a proper assignment of beneficiary interest. **If not, lenders then have no legal standing** to foreclose. Such ruling by both State Supreme Courts, in effect, confirm and validate what I have been saying and including in the Affidavits of Fact that lenders must have legal standing to foreclose. **I say again, Legal standing means that lenders must have possession of the Original "Wet" Note and if the Note is assigned or conveyed to another Lender or Servicer, a proper assignment of beneficiary interests must be duly recorded and notification made to all parties, especially to the borrower/homeowner.**

**9**. Because of the Nevada State Supreme Court ruling, it is imperative that this Court should so ORDER Chase's counsel, Ms. Weber to respond to my "QWR" and "VDL" and Produce Documents proving Chase's Standing. In addition, Chase's failure to provide any responses to my "QWR" and "VDL" is seriously hampering my ability to complete Discovery in a timely manner within the strict time deadlines. There is no just reason why this Court cannot exercise its power under Rule 37(a)(2) to ORDER Chase to Answer my "QWR" and "VDL" and the request for the Production of Legal Documents, immediately, as in the manner required under the Federal Rules of Civil Procedure.

Furthermore, as a consumer, I should have the same equal rights as the big Bank Institutions.

### Answers To Chase's Interrogatories

Before I begin to "Answer" Chase's Interrogatories, I must emphasize again (as I told Ms. Weber during our last telephone conversation) that I have limited knowledge and documents until I receive "Answers" from Chase in reference to my "QWR" and "VDL".

### Interrogatories

Question 1: Describe with specificity all facts that tend to support , refute, or in any way relate to Your claim for relief, styled as "Count X (Failure to Disclose Extra Loan Origination Fees, in Violation of 12 USC Section 2601,Et.Seq)," on page 11 of Your Amended Complaint.

Answer: Count X was my amended complaint to Just Mortgage, Inc. I have already answered to Albert Lum - Counsel to JMI.

Question 2: Itemize each document You have sent to Chase and received from Chase since October of 2009.

Answer: Plaintiff to Chase:

1. "QWR" and "VDL"

2. Plaintiff Letter to Chase dated 12/28/2009(See Exhibit XIII)

3. Affidavit from Plaintiff plus Check #3698 dated 01/21/2011

payable to Chase Home Finance, LLC in the amount of $299,000.

4. To Tom Jacob, CEO Chase Home Finance, LLC

"CERTIFICATE Of NON-RESPONSE COMMERCIAL AFFIDAVIT"

    .Notice of Fault

    .Offer of Performance

     on January 27, 2011

5. To Tom Jacob, CEO Chase Home Finance, LLC

"CERTIFICATE OF NON-RESPONSE COMMERCIAL AFFIDAVIT"

    .Notice of Fault

    .Offer of Performance

     (2nd Notice - on February 11, 2011)

6. Letter to Chase Home Lending by Plaintiff on July 01, 2011.

   <u>Chase To Plaintiff</u>

1. Chase letter dated 12/22/2009

Stating they received my "QWR" and "VDL"

2. Monthly Loan Statements

3. Letter received from Chase (SC1 - 3050) dated June 09, 2011

including a regular photocopy of "Deed of Trust" and "Note" both dated March 19, 2008.

Question 3. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation, on page 21 of Your Amended Complaint, that "Defendant 2 intentionally reported negative information of the Plaintiff o the Credit Bureau during January 2010 in violation of 15 U.S.C. 1601, 1692 et. Seq."

   Answer: When I received my annual Credit Report in January 2010 from all three Bureaus, I discovered Chase's Report to them and my Score was dropped over 155 points.

Question 4. Identify each person, internet site, or entity
(including all available contact information) You consulted with
in connection with this litigation, including the subject matter
of this litigation.

Answer: 1. http://myforeclosurelaw.com/2009/02/17 how-to-
make- your lender-produce-the-note-in-for

2. http://library.findlaw.com/1999/June/1/129206.html
3.http://www.northwestregisteredagent.com/mediation.html

4. http://cfr.vlex.com/vid/18-21-motion-compel-discovery
-19681332 29cfr18.21-code of federal regulations-
Title 29;1a
5. http://www.millerandzois.com/motion-early-discovery.
html
6. www.4closurefraud.org

Question 5. Describe with specificity all facts that tend to
support, refute, or in any way relate to Your allegation, on
page 21 of Your Amended Complaint, that "Chase Home Finance has
not answered my above dated letter requesting them to give me
the identity of the true owner of my Debt Instrument."

