FILED RECEIVED ENTERED SERVED ON
2012 AUG 15 A 10: 18

Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:(702)-243-3427
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Joseph A. Guerra,

Plaintiff,

v.

JUST MORTGAGE, INC.; CHASE HOME FINANCE LLC; MERS and DOES 1 - 10,

Defendants.

**Case No.:2:10-cv-00029-KJD-RJJ**

**OBJECTION TO MAGISTRATE JUDGE'S "ORDER" DOC #105**

Comes now Joseph A. Guerra, Plaintiff, to file in this court of record, his OBJECTION TO MAGISRATE JUDGE'S "ORDER" DOC #105 (Exhibit A) pursuant to the following facts and reasons:

## I. STATUTORY AUTHORITY AND FEDERAL RULES OF CIVIL PROCEDURE

**A.** The Federal Rules of Civil Procedure (FRCP) are rules governing civil procedure in United States District (federal) courts, that is, court procedures for civil suits. The FRCP are promulgated by the United States Supreme Court pursuant to the Rules Enabling Act, and then approved by the United States Congress.

**B.** The Federal Rules of Civil Procedure were completely rewritten, effective December 1, 2007, under the leadership of

a committee headed by law professor Bryan A. Garner, for the avowed purpose of making them easier to understand. The style amendments were not intended to make substantive changes in the rules. If this court is using any other rules of civil procedure, please so advise.

**C**. At issue in this case, at least, are two statutory provisions dealing with parameters of a magistrate's authority to resolve certain issues, Fed.R.Civ.P. 73 and 28 U.S. Sec. 636.

**D**. Rule 73. Magistrate Judges: Trial by Consent; Appeal

(a) Trial by Consent

When authorized under 28 U.S.C. § 636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. A record must be made in accordance with 28 U.S.C. § 636(c)(5).

(b) Consent Procedure.

(1) In General.

When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c). To signify their consent, the parties must jointly or separately file a statement consenting to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral.

(2) Reminding the Parties Regarding Consenting.

A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences.

## II. FACTUAL ALLEGATIONS

**1**. Plaintiff was not properly served through Certified Mail or Subponea, **nor did he have consent** to attend the magistrate judge's Order for Settlement Conference on June 29, 2012.

Plaintiff received a "NOTICE TO SHOW CAUSE" from Magistrate Judge Johnston stating that a hearing was scheduled for August 6, 2012 to an Order to SHOW CAUSE before Magistrate Judge Robert J. Johnston where as Plaintiff expected District Court Trial Judge Dawson to preside over this hearing because of its importance of the possibility of sanctions being granted.

**2**. The Plaintiff submitted an **Objection** to Magistrate Judge's Order Scheduling a Settlement Conference on June 1, 2012 to and including a pleading to District Court Judge Dawson to conduct a **de novo** review of my Objection because Plaintiff was in fear of not being treated fairly and having Magistrate Judge Johnston being partial during the Settlement Conference.

**3**. During the Hearing , Magistrate Judge Johnston informed the

Plaintiff that he relied on Fed.R.Civ.P. 16(f) as a guidance under Sanctions to order the Plaintiff pay the Defendants Counsel the full amounts requested for fees and costs contained in their affidavits 98, 99 and 100. Fees and Costs shall be paid by 9/7/2012.

**4**. Rule 16(f) Sanctions are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." See Goforth v. Owens, 766 F.2d 1533, 1535(11th Cir. 1985). The Sanctions granted by Magistrate Judge Johnston was too harsh for the Plaintiff and feel that the Magistrate Judge had abused his discretionary powers (an abuse of discretion occurs without evidentiary support) over and above what is reasonable under Fed.R.Civ.P. 16(f) since the Plaintiff **did not** willfully disobey the court's order to attend the Settlement Conference, but rather merely waiting for Judge Dawson's answer to his Objection Filing on 06/01/2012.( Belk of Spartanburg S.C. Inc. v. Thompson, 337 S.C. 109, 126-27, 522 S.E. 2d 357, 366 (Ct.App.1999) ruling is based on an error of law, when grounded in factual conclusions, is without evidentiary support.) After all, there isn't any Trial Date that was set-up for this case as of today. Magistrate Judge also referred to Rule 37 as another guide line during the Hearing on 8/6/2012 which may render a

Sanction against the disobedient party. See Fed.R.Civ.P. 37(b)(2)(A)(vi). However, in order to impose the Sanction, the district court must make a finding of willful or bad faith failure to comply. See Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542(11th Cir. 1993).

5. **Notwithstanding any provision of law (or rule) to the contrary, subsection 636(c)(1) clearly mandates the consent of all the parties:** "Upon the consent of the parties…" (phrase is repeated twice). **I did not give my consent or signed anything giving my consent.**

**Notwithstanding any provision of law (or rule) to the contrary, subsection 636(c)(2) clearly mandates the consent of all the parties:** "[P]arties…are free to withhold consent without adverse substantive consequences." "Rules of court…shall include procedures to protect the voluntariness of the parties' consent." [emphasis added]. See Miranda v. Arizona, 384 U.S. 436, 491 (1966) (where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them).

