Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor
by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. GUERRA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JUST MORTGAGE INC.; CHASE EHOME FINANCE; MERS and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.  2:10-cv-00029-KJD-RJJ<br><br>**RESPONSE OF DEFENDANTS JPMORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER** |

Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("Chase"), and Mortgage Electronic Registrations Systems, Inc. ("MERS") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond (the "Response") to Plaintiff Joseph A. Guerra's ("Plaintiff") Objection to Magistrate Judge's Order (Docket No. 106) (the "Objection"). This Response is supported by the following memorandum of points and authorities, the record herein, and any argument the Court may hear on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Judge Johnston Was Well Within His Authority to Enter the Order

Plaintiff's Objection should be summarily rejected by the Court because it is clear that Plaintiff fundamentally misunderstands the role and authority of a magistrate judge. Pursuant to 28 U.S.C. § 636(b)(1), a magistrate judge may hear and determine pretrial matters, subject to certain exceptions that are inapplicable here, and may conduct hearings on any motion not subject to an exception. Likewise, Local Rule IB 1-3 allows for a magistrate judge to "hear and **finally** determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." LR IB 1-3 (emphasis added). Moreover, Local Rule IB 1-9 specifically grants a magistrate judge the authority to conduct settlement conferences and related pretrial proceedings. *See* LR IB 1-9(b). Thus, Judge Johnston was well within his authority to order and conduct a settlement conference, and to order sanctions when Plaintiff failed to show cause for his failure to appear at the court-ordered settlement conference.

While Plaintiff argues that he has never consented to the use of a magistrate judge, consent of the parties is only required with respect to trials. *See* LR IB 1-2. Judge Johnston has not conducted a trial in this matter; indeed, as Plaintiff himself frankly acknowledges, no trial date has even been set in this matter. Accordingly, there was no need for consent of the parties in order for Judge Johnston to hear and determine these pretrial matters.

### B. Plaintiff Has Provided No Cognizable Basis for Overturning the Subject Order

As set forth above, a magistrate judge has authority to **finally** determine pretrial matters not otherwise subject to an exception. Thus, here, Judge Johnston's order for Plaintiff to pay Defendants' fees and costs associated with preparing for and attending the settlement conference is a **final** determination. Even if Plaintiff had filed a motion for relief from the order (and he has

not), he has not alleged any cognizable basis for reconsideration of the order. *See, e.g.*, Fed. R. Civ. P. 60. Instead, he argues that: (1) he did not consent to Judge Johnston conducting the settlement conference; (2) he was not properly served with the order to attend the settlement conference; (3) Defendants' undersigned counsel did not appear on the minutes from the settlement conference; (4) counsel for Just Mortgage, Inc. ("JMI") has not filed a Notice of Appearance under NRS 622A.310; and (5) Plaintiff did not "willfully disobey" the Court's order to attend the settlement conference. None of these arguments has any merit.

First, Plaintiff's assertion that he did not consent to Judge Johnston conducting the settlement conference is irrelevant, because, as set forth above, no such consent was required. *See* Section A, *supra*. Second, Plaintiff cannot reasonably claim that he did not receive the order scheduling the settlement conference, when he filed an objection to that order just over a week after it was entered, and well before the conference itself. (*See* Docket Nos. 87 and 88.) Third, while the minutes from the settlement conference fail to account for the undersigned counsel's presence, counsel's affidavit in support of costs and fees evidences such attendance (*see* Docket No. 99), as does counsel for JMI's stipulation to the same in open court at the show cause hearing. Notably, because Plaintiff himself was not present at the conference, he is in no position to be contesting who was there. Fourth, because this action is not an administrative procedure before a regulatory body, NRS 622A.310 is wholly inapplicable here. Finally, there is no requirement in Rule 16(f) of "willful disobedience" for a court to issue sanctions; instead, the rule <u>requires</u> a court to impose fees and costs as a sanction "unless the noncompliance was substantially justified." Fed. R. Civ. P. 16(f)(2). To date, Plaintiff has given <u>no</u> reasonable justification for his failure to appear at the conference, let alone substantial justification.

In short, for all of the forgoing reasons, Defendants respectfully request that Plaintiff's Objection be summarily rejected.

DATED this 24 day of August, 2012.

SMITH LARSEN & WIXOM

_/s/_

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24 day of August, 2012, a true copy of the foregoing **Response of Defendants JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. to Plaintiff's Objection to Magistrate Judge's Order** was filed electronically via the court's CM/ECF system and served either electronically or by mail, postage prepaid, to the following as noted:

Joseph A. Guerra
8938 West Katie Ave.
Las Vegas, NV 89147
Plaintiff in Pro Per
**(Service via U.S. Mail)**

James E. Murphy, Esq.
Laxalt & Nomura, Ltd.
6720 Via Austi Pkwy., Ste. 430
Las Vegas, NV 89119
jmurphy@laxalt-nomura.com
and
M. Stephen Cho, Esq.
Cho Seasby Chung & Ignacio, LLP
10535 Foothill Blvd., Ste. 460
Rancho Cucamonga, CA 91730
scho@cscilaw.com
Attorneys for Defendant
Just Mortgage, Inc.
**(Service via CM/ECF)**

_/s/ [signature]_
an employee of Smith Larsen & Wixom