```
Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per
```

2012 AUG 30  A 10: 40

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra, | Case No:2:10-cv-00029-KJD-RJJ |
| Plaintiff, | |
| vs. | **REPLY TO DEFENDANTS CHASE HOME FINANCE,LLC AND MERS' OBJECTION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DOC#105** |
| JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS and DOES 1-10, | |
| Defendants. | |

The Plaintiff hereby replys (the"Reply") to Defendants, Chase Home Finance, LLC and MERS' Objection To Plaintiff's Objection To Magistrate Judge's Order Doc#105. This Reply is supported by the following Memorandum of Points and Authorities:

1. Chase/MERS attorney's hypertechnical and disingenuous argument can be swiftly rejected because **she failed to mention** the most important argument the Plaintiff has raised in his Objection to Magistrate Judge's ORDER was the **abuse of his discretionary power**.

2. The Court improperly imposed a Sanction upon the Plaintiff without specifically citing its authority for doing so



and without giving Plaintiff "express notice of its intention to impose a severe monetary sanction on him before the Hearing Date which was held on August 06, 2012.

**3.** As for the Court's failure to sepcifically articulate the basis for its power in imposing the sanction, well then, the Court was relying on its inherent authority. See United States v. Seltzer, 227 F.3d 36, 42(2d Cir. 2000) (finding of bad faith not required for sanction under inherent authority when such authority is used). The Plaintiff does not dispute that the Court's inherent authority includes the power to sanction Plaintiff for violating judicial order; rather, the Plaintiff argues that the Magistrate Judge failed to incant the term "inherent authority" in imposing these sanctions in this case rather than mentioning it during the Hearing when the Judge stated that he relied on Rule 16(f) or 37. Although case law supports the authority of the Magiatrate Judge to impose sanctions under Rule 16(f) and 28 U.S.C. § 636(e)(2). My situation is that the Magistrate Judge had imposed too severe a sanction(s) with high fees and expenses against the Plaintiff without any evidentiary support from Case Law or stated the proper Code of Written Law which supports his ruling. As a result, the Magistrate Judge had abused his discretionary Power.

See Belk of Spartanburg S.C. Inc. v. Thompson, 337 S.C. 109, 126-27, 522 S.E. 2d 357, 366(Ct. App. 1999).

**4.** The Magistrate Judge did not follow the plain language of Rule 16(f) because if he had, he would have read that sanctions under Rule 16(f) are discretionary, first the Court must carefully determine whether Plaintiff had caused the delay on purpose or otherwise interferes with the expeditious management of trial preparation. [See Goforth v. Owens, 766 F.2d 1533, 1535(11th Cir. 1985)] before embarking on the discretionary part of the decision. The Rule is **clear** where the Court **must** first determine whether Rule 16(f) has been violated in bad faith. Only then can it engage in discretionary decisions on whether to impose sanctions, particularly, "**excessive fines and penalties shall not be imposed**" if no wrongdoing was discovered.

**5.** Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties **did not consent** to proceeding before the magistrate judge , see §636(c)(1), the district court may designate a magistrate judge

to consider various matters. See §636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: **Magistrates may issue orders as to non-dispositive pretrial matters, and District Courts review such Orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A)**. While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and **district courts must make de novo determinations as to those matters if a party OBJECTS to the magistrate's recommendations**. Id. § 636(b)(1)(B), (C). First Union Mortgage Corp., v. Smith, 229 F.3d 992, 995(10th Cir.2000) (internal citations, quotations, and brackets omitted).

6. Any party is free to withhold consent to magistrate jurisdiction without adverse consequences. 28 U.S.C. §636(c)(2); Rule 73(b), Fed.R.Civ.P.; Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 913-14(9th Cir. 2003)(pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c). **"A party to a civil case has, subject to some exceptions, a contitutional right to proceed before an Article III judge."** Dixon v. Ylst, 990 F.2d 478,479(9th Cir. 1993)(citing **Pacemaker Diagnostic Clinic of Am. Inc. v. Instromedix, Inc., 725 F2d 537, 541(9th Cir. 1984)(en banc))**.

J. Glover v. Alabama Dept. of Correction, 660 F.2d 120, 122(5th Cir. Unit B Oct. 1981). <u>Furthermore, the magistrate judge's order is not final</u>. See Title 28 U.S.C. §636(b),(c) & § 1291; and Perez-Prego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998).

7. "The Supreme Court has stated that the Constitution requires that the judicial power of the United States be vested in courts having judges with life tenure and undiminishable compensation in order to protect judicial acts from executive or legislation coercion. O'Donoghue v. United States, 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1933)". **<u>A decision without consent by a magistrate, a non-Article III judge, would undermine this objective of the Constitution and might violate the rights of the parties</u>**. Willie James Glover, Plaintiff-Appellee Cross-Appellant, v. Alabama Board of Corrections, Et Al., Defendants, James Towns, Defendant-Appellant Cross-Appellee., 660 F.2d 120 (5th Cir. 1981).

8. Moreover, Chase/MERS **were not** represented by a person with decisionmaking authority to settle the case which was also in violation of the Magistrate Judge's ORDER!(Doc. #86). I am not contesting the law but, I am merely requesting that the

- 5 -

Magistrate Judge to interpret the law in accordance with his own Oath of Office.

The Plaintiff has reason to believe that Magistrate Judge Johnston's ORDERS (Doc#86 and Doc#105) has violated the most basic Due Process of my Constitutional Rights.

WHEREFORE, I pray that this Court **review** the Magistrate Judge's Orders and **all** of Plaintiff's filings in this case **de novo** and make a sound decision to vacate the Magistrate's Order (Doc#105).

Respectfully Submitted          Date: 30th day of August 2012

_Joseph C. Guerra_
Joseph A. Guerra, UCC1-308
Plaintiff in Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2012, I mailed a copy of this **REPLY TO DEFENDANTS CHASE HOME FINANCE, LLC AND MERS' OBJECTION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DOC #105** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

*/s/ Beata Hu*