Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

2012 SEP -7 P 2: 20

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph A. Guerra,<br><br>      Plaintiff,<br><br>   vs.<br><br>JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC.; MERS and DOES 1-10,<br><br>      Defendant. | Case No.:2:10-cv-00029-KJD-RJJ<br><br>**MOTION FOR RECONSIDERATION OF ORDER (DOC#105) UNDER RULE 60(B)(4)** |

### Introduction

The Plaintiff brings this Motion to respectfully request that this Honorable Court reconsider and vacate of the Order on Doc#105 that imposed sanctions by Magistrate Judge Johnston. It is perhaps understandable that this Court was troubled by Plaintiff's unintentional and inadvertent noncompliance with the Settlement Conference Order by the Magistrate Judge when he failed to attend this Conference on June 29, 2012. Like I have said before in my "Objection To An Order" document and at my Hearing to Show Just Cause, "the reason for not appearing at the Conference was because I was awaiting a Ruling from Judge Dawson on my Objection to Magistrate Johnston's Order". And, being a Pro Per person, I just wasn't aware of the consequences at the

- 1

time because I really thought that when a party makes an Objection whether in court or on a pleading document (it's Court Record), a Judge <u>must</u> make a ruling because in both instances he/she just can't stand silent because a decision must be made in order for the case to move forward.

Sanction is not a catch-all solution for every violation of a court order, no matter whether the violation was intentional or whether the underlying order was enforceable in the first place. This court has other means of ensuring compliance with its orders and addressing inadvertent violations. Its decision to use its inherent power to impose this sanction against the Plaintiff was overly excessive and is improper and should be vacated.

The legal principle relevant to this Motion are straightforward, and they are well-settled. A person may <u>not be</u> imposed a sanction for violation of a court order unless that person had actual knowledge of the duties imposed by the order and violated them willfully and knowingly which in this situation, the Plaintiff was not. Even if there is a knowing violation, a finding of a sanction imposition cannot be based on an underlying order that is an unconstitutional prior restraint, entered without any of the necessary procedural or substantive prerequisites required by Nevada Law.

### Memorandum of Points and Authorities

**1.** It is undisputed that the Plaintiff did not act in willful and intentional disobedience of the Magaistrate Judge's Order. Furthermore, there is no basis on which to impose sanctions on the Plaintiff without actual knowledge of his duty, and without evidence that he acted willfully and knowingly in being disobedient to that duty, Plaintiff's conduct simply **does not** rise to the level of such a severe sanction punishment.

**2.** More importantly, the Court is vested with ample inherent authority and discretion, to compel compliance with its order and sanction noncompliance. Courts routinely sanction noncompliance of their orders through a variety of means. Such as, it could have ordered the Plaintiff to pay Court Costs incurred for the Settlement Conference and subsequently Schedule another Settlement Conference and make the Plaintiff pay for the second Settlement Conference.

**3.** "[D]istrict courts _enjoy_ very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." Lee v. Max Int'l, LLC, 638 F.3d 1318, 1320 (10th Cir. 2011) (internal citation and quotation omitted). More specifically, "the district court has discretion to impose sanctions for discovery abuses under Rule 37 . . . ." Kern River Gas Transmission Co. v.

- 3 -

617 Acres of Land, More or Less, in Salt Lake Cnty., Utah, 156 Fed. App'x 96, 101 (10th Cir. 2005) (internal citation omitted).

**4.** Plaintiff has always felt that the Magistate Judge right from the beginning at the first Hearing had a bias against him because he is Pro per, a minority and latino. And at times he would suggest to Plaintiff to consult with a professional lawyer when he knew I couldn't afford one, his tone of voice towards me, and telling Plaintiff "he could transfer my case to the State District Court." However, the Plaintiff has the confidence of our Court System, particularly under **Scheuer v. Rhodes**, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974) Note: "By law, a judge is a state officer. The judge then acts not as a judge, but as a private individual (in his person). When a judge acts as a trespasser of the law, when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but **VOID**, and of no legal force or effect. The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility

to the supreme authority of the United States."

5. The Magistrate Judge and the verbal assault (told me that my house will be foreclosed within six (6) months during the March 2010 Hearing) upon the Plaintiff falls within the category of the "pervasive bias exception to the extrajudicial source doctrine."

It is wrong in theory _ _ _, to suggest, as many opinions have, that "extrajudicial source" is the only basis for establishing disqualifying bias or prejudice. It is only common basis, but not the exclusive one, _ _ _ A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, _ _ _ as to display clear inability to render fair judgment. (That explains what some courts have called the "pervasive bias" exceptionn to the "extrajudicial source" doctrine, see e.g., **Davis v. Board of School Comm'rs of Mobil County**, 517 F.2d 1044, 1051(CA 5 1975), cert. denied, 425 U.S. 944 (1976).

6. The "high degree of <u>favoritism</u> and <u>antagonism</u>" displayed by the Magistrate Judge towards the Plaintiff show that a fair and impartial ruling was impossible for my case to survive.

7. "A court should be cautious to exerting its inherent power and must comply with the mandates of due process" **First Bank of Marietta v. Hartford Underwriters Insurance Company**,

2002 U.S. App. Lexis 21117, - 25; 2002 Fed App. 0356p (6th Cir 2002); **In Re Atlantic Pipe Corp.**, 304 F.3d 136, 143 (1st Cir. 2002).

## Conclusion

There is absolutely no legitimate reason for Magistrate Judge's Order to impose such a severe monetary sanction against the Plaintiff for acts which violated his civil and constitutional Rights under color of law, while Plaintiff had been attempting to exercise his statutory, civil and constitutional Rights. When a party had been denied the fundamental right of due process of law, he has a right to seek a redress of the error.

A Magistrate Judge has an obligation to a pro per person, and act and rule in a manner that will guarantee the integrity of the court and the integrity of the Judicial System as a whole. Relief, setting aside the Ruling is necessary, required and just in this matter.

Since this is a pro per abuse of discretion of power by a Magistrate Judge, the District Court must GRANT the Plaintiff's motion to vacate the sanction Order, Doc#105 under Rule 60(b)(4).

Respectfully submitted,                                          Date

_____                              _____
Joseph A. Guerra   UCC 1-308                           September 07, 2012
Plaintiff in Pro Per

# CERTIFICATE OF SERVICE

I hereby certify that on September 07, 2012 I mailed a copy of this **MOTION FOR RECONSIDERATION OF ORDER (Doc#105) UNDER RULE 60(B)(4)** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

*/s/ Beata Hu*