Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:   (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor
by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. GUERRA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JUST MORTGAGE INC.; CHASE EHOME FINANCE; MERS and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.  2:10-cv-00029-KJD-RJJ<br><br>OPPOSITION OF DEFENDANTS JPMORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER |

Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("Chase"), and Mortgage Electronic Registrations Systems, Inc. ("MERS") (collectively, "Defendants"), by and through their undersigned counsel, hereby oppose (the "Opposition") Plaintiff Joseph A. Guerra's ("Plaintiff") Motion for Reconsideration of Order (Docket No. 110) (the "Motion").  This Opposition is supported by the following memorandum of points and authorities, the record herein, and any argument the Court may hear on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff continues to rehash the same tired arguments he has presented to this Court over and over again, but notably fails to provide any new facts or legally sustainable basis for the relief requested here. Accordingly, Plaintiff's Motion must be summarily denied.

### II. ARGUMENT

#### A. Rule 60 Provides No Basis for the Relief Sought by Plaintiff

Under Rule 60(b), the Court may relieve a party from an order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, Plaintiff purports to bring his motion under Rule 60(b), but he has utterly failed to demonstrate that Judge Johnston's order imposing sanctions is void as a matter of law. Instead, Plaintiff rehashes arguments he has now provided to the Court on numerous occasions, ranging from his contention that he did not willfully disobey the Court's order to attend the settlement conference, to his assertion that Judge Johnston is biased against him personally. All of these arguments are without merit.

It is well settled that Rule 16(f) authorizes sanctions for failure to comply with a scheduling order or other pretrial order, and "the purpose of sanctions is to compensate opposing parties for inconvenience and expense incurred because of non-compliance with the reasonable

case management orders of the court." *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262, at *4 (D. Nev. June 15, 2012). Here, all named defendants appeared at the settlement conference via counsel and personal representatives. The personal representatives (and Just Mortgage, Inc.'s lead counsel) traveled from out of state in order to comply with the Court's order. Defendants expended considerable time and cost preparing for and attending the settlement conference, and that time and expense must be compensated under Rule 16. Plaintiff's non-compliance cannot be excused simply because he believed that filing an objection to Judge Johnston's order somehow relieved him from his duties to comply. His ignorance is not an excuse. Proper person parties share the same basic duties to comply with the rules of civil procedure, local rules, and court orders as parties with counsel, and they cannot escape the consequences of their failure to comply simply because they are appearing in proper person. *Adamson v. Musich*, 2010 WL 5097945, at *1 n.1 (Nev. Dec. 9, 2010); *see also Garden City Boxing Club, Inc. v. Izarraraz*, 2008 WL 5351681, at *2, 5 (D. Nev. Dec. 18, 2008) (imposing sanctions on pro se party for failure to comply with pretrial obligations). In short, Plaintiff did not comply with Judge Johnston's order to appear at the settlement conference, and Defendants deserve to be compensated for his failure. He has provided no legitimate basis for avoiding the consequences of his actions.

Second, Plaintiff has provided no evidence whatsoever that Judge Johnston is biased against him personally. Indeed, considering Plaintiff's continual refusal to abide by Judge Johnston's orders, and the rules of the Court, Judge Johnston has been surprisingly gracious in his dealings with Plaintiff. Here, the only grounds advanced by Plaintiff in support of his contention that Judge Johnston is biased against him are that: (1) the judge encouraged him to obtain legal counsel; and (2) the judge warned him that his house will likely be foreclosed upon

within six months. Assuming these contentions are even true, neither of these alleged communications remotely evidences the existence of bias. If anything, it simply appears that Judge Johnston has attempted to protect Plaintiff from himself (or from the bad legal advice he is getting from a non-attorney). This cannot constitute bias. Nor can Plaintiff assume any bias simply because Judge Johnston has not always ruled in his favor. It is axiomatic that "adverse rulings alone do not constitute proof of bias." *See In re Complaint of Judicial Misconduct*, 583 F.3d 598 (9th Cir. 2009).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion should be summarily denied, and he should be ordered to pay the now-late sanctions imposed by Judge Johnston immediately.

DATED this 17 day of September, 2012.

SMITH LARSEN & WIXOM

Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17 day of September, 2012, a true copy of the foregoing **Opposition of Defendants JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. to Plaintiff's Motion for Reconsideration of Order** was filed electronically via the court's CM/ECF system and served either electronically or by mail, postage prepaid, to the following as noted:

Joseph A. Guerra
8938 West Katie Ave.
Las Vegas, NV 89147
Plaintiff in Pro Per
*(Service via U.S. Mail)*

James E. Murphy, Esq.
Laxalt & Nomura, Ltd.
6720 Via Austi Pkwy., Ste. 430
Las Vegas, NV 89119
jmurphy@laxalt-nomura.com
and
M. Stephen Cho, Esq.
Cho Seasby Chung & Ignacio, LLP
10535 Foothill Blvd., Ste. 460
Rancho Cucamonga, CA 91730
scho@cscilaw.com
Attorneys for Defendant
Just Mortgage, Inc.
*(Service via CM/ECF)*

_____
an employee of Smith Larsen & Wixom

5