Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in ProPer

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Joseph A. Guerra,

    Plaintiff,

vs.

JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS and DOES 1-10,

    Defendants.

Case No.:2:10-cv-00029-KJD-RJJ

**RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (DOC#105)**

This Response is supported by the following:

### MEMORANDUM OF POINTS AND AUTHORITIES

(1). To all appearances as far as the Plaintiff can see is that Chase's attorney had made judicial determinations for the Court such as the Plaintiff is not allowed to defend himself in that he cannot have Freedom to Express his opinion in this Court. At least the Plaintiff rehashes his Objections honestly versus attorney, Katie Weber where she rehashes her words with lies many times.

(2). Although Ms. Weber defended Magistrate Judge's ruling and offensive behavior, I don't really care to hear her opinions and observation in court or in writing because what she projects is a weak argument in her own persona non grata. I'll say this, in everyones opinion that has seen the Magistrate Judge preside over my case say he definitely demonstrates bias and misconduct

1

toward the Plaintiff. Particularly, the time when the Magistrate Judge tried to convince and trick me into transferring my case from his jurisdiction to a State District Court during the March 2010 Hearing. At that time, he knew very well that the State District Court was not the proper jurisdiction Court for a RESPA (12 U.S.C. 2605) lawsuit. Immediately after I refused to accept his advise, the Magistrate Judge then told me that my house would be foreclosed on within six (6) months. To me, this was inappropriate and was very surprised to hear such a comment because the Magistrate Judge did not even read my First Ammended Complaint submitted to him at that time. At this time, let it be known that there were twelve (12) other people present in Court and all told me that the Magistrate Judge definitely had Bias towards me. The following week, after the March 2010 Hearing, I did consult with an attorney and paid him quite a lot of money for retainer fees and unfortunately low and behold, he found out Magistrate Judge Johnston was one of the two (2) Judges' who will be presiding over my case, and then refused to represent me and kept the money.

(3). On 07/13/2011, the Plaintiff submitted a Motion To Compel Chase to Answer the QWR and VDL and to submit the Production of Documents (See Doc.#68). And, on 09/07/2011 (Doc.#75), Magistrate Judge Johnston entered an Order denying the Plaintiff's Motion. The Plaintiff attempted at least five (5) times through normal Discovery communication both to Chase and Chase's attorney's office to request information and totally disregarded my requests. Based on Nevada Revised Statutes NRS 104-3501 Subsection 2(B), the Plaintiff has the right to find

out whether Chase is the True Holder in due course and Owner of the alleged Notes. Because of Chase not cooperating with Plaintiff, I was not able to obtain the correct legal information needed <u>that would have most likely closed this case</u>. Instead, seems like attorney, Katie Weber wants to prolong this case as long as she can in order for her to charge more money towards her client, and to have this Courts backlog of scheduled cases still on the books. In addition, Plaintiff was unable to get legally correct Audit Reports because he couldn't supply informative data to the Research Firms to generate these Audit Reports that would have been useful towards my Loan data.

(4). I also might add, a reasonable person besides attorney, Katie Weber would be justified in considering that any one of the above behaviors demonstrated, standing alone would call into question Magistrate Judge's ability to be completely dispassionate and impartial in his conduct of this case. However, it should be noted, that even if none of them – in and of themselves would warrant a resonable person in questioning the Magistrate Judge's ability to be impartial because there are a great many situations known to the law – in which facts, though deemed to be insignificant separately, have been found to be compelling in combination. See, e.g., Obert v. Repub.W.Ins.Co., 398 F.3d 138, 145 (1st. Cir. 2005). ("sometimes a multiplicity of small grounds will persuade even though each alone is weak or insufficient").

Independent of any other criteria – is to question whether the Magistrate Judge is capable of continuing to preside over this case with the requisite degree of impartiality.

1  (5). The Court can place Sanctions on the Plaintiff based on Fed.R.Civ.P. 16(b) and Rule 37. However, in order to impose such a severe sanction ordered by Magistrate Judge Johnston (Doc.#105), the District Court must make a finding of willful or bad faith failure to comply first. <u>MALAUTCA v. SUZUKI MOTOR CO., Ltd.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993). The District Court must also find that lesser sanctions are not sufficient for punishment. <u>Cohen v. Carnival Cruise Lines, Inc.</u>, 782 F.2d 923, 925 (11th Cir. 1986).

Using the Constitutional Articles as a major Guide, along with the Magistrate Judge's Oath of Office, and Canons of Judicial Code of Conduct there are case laws where both Appellate Courts and the Supreme Court <u>did hold</u> Judges accountable when their knowing and willing actions fell outside the boundries of their job description. That failure to follow simple guidelines of their post makes a Magistrate Judge's action no longer a judicial act but an individual act as the act represents their own prejudice and goals. (See Under the Federal Civil Rights Law - Title 42 U.S. Code § 1983).

(6). Finally, 28 U.S.C. § 636(c)(4) and Federal Rule of Civil Procedure 73(b)(3), authorize the District Judge, for good cause shown or on the Judge's own Motion, or under any extraordinary circumstances shown by any party, to <u>vacate</u> a reference of a civil matter to a Magistrate Judge. Although not a mechanism for an Appeal as such, this seldom - used section can wrest a case from impartiality from the hands of a Magistrate Judge.

////////////////////////////////////////////////////////////////////

**CONCLUSION**

Defendant Chase/MERS's Objection is baseless and not well ground in fact and based on attorney, Weber's own subjective frivolousness standard, because her allegations lacked of reasonable and competent case laws.

The Magistrate Judge's ruling Order (Doc.#105) imposed Sanctions on Plaintiff contains clear errors in both law and fact because <u>no evidentiary support</u> and <u>no written code of law</u> were mentioned.

Rule 60(c) - Other Remedies. This Rule does not limit the power of a Court to entertain an independent action to retrieve a party from an Order, Judgement, Misconduct or Proceeding.

**Wherefore**, Plaintiff requests this Honorable Court to make review on the Magistrate Judge's decision based on the proper standard.


Respectfully submitted,

_Joseph A. Guerra_
UCC 1-308
Joseph A. Guerra
Plaintiff in Pro Per

September 24, 2012
Date

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2012, I mailed a copy of this **RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER (DOC.#105)** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

_____
Beata Hu