

Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra,<br><br>              Plaintiff,<br><br>     vs.<br><br>JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS and DOES 1-10;<br><br>              Defendants. | Case No.:2:10-cv-00029-KJD-RJJ<br><br>**RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE** |

Plaintiff is responding to Defendants Chase/MERS Opposition To My Motion For Extension Of Deadline which is supported by the following:

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.** Plaintiff was well aware of the Rule of 16(f), but in Plaintiff's opinion that the Magistrate Judge <u>did not</u> follow the Plain Language of Rule 16(f) and my rights. Besides the Magistrate Judge <u>failed</u> to identify the Code of Written Law and Case Laws which support his Ruling in (Doc.#105). Moreover, an Order awarding attorney's fees will be deemed "fundamentally erroneous on its face" when the Court fails to make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or, enhancement

1

factors as required in Fowler v. First Federal Savings and Loan assn. of Defuniak Springs, 643 So. 2d. 30, 33 (Fla. 1st DCA 1994). If the Court decides to adjust the loadstar, it <u>must</u> state the grounds on which it justifies the enhancement or reduction. The Court just can't go ahead and allow the attorneys to be in a rush to collect my money while in the process of violating my Constitutional Rights. In this case, if an allegation by Chase's attorney, Katie Weber is relied on by this Court, a fraud upon the Court might have been committed, again – (first time was on Doc.#63 – Motion for Summary Judgment by Defendants Chase/MERS filed on 07/07/2011 – Robo-Signing on the Allonge.)

**B.** In clarification for the Court, the Plaintiff has the right to ask Chase's attorney, Katie Weber to swear under oath and penalty of perjury that she possesses the Original Documents and Legal Evidence proving what she alleges that my Loan was <u>not</u> paid-off in Full on or about January 21, 2011 and that my final Escrow Account has a balance of $4,921.74 (remember this, I never ask a question unless I know already the answer to).

As of today, Chase/MERS attorney, Katie Weber **has failed to prove** that both Chase and MERS **have the Constitutional Standing** in a Federal Court to have jurisdiction in dealing with my case.

Additionally, under Article 3 of the Uniform Commercial

2

Code (UCC) - is codified in NRS 104. 3101-3.605. - <u>Birkland v. Silver State Financial Services, Inc.</u> **No.:2:10-cv-00035-KJD-LRL**, 2010 WL 3419372, at (D. Nev. Aug 25, 2010). The obligor on the Note has the right to know the identity of the entity that is "entitled to enforce" the Mortgage Note under Article 3, see NRS 104.3301.

    **C.** Now, why in heavens name does Chase/MERS attorney, Katie Weber try to dictate to me on how to manage my finances? What I would suggest to Ms. Weber, is to ask her Law Firm to provide courses for her to take on Modern Money Mechanics - The Logistics of Mass Deception of The Federal Reserve System in 1913 <u>before</u> she makes comments on other people's financial management skills. There is one thing I cannot stand is an attorney who is unscrupulous and always lies. I believe what goes around comes around at some point and the truth will win in the end unless there is some kind of corruption that was discovered somewhere.

    **D.** If Chase/MERS attorney, Weber knows so much in regards to the Plaintiff's Loan, why didn't she provide the information needed during Discovery since I had written numerous of times requesting the information? Ms. Weber must realize that "a party having superior knowledge who takes advantage of anothers ignorance of the law to deceive him by studied concealment or

misrepresentation can be held responsible for that conduct." Fina Supply Inc. v. Abilene Nat. Bank, 726 S.W. 2d 537, 1987.

**E.** I want to make it very clear that Chase/MERS's attorney, Katie Weber is deliberately drawing this Courts attention to her own agenda instead of on the <u>following</u> main issues of <u>why</u> this lawsuit was filed against her client in the first place where she hasn't mentioned anything in any of her Responses to the Court:

- Fraud
- Robo-Signer
- Loan Paid In Full
- Escrow Account in my name(Ms. Weber should communicate with her client, Chase).
- By law, her client, Chase suppose to show an Accounting of entries of the $299,000.00
- Ms. Weber is unable to prove that her and her client have <u>Standing</u> in this case

**F.** Again, I will point out that attorney, Katie Weber's name <u>does not appear</u> on (Doc.#93) for attending the Settlement Conference no matter what her colleagues or Magistrate Judge Johnston may suggest otherwise. So, as far as I'm concerned she is not entitled to any fees or expenses, P-E-R-I-O-D. In addition, Sharon Green who represented Chase <u>is not</u> a person with decision-making authority to Settle this case. As a result, we cannot have meaningful Settlement discussions with her anyway because it wastes time and energy upon everyone, especially the Magistrate Judge.

**CONCLUSION**

Plaintiff believes an Extention of Deadline to November 06, 2012 would be sufficient to settle any disputes among the Plaintiff and Defendants. This is Plaintiff's First Request for an Extension.

**WHEREFORE**, the Plaintiff requests that this Honorable Court Grant and Sign an Order Extending The Deadline from September 06, 2012 to November 06, 2012 for Sanction payments.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Respectfully submitted,

_____
UCC 1-308
Joseph A. Guerra
Plaintiff in Pro Per

September 24, 2012
Date

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2012, I mailed a copy of this **RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu