Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Joseph A. Guerra,

    Plaintiff,

vs.

JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS AND DOES 1-10

    Defendants.

Case No.:2:10-cv-00029-KJD-RJJ

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## BACKGROUND

**a.** On or about October 30, 2009 Plaintiff sent Chase and MERS by Certified Mail a fourteen (14) page QWR and/or RESPA and/or TILA plus a Validation of Debt letter which they **did not** respond to after more than sixty (60) days except a letter stating that they received my letter of 10/30/2009 and will get back to my questions later, but they **never** bothered to communicate back with the Plaintiff, again.

**b.** On or about January 11, 2010 Plaintiff filed a Complaint with the District Court of Nevada because Plaintiff wanted to obtain the true identity of the Owner in due course of my March 19, 2008 Promissory Note.

**c.** Plaintiff's First Amended Complaint was filed on March

1

12, 2010. There were hardly any documents available regarding Chase's involvement with Plaintiff's Mortgage Loan. Plaintiff only knew that Chase is the Servicer or Creditor. As a result, there were some deficiencies of the Pleadings on the First Amended Complaint. District Court Judge Dawson ruled that Chase only violated RESPA because Chase did not Answer Plaintiff's QWR and Validation of Debt Letter, instead Chase reported Plaintiff to the Credit Reporting Agencies.

**d.** Now, after 2 ½ years of litigation, Plaintiff knows much more about the unethical and often **illegal** Servicing and Debt Collection actions of Chase. Plaintiff has learned more about the law and the legal system. Plaintiff has also learned how to more properly state a cause of action and has been diligent, acting in good faith in attempting to meet all of the rules of evidence, procedure, the court, and that justice warrants an opportunity to amend his Complaint.

## SUPPORTING POINTS AND AUTHORITIES

### Chase has fraudulently misrepresented itself as a party in interest

The threshold question is whether or not Chase qualifies as "a party in interest." I submit that it is not. The threshold point here is whether or not Chase has misrepresented its claim to my home is one which constitutes a "right to payment" or a "claim" recognized by Nevada law.[1] This would hinge on whether or

not Chase had standing/capacity/status to collect from the Plaintiff.

A party without the legal right to enforce an obligation under substantive law is not a real party in interest.[2] Because Chase is seeking relief from this court, Chase, not me, it bears the burden of showing it has standing for each type of relief sought.[3]

For the purposes of this stage of the case, it appears the parties and this court so far have consistently applied the wrong legal standard.

### Where's the Note? Who's the Holder?

Because the Note material here is a negotiable instrument, its enforcement is governed by Nevada's version of the Uniform Commerical Code's Article 3, found in NRS 104.[4] I don't see anywhere that Chase has cited from any Nevada law anywhere in their Pleadings nor its previous motion for relief of Summary Judgement. Nor has Chase bothered to mention the **Nevada Supreme Court's** recent decisions in **Pasillas v. Defendant Bank USA, 127 Nev. Defendant_ ,255 P.3d 1281(2011), or Leyva v. National Default Servicing Corp., 127 Nev.-, 255 P.3d 1275 (2011).**

Because this case involves Nevada real property, only Nevada state law determines it.[5] This court is bound by what the Nevada Supreme Court decides on points of state law. Under Nevada law, a note may be enforced by a holder of the

3

instrument,[7] a person who is in possession of the instrument who has the rights of a holder by transfer,[8] or a person who previously had the standing to enforce the note, but it was lost, destroyed, or stolen.[9] And it has long been the law in Nevada where payment of a mortgage or deed of trust securing a negotiable instrument is concerned, the rights of the parties to the instrument "as well as third persons, are governed by rules relating to negotiable paper."[10] This court has pronounced in In re Lemons & Associates, Inc., 67 B.R. 198, 216 (D.Nev. 1998)(my emphasis added in boldface):

> "Although a deed of trust is an interest in real property for some purposes, it is actually a device used to secure payment due under a promissory note, which is personalty. **In order to claim the benefit of the security, a party must first establish his interest in the note itself.** While transfer of an interest in the note conveys the benefit of the security as a matter of law, **the deed of trust alone is of no value without the note it secures**. See Columbia Pacific Mortgage, 20 B.R. at 263; In re Kennedy Mortgage Co., 17 B.R. 957, 965 (Bankr.D.N.J.1982); Hill v. Favour, 52 Ariz. 561, 84 P.2d 575, 578 (1938); Giorgi v. Pioneer Title Insurance Co., 85 Nev. 319, 454 P.2d 104 (1969). See also Kransnowiecki, Miller & Ziff, The Kennedy Mortgage Co. Bankruptcy Case; New Light Shed on the Position of Mortgage Warehousing Banks, 56 Am.Bankr.L.J. 325, 333 (1982) (hereinafter cited as New Light). **Since "the debt is the principal thing," with the security merely an accessory,** New Light, supra at 333, **any investor who wishes to claim an interest in the underlying real property as security must first establish his interest in the note** under § 541(d) as outlined above."

