Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

2012 OCT -1  P 12: 15

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra, | **Case No.:2:10-cv-00029-KJD-RJJ** |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT FOR:** |
| JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS; AND DOES 1-10 | 1.**VIOLATION OF 15 U.S.C. § 1692**<br>2.**VIOLATION OF 12 U.S.C. § 2605**<br>3.**ACCOUNTING**<br>4.**BREACH OF CONTRACT**<br>5.**NEGLIGENCE**<br>6.**QUASI CONTRACT** |
| Defendants. | |

## General factual allegations

**1.**On or about March 11, 2008 Plaintiff signed a Promissory Note with an Interest Rate of 5.75% p.a. and a Deed of Trust with Just Mortgage, Inc. And, again on or about March 19, 2008 a new Deed of Trust along with a new Promissory Note with an Interest Rate at 6.25% p.a. because Just Mortgage, Inc. advised the Plaintiff that Chase Manhattan Bank will be my new Lender and that they wanted a higher Interest Rate for my Mortgage Loan.

**2.**On or about October 30, 2009 Plaintiff was not sure that he had paid the right Creditor, and then sent a QWR, in

accordance with TILA, 15 U.S.C. § 1641(f)(2) to provide me with the name and address of the True Owner or Holder of his March 19, 2008 Promissory Note among other things after he re-read the Deed of Trust that stated (MERS) Mortgage Electronic Registration Systems, Inc. as the trust Beneficiary acting as a Nominee but **no actual assignment** was recorded at the County Recorder's Office or anywhere else in the United States. Subsequently there were **no official records that showed any assignment or the transferring of Plaintiff's Promissory Note to JP Morgan Chase either**.

3.Plaintiff did not receive a response from Chase after sixty (60) days of sending QWR, however, Chase reported Plaintiff to the Credit Report Agencies in the meantime.

On or about 01/11/2010 Plaintiff filed this Lawsuit against Defendants and amended his complaint on or about 03/12/2010.

4.Plaintiff alleges his Loan was not properly assigned to MERS (Deed of Trust) and Chase (Note) respectfully on or before March 19, 2008 - the "Closing Date" of my Loan.

5.After the merger of Defendant, Chase Home Finance, LLC to JP Morgan N.A. then into JP Morgan Chase Bank,N.A., Plaintiff had another opportunity to verify and validate his debt when he sent on or about October 03, 2011 a Qualified Written Request to JP Morgan Chase Bank,N.A., again pursuant to the Real Estate

Settlement Procedure Act, 12 U.S.C. § 2605(e) and The Dodd-Frank Act which was signed into law on July 21, 2010. The Act amended 12 U.S.C. § 2605 by shortening the deadline to acknowledge to a QWR from fifteen (15) days to only five (5) days and shortening the subtantive response deadline from sixty (60) days to thirty (30) days. There is a 15-day extension allowed if the Borrower is notified of the extension and the reasons for the delay. In addition, the Dodd-Frank Act requires a Servicer of a federal related mortgage to a QWR within ten (10) business days to a request from a Borrower to provide the identity, address, and other relevant contact information about the Owner or Assignee of the Loan.

**6.** Defendants, Chase totally ignored and failed to answer the QWR and to provide any information regarding Plaintiff's March 19, 2008 Promisssory Note that is at issue in this case that supports Plaintiff's allegations that his Note **was not** properly transferred to JP Morgan Chase such that the Defendants Chase/MERS can enforce Plaintiff's obligation and/or collect Plaintiff's Mortgage payments.

**7.** Plaintiff's Credit and Credit Scores were severely damaged that it makes it impossible for me to obtain a Loan.

**8.** Plaintiff does not know who the current beneficiary of his Note and Mortgage actually is.

9. On or about January 21, 2011 Plaintiff had made a payment of $299,000.00 to Chase Home Finance, LLC., Columbus, Ohio for **payment-in-full** for my Mortgage Loan.

10. Accordingly, Plaintiff requests that **this Court make a finding and issue the appropriate ORDER(s)** stating that none of the named Defendants or Does 1-10 Defendants have any right or interest in Plaintiff's Promissory Note and Deed of Trust, or the property which authorizes them, in fact or as a matter of law, to collect Plaintiff's Mortgage payments or enforce the terms of the Promissory Note or Deed of Trust in any manner whatsoever.

## FIRST CAUSE OF ACTION-VIOLATION OF 15 U.S.C. § 1692 et seq

11. Defendant Chase has attempted to collect Plaintiff's debt obligation and thus is a Debt Collector pursuant to the Federal Debt Collection Practices Act ("FDCPA"). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(6).

12. Federal Law prohibits the use of "any false, deceptive, or misleading representation or means in connection with the

collection of any debt_ _ _" 15 U.S.C. § 1692e(2)(A), (5).

13. Chase, acting as Plaintiff's Mortgage Servicer, has been acting in a manner to mislead the Plaintiff into believing that chase Home Finance, LLC had the authority to demand payment from him - which in reality, they did not.

14. Plaintiff alleges that Chase **falsely** represented the status of his debt and Defendant, Chase's ability to enforce Plaintiff's debt obligation, in which **they have no** pecuniary, equitable, or legal interest.

15. Plaintiff could not have reasonably known of the existence of a claim for violation of 15 U.S.C. § 1692(e) before because Defendants fraudulently concealed the fact that they **were not entitled** to enforce Plaintiff's debt obligation and that they were falsely representing to Plaintiff that the character and amount of money Plaintiff still owed on his debt. See Garcia v. Wachovia Mortgage Corp., 676 F.Supp.2d 895, 905(2009) citing Santa Maria 202 F.3d at 1178; see also Stoll v. Runyon, 165 F3d. 1238, 1242(9th Cir. 1999).

## SECOND CAUSE OF ACTION – VIOLATION OF 12 U.S.C. § 2605 (RESPA)

16. Plaintiff's Loan is a federally regulated Mortgage Loan and is subject to the Federal Real Estate Settlement Procedures Act and its implementing regulation, Regulation X, and the Dodd-Frank Act.

**17.** On three (3) occasions (twice to Chase directly and once to Chase's attorney, Katie Weber) Plaintiff sent requests for information of the Loan, specifically the identity and contact information of the Creditor of Plaintiff's Note, a complete Loan History, accumulated late fees and charges and other accounting entries from Defendant, Chase.

**18.** Defendant, Chase failed to Answer Plaintiff's requests on his QWR, Chase, therefore <u>violated</u> Section 6 of Regulation X by Chase's actions they failed to make the appropriate corrections in the Account of Plaintiff and they failed to protect Plaintiff's Credit Rating by furnishing adverse information regarding payment to Credit Reporting Agencies as defined in Section 603 of the Fair Credit Reporting Act, 15 U.S.C. § 1681(a).

**19.** Defendant, Chase <u>violated</u> 12 U.S.C. § 2605 and is subject to statutory damages, civil liability, penalties, attorneys' fees, and actual damages. See 12 U.S.C. § 2605.

**20.** The actual pecuniary damages include, but are not limited to, the over calculations and overpayments of interest on Plaintiff's Loan, the costs of repairing Plaintiff's Credit, the reduction and/or elimination of Plaintiff's Credit Limits, other fees and costs to be determined by Court.

/////////////////////////////////////////////////////////////

## THIRD CAUSE OF ACTION – ACCOUNTING

**21.**Chase has held themselves out to be Plaintiff's Creditor and Mortgage Servicer. As a result of this purported relationship with Plaintiff, Chase has a fiduciary duty to Plaintiff to properly provide an Account for payments made by Plaintiff (a balance due from the defendant to the plaintiff that can **only be ascertained** by an Accounting to be provided by Defendant, Chase).

**22.**The amount of the money due from Defendant, Chase to Plaintiff is unknown to Plaintiff and cannot be ascertained without an Accounting Audit of the receipts and disbursements of all transactions.

## FOURTH CAUSE OF ACTION – BREACH OF CONTRACT

**23.**The Deed of Trust sets forth the dates that the monthly principal and interest payments were due and when late fees and other charges could be assessed.

**24.**Section 2 of the Deed of Trust states that: "Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due."

**25.** Defendant, Chase have in fact breached the Deed of Trust, by failing to apply the payments made by Plaintiff in the order of priority set forth in Section 2, in which this resulted in **improper fees** and **taxes** being added to the balance of the Loan.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

**26.** Because Defendant, Chase was acting as my Mortgage Servicer, they have a duty to exercise reasonable care [a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care - See Das v. Bank of America, 186 Cal.App. 4th 727, 741 (2010)] and skill to follow Nevada Law with regard to enforcement of Monetary obligations, and to refrain from taking or failing to take any action against Plaintiff that they did not have the legal authority to do, such as causing the Plaintiff to overpay in interest, making derogatory credit reports to credit bureaus, and failing to keep an accurate accounting of Plaintiff's Mortgage payments, credits, and debits (that is if Chase is in fact the legally authorized Mortgage Servicer for Plaintiff).

## SIXTH CAUSE OF ACTION - QUASI CONTRACT

**27.** Defendant, Chase knowingly accepted payments and retained them for their own use **knowing they did not** acquire an interest in Plaintiff's Note, as such that they could accept or keep Plaintiff's payments. It would be inequitable for Chase to

retain the payments it received from Plaintiff which they **did**
**not** have legal authority to collect in the first place. The
equitable remedy of restitution when unjust enrichment has
occurred in an obligation created by the Law without regard to
the intention of the parties, and is designed to restore the
aggrieved party to his former position by the return of the
thing or its equivalent in money.

28. Section 23 of the Deed of Trust states: "Upon payment of
all sums secured by this Security Instrument, Lender shall
request Trustee to reconvey the Property and shall surrender
this Security Instrument and all Notes evidencing debt secured
by this Security Instrument to Trustee. Trustee shall reconvey
the Property without warranty to the person or persons legally
entitled to it". The obligations to Just Mortgage, Inc. under
the Deed of Trust were fulfilled when Just Mortgage, Inc.
received the balance on the Note as proceeds of the sale of
Plaintiff's Note and Mortgage to a presently unknown entity.
Defendant, Chase have been unjustly enriched by collecting
monthly payments and a final payment of $299,000.00 from
Plaintiff when all this time, they **did not** have any interest in
his Note or Deed of Trust.

29. Plaintiff seeks restitution for any payments he made to
Defendant, Chase that were not paid to the True Holder/Lender/

Creditor of my Promissory Note, if any.

**WHEREFORE,** Plaintiff demands judgment for the above violations together with such other and further relief as the Court may deem reasonable and the following:

**1.** For punitive and exemplary damages in an amount to be determined by the Court against Chase;

**2.** Compel all Defendants to remove any instrument, including the Assignment of Deed of Trust which does or could be construed as constituting a cloud upon Plaintiff's Title to the Property;

**3.** A declaratory judgment finding that all Defendants do not have any legally cognizable rights as to Plaintiff, the Property, Plaintiff's Promissory Note, Plaintiff's Deed of Trust, or any other matter based on Contract or any of the Documents prepared by Defendants, tendered to and executed by Plaintiff;

**4.** For costs of suit incurred herein.


Respectfully Submitted


_____          October 01, 2012
Joseph A. Guerra, UCC 1-308                    Date
Plaintiff in Pro Per

/////////////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////////////////

## CERTIFICATE OF SERVICE

I hereby certify that on October 01, 2012 I mailed a copy of this **SECOND AMENDED COMPLAINT** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu

11