Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:   (702) 252-5002
Fax:   (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor
by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. GUERRA,<br><br>   Plaintiff,<br><br>v.<br><br>JUST MORTGAGE INC.; CHASE HOME FINANCE; MERS and DOES 1-10,<br><br>   Defendants. | CASE NO.  2:10-cv-00029-KJD-RJJ<br><br>**OPPOSITION OF DEFENDANTS JPMORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Chase Defendants"), hereby file their opposition (the "Opposition") to Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 118) (the "Motion to Amend" or "Motion").

The Opposition is supported by the following Memorandum of Points and Authorities, the record herein, and any arguments that may be presented at a hearing hereon.

DATED this 18 day of October, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor by
merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joseph A. Guerra first filed the instant action nearly three years ago. His initial attempt at formulating a proper complaint was denied in February of 2010, and he filed an Amended Complaint, which is now the operative complaint in this action, on March 15, 2010. Since that time, significant motion practice has taken place, all but one of Plaintiff's claims for relief have been dismissed as against the Chase Defendants, and motions for summary judgment filed by all defendants are pending with the Court. Discovery has been closed for more than a year, and the deadline to amend pleadings passed more than a year and a half ago. Because the defendants herein would be egregiously prejudiced if an amended pleading were permitted at this late stage of the action, Plaintiff's Motion to Amend must be summarily denied.

## II. LEGAL STANDARD

It has long been established that denial of leave to amend is proper where the proposed amendment would be futile, or would cause undue delay or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (futile amendments should not be accommodated); *Loehr v. Ventura Cty. Comm. College Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984) (affirming denial of motion to amend where new pleadings would have "substantially complicated and delayed the case").

Plaintiff's Motion to Amend must be denied because the proposed amendments are futile, because allowing the amended pleading would unduly delay this action which has already been pending for nearly three years, and because allowing the assertion of new claims at this late stage of the litigation would unduly prejudice the defendants by forcing them to reopen discovery after it has been closed for more than a year. Indeed, allowing the filing of an amended pleading at this time would needlessly prolong this baseless litigation.

## III. ARGUMENT

### A. Plaintiff's Motion To Amend Must Be Denied Because It Would Cause Undue Delay and Prejudice to Defendants

Plaintiff filed his Motion to Amend on October 1, 2012 – more than a year and a half after the deadline for amendments to pleadings has passed, and more than a year after the close of discovery. (*See* Scheduling Order, Docket No. 58.)  This case has already been open for nearly three years.  The parties have participated in extensive motion practice during that time, and two motions for summary judgment are currently pending before the Court.  To allow any additional claims at this point would be highly prejudicial to the Chase Defendants, as substantial additional discovery would be necessary to address these new claims.  Certainly dragging on this baseless litigation would be in Plaintiff's best interest, since he has been living in the subject property for nearly three years without making any payments on his mortgage loan.  The Chase Defendants respectfully request that this Court choose not to reward Plaintiff by allowing him to neglect its rules and processes with his belated motion.  Moreover, the claims set forth in the proposed amended pleading are not viable in any event, as demonstrated below.  The Motion should be summarily dismissed.

### B. Plaintiff's Motion To Amend Should Be Denied Because the Proposed Amendments Are Futile

Plaintiff's proposed Second Amended Complaint seeks to assert claims for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Real Estate Settlement Practices Act ("RESPA")[1]; (3) "accounting;" (4) breach of contract; (5) negligence; and (6) "quasi contract." (*See* proposed Second Amended Complaint, which has been improperly[2] filed

---

[1] Plaintiff's current operative complaint already alleges a RESPA claim, which the Chase Defendants respectfully submit is subject to dismissal for the reasons set forth in its pending Motion for Summary Judgment.

[2] The Chase Defendants anticipate filing a separate motion to strike this improper filing.

4

herein as Docket No. 119.) Notably, none of the allegations in the proposed Second Amended Complaint appear to relate to MERS, rendering the pleading futile as against MERS. Moreover, the Motion to Amend should be denied in any event because the new claims asserted in the proposed Second Amended Complaint are legally unsustainable, and therefore futile.

### (1) Plaintiff's Proposed FDCPA Claim Cannot Be Sustained

Plaintiff's proposed claim for violations of the FDCPA cannot be sustained. Chase, as a loan servicer, is not considered a debt collector under the FDCPA. The term "debt collector" under the FDCPA refers to persons who regularly collect or attempt to collect debts owed to another. 15 U.S.C. § 1692a(6). It does not include entities collecting their own debts or debts of another entity related by common ownership or affiliated by some form of corporate control. *Id.* at § 1692a(6)(B). This exclusion has been determined by to specifically include mortgage loan servicers. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009); *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009). Because Chase is not a "debt collector" within the meaning of the FDCPA, it could not be liable under the FDCPA.

### (2) Plaintiff's Proposed Accounting Claim Has No Merit

Plaintiff's proposed accounting claim alleges that Chase should provide an accounting of payments made by Plaintiff. This proposed claim fails because such a claim must be "tethered to relevant actionable claims." *Simon v. Bank of Am., N.A.*, 2010 WL 2609436, at *11 (D. Nev. June 23, 2010) (citations omitted). As stated throughout this Opposition, Plaintiff's proposed Second Amended Complaint does not present <u>any</u> sustainable claims upon which a claim for accounting could be based.

Moreover, a claim for accounting may only be brought where there is a fiduciary or trust relationship between the parties. *Id.* As a matter of law, there is no such relationship between a

lender (or a servicer) and a borrower. *See id.* at *12; *see also Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010). Thus, Plaintiff cannot state a claim for accounting, and it is therefore futile.

### (3) Plaintiff's Proposed Breach of Contract Claim Is Unsustainable

Plaintiff's proposed breach of contract claim must fail, among other reasons, because he cannot establish any damages as a result of any alleged failure by Chase to properly apply his payments. It is undisputed in this case that Plaintiff has failed to make a payment on the subject mortgage loan for nearly three years. Thus, even if Chase had improperly applied payments in the past, which Chase specifically denies, Plaintiff would still be in default of his loan obligations, and the loan would still be subject to foreclosure. This claim is futile.

### (4) Plaintiff's Proposed Claim for Negligence Cannot Be Sustained

Plaintiff's proposed negligence claim fails for at least two reasons. First, the claim fails because Plaintiff cannot establish any damages beyond alleged economic losses, and the economic loss doctrine precludes the recovery of purely economic losses under negligence theories, particularly where there is no personal injury or property damage. *Terracon Consultants, Inc. v. Mandalay Resort Group*, 125 Nev. Adv. Op. No. 8, 206 P.3d 81 (2009); *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1080-81 (D. Nev. 2004), reversed on other grounds, 494 F.3d 865 (9th Cir. 2007) (predicting that Nevada would apply the doctrine in the borrower-lender context). If there are no recoverable damages, there can be no sustainable claim of negligence. *See, e.g., Scialabba v. Brandise Constr. Co.*, 112 Nev. 965, 921 P.2d 928 (1996) (setting forth the elements of a claim for negligence).

Second, the claim fails because Plaintiff cannot establish that Chase owes him a duty of care. As set forth above, it is well established that lenders and loan servicers owe no special duty of care to borrowers. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 (D. Nev. Oct.

26, 2009) (noting that as a matter of law, lenders are not agents or fiduciaries of borrowers); *Elias v. HomeEQ Servicing*, 2009 WL 381270, at *2 (D. Nev. Feb. 25, 2009) (loan servicers have no special relationship with a borrower giving rise to extra-contractual duties); *Weingartner v. Chase Home Fin., LLC*, 2010 WL 1006708, at *9 (D. Nev. 2010) (no fiduciary duty between borrower and lender; indeed, such parties are adversaries, not fiduciaries). Absent a duty, there can be no claim for negligence. *See Scialabba*, 112 Nev. 965, 921 P.2d 928. In short, the proposed negligence claim is futile.

### (5) Plaintiff's Proposed Quasi-Contract Claim Is without Merit

While it is unclear precisely what Plaintiff is seeking by way of his "quasi-contract" claim, it appears he is asserting some sort of unjust enrichment claim. The claim is futile because there can be no unjust enrichment claim where, as here, there is an existing contract (*i.e.*, the subject loan). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 942 P.2d 182 (1997).

In short, because all of Plaintiff's proposed amended claims for relief are unsustainable, the proposed amendments are futile, and the Motion to Amend should be denied.

### C. The Motion to Amend Should Be Denied Because It Has Been Brought in Bad Faith

Finally, in addition to filing the instant Motion well beyond the deadline to do so, unduly delaying these proceedings and prejudicing the Chase Defendants, and otherwise raising unfounded claims which have no chance of surviving a motion to dismiss, it is clear that Plaintiff is seeking leave to amend to delay the inevitable: the trustee's sale of the subject property and subsequent eviction from the premises. A court has discretion to deny leave to amend where it is sought in bad faith. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Plaintiff has continued to reside in the subject property since his default without making any

payments on his mortgage loan. The longer this matter remains in litigation, the longer Plaintiff continues to reside rent-free. Thus, it appears Plaintiff's intentions are to further delay this litigation and extend his rent-free possession of the property. However, as set forth above, delay is an improper reason to seek leave to amend. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). This, alone, is reason enough to deny the Motion to Amend. Thus, Plaintiff should not be given leave to amend his complaint to further delay these proceedings.

## IV. CONCLUSION

Plaintiff's Motion to Amend must be denied for several reasons. First, allowing the proposed amended pleading at this late stage of the litigation would unduly delay these proceedings and cause undue prejudice to the defendants. Second, Plaintiff's proposed amendments are futile in any event. Third, Plaintiff has brought the Motion in an apparent attempt to needlessly prolong this unfounded litigation. In short, for the reasons set forth herein, the Chase Defendants respectfully request that Plaintiff's Motion to Amend be summarily denied.

DATED this ____ day of October, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, and Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18 day of October, 2012, a true copy of the foregoing **Opposition of Defendant JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. to Plaintiff's Motion for Leave to File Second Amended Complaint** was filed electronically via the court's CM/ECF system and served either electronically or by mail, postage prepaid, to the following as noted:

Joseph A. Guerra
8938 West Katie Ave.
Las Vegas, NV 89147
Plaintiff in Pro Per
(*Service via U.S. Mail*)

James E. Murphy, Esq.
Laxalt & Nomura, Ltd.
6720 Via Austi Pkwy., Ste. 430
Las Vegas, NV 89119
jmurphy@laxalt-nomura.com
and
M. Stephen Cho, Esq.
Cho Seasby Chung & Ignacio, LLP
10535 Foothill Blvd., Ste. 460
Rancho Cucamonga, CA 91730
scho@cscilaw.com
Attorneys for Defendant
Just Mortgage, Inc.
(*Service via CM/ECF*)

_____
an employee of Smith Larsen & Wixom

9