Answer:Refer to my letter dated 12/28/2009(see Exhibit XIII)

Question 6. Identify and itemize all payments You have made on
the Loan from January of 2009 to the present. With respect to
each payment, Your response should include, without limitation.
the date of the payment, amount of the payment, the check
number, the bank and the account number the check is drawn on.

Answer: January 2009 – October 2009 on the first day of each month Chase automaticly withdrawed from my business account in the amount of $1,750.00 monthly.

Question 7. Describe with specificity each and every payment dispute You have related to servicing of the subject Loan.

Answer: None whatsoever, I always paid on the first day of the month.

Question 8. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation, on page 25 of Your Amended Complaint, that "Defendants all have RESPA VIOLATIONS."

Answer: Just Mortgage, Inc. didn't disclose to me that there are two (2) sets of "Deed of Trust" and "Interest only Note" dated March 11, 2008 and March 19, 2008 respectfully exist. One with an Interest Rate @5.75% p.a. per investor and the other with an Interest Rate @6.25% p.a. requested by Chase so they can earn an extra 0.5% p.a. as Servicer.

In addition, Chase has failed to inform me that the real Holder of my Note despite of me writing them to advise the true Owner of my Note. Chase has always pretended that they are the Pretender Lender.

Question 9. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation, on page 25 of Your Amended Complaint, that "Defendants may take the

11

form of duplicate fees for origination and administration, such

as fees paid outside of closing (POC) which often indicate a

deceptive practice knon as yield spread premiums."

Answer: This Complaint was targeted at Just Mortgage, Inc.

Question 10. Itemize and describe with specificity all documents

You have received from any defendant herein that relate in any

way to Your Loan on the subject Property, including, without

limitation, documents related to origination of the Loan, Your

payments on the Loan, foreclosure proceedings related to the

Loan, and any communications to You from any of the defendants,

or from any of the defendants to You, with respect to the Loan.

Answer: There are two (2) sets of "Deed of Trust" and

"Interest Only Note" that exist. One set from Just Mortgage,

Inc., Certified Copy of Original dated March 11, 2008 with an

Interest Rate @ 5.75%. The second set from Chase (SC1-3030) from

their office file, regular copy dated March 19, 2008 with an

Interest Rate @ 6.25% p.a.

The above documets were received by Plaintiff during this

Lawsuit.

At the Closing, Just Mortgage, Inc. sent two (2) Notary Public

that came to my home for a Signature on March 11, 2008 and March

19, 2008 respectfully and the Notary Public handed me a copy of

all documents after Signature. Later on, Just Mortgage, Inc.

told me to destroy all documents dated March 11, 2008, which I did.

Question 11. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation of any failure to make disclosures at the time of origination of the Loan.

Answer: The above was related to Just Mortgage, Inc. which I had already Answered to them.

Question 12. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation that Chase violated the Real Estate Settlement Practices Act ("RESPA"). Your response should specify, among other things, all things You contend that Chase did, or failed to do, that relate to Your RESPA claim.

Answer: This information known or readily obtainable by Plaintiff is insufficient to enable him to Answer this Interrogatory. This answer is no way intended as an admittance of Plaintiff's obligation to this alleged claim.

Question 13. Describe with specificity all facts that tend to support, refute, or in any way relate to Your allegation that MERS violated RESPA. Your response should specify, among other things, all things You contend that MERS did, or failed to do, that relate to Your RESPA claim.

Answer: MERS, claimed as Servicers, Foreclosure Specialty Processors, Trustees, Beneficiaries, originating "Lenders". Fact is, they are all intermediaries, because the Note **is not** payable to MERS. MERS' practice is in violation of numerous Laws. Property Law requires filing sales in the public record. Notes **must** be affixed (permanently) to the Security Instrument – a Mortgage without the Note has been ruled a "**nullity**" by the Supreme Court. Furthermore, MERS's recommended business practice (with the servicer retaining the Note) would make the Mortgage a "**nullity**". Every sale of a Mortgage **must** be endorsed over to the purchaser, and properly **recorded**.

Because the MERS system seperates the Note from the Deed of Trust which is evident since both of my documents name different entities, and assignment of "Deed of Trust" and "Note" were **not recorded** in any of the fifty (50) States of public recording offices.

Question 14. Describe with particularity the damages, claimed by You in this action. For all such damages claimed, please state the amount or range of damages claimed, and describe in specific detail how that amount or range of damages claimed was calculated or determind, including providing a description of the information of the information and documents that were used, referred to, or relied upon in calculating or determining that amount or range of damages.

· 14

Answer: I cannot quantify my mental anguish that I have experienced since I found out that **Chase is only my Servicer, not the actual Lender or Holder of my Note** as I had agreed to sign the second set of "Deed of Trust" and "Note" with a 6.25% p.a. interest.

Also, I had sent a check in the amount of $299,000 paid to Chase Home Finance, LLC on 01/21/2011 for forwarding to the real Creditor **since I don't know who is the true Holder of my Note**.

Question 15. Identify each and every person and each and every entity that has assisted You in preparing or filing any document in this lawsuit.

Answer: I have done all the preparing and filing of all documents in this lawsuit along with my partner B. Hu doing research in the Law Library.

Question 16. Identify each claim for relief that You are asserting against Chase or MERS, and describe with specificity what You believe these Defendants did wrong to justify each such claim for relief.

Answer: Since MERS is no longer in the picture. Chase is only the Servicer of my Loan, which means Chase **has no ownership rights to enforce the Note**. Chase accepted and cashed the $299,000 check I sent and now I want to see and inspect their Accounting Books. As Servicing Agent, Chase may have standing if acting as an Agent for the Holder, assuming that Chase can both

show agency status and that they are the principle as the

Holder. See, e.g., In re Vargas, 2008WL4864986(Banks.C.D. Cal.,

Oct 21, 2008) at 6.

"Federal Courts have only the power authorized by Article III of

the Constitutional standing in order for a federal court to have

jurisdiction". In re Foreclosure Cases, 521 F. Supp. 3d650,

653(S.D. Ohio, 2007), citations omitted.

But, the servicing agent does not have standing, only a person

who is the Holder of the Note has standing to enforce the Note.

See, e.g., In re Hwang, 2008 WL4899273 at 8.

Question 17. Identify each person Plaintiff expects or

reasonably anticipates calling or using as an expert witness at

the trial of this matter, as contemplated by Fed. R. P.

26(a)(2). For each person identified:

   a. State the subject matter on which the expert is expected
to testify, the substance of the facts and opinions to which the
expert is expected to testify, and the grounds for each opinion.

   b. Provide the qualifications of the expert, including the
expert's educational and professional backgrounds.

   c. Identify all reports prepared by the expert and all
documents, materials, data, and information considered by the
expert in forming his or her opinions.

   d. Disclose all cases in which the expert has testified as
an expert witness at trial or by deposition within the preceding
four years.

   Answer: This is privileged information and overly broad and

unduly burdensome. Defendant, Chase is seeking so much information that it would cause too great of a burden to require Plaintiff to provide this information at this present time. This Answer is no way intended as an admittance of Plaintiff's obligation to this alleged claim.

Question 18. Concurrently with these interrogatories, You have been served with a First Set of Requests for Admission. If any response to any request for admission therein is anything other than an unqualified admission, please state all facts that support each such reponse.

Answer: This request is not calculated to lead the discovery of admissible evidence and is over broad and burdensome. Furthermore, the Plaintiff does not have any documents that will satify this request.

This Answer is no way intended as an admittance of Plaintiff's obligation to this alleged claim.


**CONCLUSION**

For all of the above evidence, Plaintiff respectfully requests that this Honorable Court enter an ORDER compelling Defendant, Chase to respond to Plaintiff's Discover requests by Answering Plaintiff's "QWR" and "VDL" and the Production of Documents.

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America, that the foregoing information set forth in Support of Motion To Compel Chase To Answer QWR And VDL And Production of Documents; FRCP 26 And FRCP 34 (RESPA Affidavit 12 U.S.C. 2605) And Answers To First Set Of Interrogatories By Defendants, JP Morgan Chase Bank, N.A., Successor By Merger With Chase Home Finance, LLC And MERS, Inc. are true and correct to the best of my knowledge.

**Respectfully submitted,**

_____          _____
  **Joseph A. Guerra**                                **Date**