**Let it be known, that the Plaintiff NEVER CONSENTED to a United States Magistrate Judge. Plaintiff hereby specifically denies that a proper Consent Form was ever signed, filed or served upon Plaintiff.**

**6**. On 7/02/2012, DOC #93 (Exhibit B) - Minutes of Proceedings, the name of Chase/MERS attorney's name is not on this list, and do not care if Chase/MERS's attorney claims that she was there, I am not responsible for her costs or fees! Furthermore, Plaintiff never received a "Notice Of Appearance" pursuant to NRS 622A.310 to be retained by Just Mortgage, Inc. from attorney M. Stephen Cho from the law firm of Cho, Sheasby Chung & Ignacio, LLP because Mr. Cho is a stranger to me. How come this Court doesn't impose infractions on these incidents? Therefore, it is not reasonable for the Plaintiff to pay for a strangers fees. Anyway, all the works and/or materials that were prepared by the attorneys can be used for the future Settlement Conference or Trial.

**7**. Therefore, Plaintiff hereby files this **Objection** to the Order of the Magistrate Judge to impose Sanctions against him to pay the high attorney fees and costs since Magistrate Judge Johnston **did not** have Plaintiff's **consent** or was served properly to attend the Settlement Conference, and therefore, Magistrate Judge **does not have the authority** under 28 U.S.C.§636(c)(1) to issue **ORDERS**.

**8**. Plaintiff poses this one overriding question to this Court at this time, and that is, by what legal authority does the Magistrate Judge act in issuing the ORDER in question? In other

words, I am asking this Court to identify the Rule and Code of written law which supports the Magistrate Judge's ruling!

## III. CASE PRECEDENCE

**A. WHEN A PARTY FILES TIMELY WRITTEN OBJECTIONS TO A MAGISTRATE JUDGE'S REPORT, THE DISTRICT COURT MUST "MAKE A DE NOVO DETERMINATION OF THOSE PORTIONS OF THE REPORT OR SPECIFIED PROPOSED FINDINGS OR RECOMMENDATIONS TO WHICH OBJECTION IS MADE. "28 U.S.C.§636 (b)(1)(C); see also Summers v. Utah, 927 F.2d 1165, 1167(10th Cir.1991)("De Novo review is statutorily and constitutionally required. . . .").**

**B.** Any party is free to withhold consent to magistrate jurisdiction without adverse consequences. 28 U.S.C. §636(c)(2); Rule 73(b), Fed.R.Civ.P.; Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 913-14(9th Cir. 2003)(pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. § 636(c).

Finally, 28 U.S.C. § 636(c)(4) and Fedeal Rule of Civil Procedure 73(b)(3), authorize the District Judge, for good cause shown, or on the judge's own Motion, or under any extraordinary circumstances shown by any party to **vacate a reference of a civil matter to a magistrate judge**.

**WHEREFORE**, the Plaintiff prays that the District Court review the "ORDER" of the Magistrate Judge and Plaintiff's filings in this case **de novo**, and find all of the judicial notices and objections with merit sufficient to overturn the Magistarte's "ORDER".

Respectfully submitted this 15th day of August 2012

Joseph A. Guerra, UCC1-308
Plaintiff in Pro Per

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2012, I mailed a copy of this **OBJECTION TO MAGISTRATE JUDGE'S "ORDER" DOC #105** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV 89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu

# EXHIBIT A

**Doc. 105 dated 08/06/2012**

| | | |
|---|---|---|
| 08/06/2012 | 105 | MINUTES OF PROCEEDINGS - Hearing re order to show cause 94 held on 8/6/2012 before Magistrate Judge Robert J. Johnston. Crtrm Administrator: *J. Ries*; Def Counsel: *Katie M. Weber and James E. Murphy*; Court Reporter/FTR #: *10:03 - 10:25*; Time of Hearing: *10:00 a.m.*; Courtroom: *3D*; The plaintiff, Joseph Guerra is present. The court canvasses and hears representations and arguments of the parties. ORDERED The plaintiff shall pay defense counsel the full amounts requested for fees and costs contained in the affidavits 98 , 99 and 100. Fees and costs shall be paid by 9/7/12. **(no image attached)** (Copies have been distributed pursuant to the NEF - JAR) (Entered: 08/07/2012) |

# EXHIBIT B

**Doc.93 dated 07/02/2012**

| | | |
|---|---|---|
| 07/02/2012 | 93 | MINUTES OF PROCEEDINGS - Settlement Conference held on 6/29/2012 before Magistrate Judge Robert J. Johnston. Crtrm Administrator: *MXS*; Pla Counsel: *None*; Def Counsel: *James E. Murphy and M. Stephen cho*; Court Reporter/FTR #: *None*; Time of Hearing: *8:30 AM*; Courtroom: *ADRsuite*. Pro Se Plaintiff, Joseph A. Guerra was not present for the settlement conference. Present for Defendant Just Mortgage Inc. was Bryan Choi, President. Present for Defendant Chase Home Finance was Sharon Green, HL Research Officer. No settlement was reached as Pro Se Plaintiff, Joseph A. Guerra was not present. The Court will issue a separate Show Cause order regarding the failure to appear. This matter is returned to the normal litigation track. **(no image attached)** (Copies have been distributed pursuant to the NEF - MXS) (Entered: 07/02/2012) |