Unless or until Chase **proves standing** under applicable Nevada law, it is **not**, and **never** has been, <u>entitled to relief</u> of

<u>any kind</u> from this court.

So far it seems this court has engaged in the kind of discretion condemned so long ago by our Supreme Court in **Yick Wo v. Hopkins**, 118 U.S. 356, 366(1886): "not a discretion to be exercised upon a consideration of the circumstances of each case, but a naked and arbitrary power to give or withhold consent, not only as to places, but as to persons." Instead, this court has left room for that kind of "play and action of purely personal and arbitrary power" condemned in Yick Wo v. Hopkins.

Or what one actual jurist said long ago: "**If you get a corrupt judge you destroy the laws.**"[11]

It is clear to me until the actual written instruments are before this court for adversarial examination, along with the actual documents showing transfer to all claiming an interest in them and in my home, this court can **not** do the justice is duty-bound to do. **FRCP 1** says, here with my emphasis added:

> "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.**"

The Ninth Circuit, your Appellate Court, has interpreted this part of the **FRCP** "like all the Federal Rules of Civil Procedure, '[should] be liberally construed to effectuate the

general purpose of seeing that cases are tried on the merits.'"

**MEMORANDUM**

Federal Rule of Civil Procedure 15 states that a party may Amend a pleading once as a matter of course at any time before a responsive pleading is served. Federal Rule of Civil Procedure 15(a) provides that a party may Amend its pleadings by Leave of Court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that Leave To Amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." Id. at 230.

In Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a Complaint without Leave to Amend is "'severely restrict[ed]' by Fed.Rule Civ.P. 15(a), which directs that Leave to Amend 'shall be freely given when justice so requires.'" Id. at 1163 (quoting Thomas v. Town of Davie, 847 F.2d 771, 773(11th Cir. 1988)(citation omitted). The Eleventh Circuit noted that amending the case previously is <u>no reason</u> for refusing to allow a Plaintiff to Amend a Complaint.

"[U]nless a substantial reason exists to deny Leave to Amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Airlines, Inc., 868 F.2d

401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a):

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618 (11th Cir. 1993). However, "[d]iscretion' may be a misleading term, for Rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires." Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 598.

---

[1] See **NRS 112.150(3)**; see also **Cohen v. De la Cruz**, 523 U.S. 213, 218 (1998)(**defining "right to payment" as "nothing more nor less than an enforceable obligation"**)

[2] **Simon v. Hartford Life, Inc.**, 546 F.3d 661, 664 (9th Cir. 2008)

[3] **Summers v. Earth Island Inst.**, 555 U.S. 488 (2009)

[4] See **Leyva v. National Default Servicing Corp.**, 127 Nev.__,255 P.3d 1275(2011), under the subheading "<u>Mortgage Note</u>": "The **proper method of transferring the right to payment under a mortgage note is governed by Article 3 of the Uniform Commercial Code-\*Negotiable Instruments, because a mortgage note is a negotiable instrument.**"

[5] See **Butner v. United States**, 440 U.S. 48, 54(1979)

[6] **Ticknor v. Choice Hotels International, Inc.**, 265 F.3d 931, 939(9th Cir.2001): "<u>**Federal courts are bound by pronouncements of the state's highest court on applicable state law**</u>."

[7] NRS 104.3301; see also 104.1201(2)(u)

[8] NRS 104.3301, 3302

[9] NRS 104.3301, 3309

[10] **Giorgi v. Pioneer Title Ins. Co.**, 85 Nev. 319, 321, 454 P.2d 104(1969)

[11] from the actually **Honorable Ruben P. Boise, Polk County delegate**, supporting an amendment to the proposed Oregon state constitution creating its judiciary, as reported by the Oregonian, August 26, 1857. The amendment passed.

**12** **Ahanch v. Xenon Pictures, Inc.**, 624 F.3d 1253, 1258(9th Cir. 2010), see also **Rodgers v. Watt**, 722 F.2d 456, 459(9th Cir. 1983)(**the Federal Rules of Civil Procedureare "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits"**); see also **Conley v. Gibson**, 355 U.S. 41, 48(1957)("(t)he **Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits"**).

## CONCLUSION

In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted. <u>Forbes v. Sears Roebuck & Co.</u>, 30 F.3d 1402, 1405 (11th Cir.1994) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182(1962).

**WHEREFORE**, Plaintiff hereby requests this Honorable Court to GRANT this Plaintiff's Motion For Leave To File Second Amended Complaint in compliance with 28 U.S.C. A. Chapter 151 and FRCP Rule 15(a)for declaration of who are the real parties to my Note & who are the strangers, and all the liability flowing from that decree.

Respectfully submitted,

_/s/ Joseph A. Guerra_
Joseph A. Guerra, UCC 1-308
Plaintiff in Pro Per

<u>October 01, 2012</u>
Date

## CERTIFICATE OF SERVICE

I hereby certify that on October 01, 2012 I mailed a copy of this **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu