Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, Nevada 89147
Tel:702-243-3427
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra,<br><br>    Plaintiff,<br><br>vs.<br><br>JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS AND DOES 1-10<br><br>    Defendants. | Case No.:2:10-cv-00029-KJD-RJJ<br><br>**OBJECTION TO MOTION OF JP MORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT (FRCP 12(b),15(a)(2))** |

Plaintiff, Joseph A. Guerra respectfully submits this <u>Objection To Motion of JP Morgan Chase Bank,N.A. And Mortgage Electronic Registration Systems, Inc. To Strike Plaintiff's Second Amended Complaint</u> and states as follows:

### Memorandum of Points and Authorities

**1.** Rule 15 – Amended and Supplement Pleadings

  (a) Amendments before Trial

    (2)Other Amendments. A party may amend its pleading only with the opposing party's written consent or the courts Leave. The court should freely give Leave when justice so requires. And Id. at 182. In addition to the Rule 15(a) requirements, the Local Rules of Federal Practice in the District of Nevada require that a Plaintiff submit a proposed, amended complaint

1

along with a motion to amend. LR 15-1(a).

Plaintiff has perfomed exactly as required by the above FRCP 15(a)(2).

**2.** Dismissal under Rule 12(b)(6) may be based on either:

(a). lack of a cognizable legal theory, or

(b). insufficient facts under a cognizable legal theory. See <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

**3.** Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996). Defendants Chase/MERS tried to bring matters of scandalous nature (which are not true and have no basis) outside the pleadings which demonstrates a very unprofessional act.

**4.** Plaintiff finds the Defendants, Chase/MERS Motion To Strike inequitable and unconscionable and has insufficient evidence as a matter of law.

**5.** Please read in Title 12 of the United States Code (USC), it will tell you that a <u>Servicer is just that</u>, a Servicer such as the case with Chase who actually have **<u>NO legal authority to collect on a debt</u>** - let alone foreclosure on anyones home.

You will also discover that the Secretary of H.U.D. **must appoint** a **Commissioner** in order for a home to be foreclosed upon. In addition, each Debt Collector must file a B-10 Form in order to make a claim. However, in reality, each of those claim forms **are fraudulent** which constitutes **fraud** upon the Court because they (Chase) **do not** have the **ORIGINAL** "Wet" Promissory Note (dated March 19, 2008) and **DO NEED IT** in order for Chase to prove they have a claim.

Another point, when Chase took my Promissory Note and alters it in any way, it's an act of **Forgery**. For instance, when a simple writing that says, "For Deposit Only" which is written on the back of the Promissory Note is also an act of Forgery.

**The bottom line is this**: Chase **must** show me The "Chain of Custody" attached to the Original "Wet" Promissory Note plus the Original Deed of Trust with my original signature on it. For those of you who do not know what the term "Chain of Custody" means – it is the paper trail lending from the Original Lender to this third party who is claimimg to have the right of foreclosure, -- or reverse engineered from that third party back to the Original Lender (See attachments).

    **6.** This Court must know that RESPA, (15 U.S.C. Ch 27 Sec. 2605) was in acted in 1974 by Congress to STOP the Fraud that was going on against anyone involved with the act making loans.

The RESPA is a <u>law passed by Congress</u> to <u>protect consumers from Predatory Lending Practices</u> which **must** be upheld.

Title 15 of the U.S.C. - Is a <u>must</u> read for everyone. The RESPA "REQUEST" asks certain pertinent questions of the Lender that puts the <u>Lender</u> in a position of <u>telling the truth and if they</u> **don't and do not DISCLOSE** what is requested, **they are** then **in DEFAULT** of a **legal obligation**.

**WHEREFORE,** Plaintiff moves this Court for an Order <u>denying</u> Defendants Chase/MERS Motion To Strike Plaintiff's Second Amended Complaint and <u>grant</u> Leave for Plaintiff's Second Amended Complaint.

Respectfully Submitted,

_____
Joseph A. Guerra   UCC 1-308
Plaintiff in Pro Per

Date
November 08, 2012

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 08, 2012, I mailed a copy of this **OBJECTION TO MOTION OF JP MORGAN CHASE,N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT (FRCP 12(b), 15(a)(2))** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu

# ATTACHMENTS

# ATTACHMENT 1

**Subject:** FW: NEVADA SUPREME COURT: PROVE CHAIN OF TITLE

http://stopforeclosurefraud.com/2011/07/08/leyva-v-national-default-servicing-corp-nevada-supreme-court-remand-and-reverse-defective-asmt-u-c-c-article-3-no-endorsement-in-re-pasillas-wells-fargo-mortgageit/

**Nevada Supreme Court: You Gotta Prove Chain of Title**
posted by Adam Levitin

A pair of very interesting foreclosure rulings were handed down today by the Nevada Supreme Court. They provide further evidence that documentation problems are rife in the mortgage industry, including documents showing chain of title. They also provide another example of a state supreme court demanding proof of valid chain of title before permitting foreclosure.

Both cases arise from Nevada's foreclosure mediation program. In one case, Pasillas v. HSBC Bank USA, the Nevada Supreme Court ordered sanctions against HSBC for failing to mediate in good faith.

What was the failure? HSBC failed to show up at the mediation with the required loan documentation, namely two pages of the mortgage note were missing, the assignment to HSBC was incomplete, a BPO rather than an appraisal was provided. Moreover, HSBC didn't show up at the mediation with authority to settle because it still required "investor approval." The foreclosure mediator refused on these ground to authorize the foreclosure. The district court ordered the foreclosure to proceed, but the Nevada Supreme Court reversed the ruling and remanded with instructions for the district court to determine appropriate sanctions.

Three things are of note in this case.

First, it shows that the Nevada Supreme Court takes a very serious view of enforcing the requirements of the state's foreclosure mediation program. This was a unanimous decision. Second, it's another illustratation of the mortgage documentation SNAFU. And third, there's a very long footnote discussing and endorsing the Massachusetts Supreme Judicial Court's ruling in Ibanez v US Bank: "We agree with the rationale that valid assignments are needed when the beneficiary of a deed of trust seeks to foreclose on a property." That's now two states Supreme Courts now that are making clear that there's got to be good chain of title. We can add to that the NC Court of Appeals and arguably New Jersey.

All of this brings us to the second case, Levya v. National Default Servicing, Inc., another unanimous decision. Again, this case arose from a foreclosure mediation. At the mediation, Wells Fargo produced a certified original copy of the note and deed of trust naming another entity as the lender. Wells did not produce any assignments, just a notarized statement that it was in possession of the original note and DOT and any assignments thereto. (Gosh, I wonder if that employee had personal knowledge of the fact or not... Do you really think the employee looked at the physical paper?).

The mediator found that Wells Fargo hadn't met the statutory requirements for the mediation, but didn't make a finding of bad faith. The homeowner petitioned the district court for review, arguing that Wells Fargo acted in

7/17/2011

bad faith and should be sanctioned. The district court concluded that there was no bad faith. The Nevada Supreme Court reversed on appeal.

What's interesting in this case is an extended discussion of what constitutes a valid assignment of deeds of trust and of notes. For starters, the court noted that the transfers "are distinctly separate." Nevada, like Massachusetts, is a title theory state. That indicates that the mortgage follows the note theory just doesn't work there. And it's not as if the Nevada Supreme Court were unaware of UCC Article 9. The court discusses Judge Markell's 9th Circuit BAP decision in In re Veal that includes a detailed discussion of the working of UCC Article 9. [In re Veal never addressed the issue of whether UCC 9-203(g) applies to deeds of trust (which are sale and repurchases, not liens); the language of 9-203(g) could be read not to apply, but that need not concern us here.]

Instead, Nevada's views a deed of trust as a conveyance of land, so the state's Statute of Frauds applies, and it requires a written assignment. Wells never produced a chain of assignments from the originator to whatever trust was involved. Maybe Wells could do so, but it didn't.

Similarly, without being able to prove that the note had been endorsed or otherwise transferred to Wells (meaning that it was given to Wells for the purpose of enforcement), Wells "has not demonstrated authority to mediate the note." Put differently, Wells failed to prove standing.

Now let me emphasize that just because Wells didn't prove standing doesn't mean that it can't. But this should be raising a lot of questions. Does the paper exist? Can we verify that it is in fact the original and the dating of the signatures? If so, why isn't Wells producing it? Who is bearing the cost of these screw-ups? Is it MBS investors or is Wells eating it?

This strikes me as further evidence that the proposed BoA MBS settlement is just too hasty. There's simply too much evidence of major problems in the system for investors to settle without knowing more. It's a very different settlement if the documentation is fine, but the servicer's just incompetent and can't produce it than if the documentation was never done right in the first place and there's nothing the servicer can do. If I were an MBS investor, I'd want to know which situation I was facing.

July 8, 2011 at 9:48 PM in Mortgage Debt & Home Equity
Comments

HSBC is reportedly ridding household,subprime lender
Of course they date back to the 1980s, it seems that fees upon fees and tricks make a domino, can't pay

Nobody is saying how hard or easy it is to title,
obviously resorting to forgery is an easy careless way many times, but one is left wondering whether that was a quick and fast way to hide the problem,
although some say it cannot be proven, electronic transactions and securities are usually linked, many accountants say avoiding tax is not easy ,

7/17/2011

# ATTACHMENT 2

This e-mail has attached files - see below

A Supreme Court decision out of Ohio is going to change the course of foreclosures for many homeowners in Ohio as well as others across the country (see in particular paragraph 27 related to standing and paragraph 37 related to real party in interest in the bullet points below).

The case deals with the issue of STANDING *Federal Home Loan Mortgage Corporation v. Schwartzwald. The question before the court is as follows:* and REAL PARTY IN INTEREST. In Ohio, case law was split regarding whether or not a bank could submit assignments *after* instituting a foreclosure in order to establish its standing to sue, or whether the bank had to be in possession of those assignments and proper indorsements on the note *prior* to initiating the foreclosure complaint.

This Supreme Court decision has finally settled that debate - a bank must prove it has standing to sue PRIOR to filing a complaint in mortgage foreclosure.

Everyone should read this case. There is a ton of federal case law cited in this decision that EVERYONE CAN USE in their case. And if done properly, this case can be cited in your own case - even if you're outside Ohio - but you must use it properly in order for your court to recognize its authority.

I'll highlight some of the important parts of this decision so you can get a flavor of what went down in

{¶ 19} Accordingly, the question presented is whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment.

## STANDING

- {¶ 3} However, standing is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint. Thus, receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action.
- {¶ 17} The Schwartzwalds explain that the essential aspect of standing is injury to a legally protected right and claim that Federal Home Loan had not been injured by their default at the time it commenced this foreclosure action, because it had not obtained the note and mortgage until after it filed the complaint. Relying on federal caselaw, they maintain that standing is determined as of the time the action is brought, so that subsequent events do not cure a lack of standing. They further urge that although the requirement of a real party in interest can be waived, that requirement cannot be equated with the requirement of standing.
- A party has standing to sue if it has a "personal stake in the outcome of the controversy." quoting Middletown v. Ferguson, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986), quoting Sierra Club v. Morton, 405 U.S. 727, 731-732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1972)
- {¶ 24} Because standing to sue is required to invoke the jurisdiction of the common pleas court, "standing is to be determined as of the commencement of suit." Lujan v. Defenders of Wildlife, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5; see also Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154-1155 (10th Cir.2005); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir.2003); Perry v. Arlington Hts., 186 F.3d 826, 830 (7th Cir.1999); Carr v. Alta Verde Industries, Inc., 931 F.2d 1055, 1061 (5th Cir.1991)
- {¶ 25} Further, invoking the jurisdiction of the court "depends on the state of things at the time of the action brought," Mullan v. Torrance, 22 U.S. 537, 539, 6 L.Ed. 154 (1824), and the Supreme Court has observed that "[t]he state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction." Rockwell Internatl. Corp. v. United States, 549 U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).
- {¶ 26} Thus, "[p]ost-filing events that supply standing that did not exist on filing may be disregarded, denying standing despite a showing of sufficient present injury caused by the challenged acts and capable of judicial redress." 13A Wright, Miller & Cooper, Federal Practice and Procedure 9, Section 3531 (2008); see Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 575, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004), quoting Caterpillar Inc. v.

Lewis, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (rejecting argument that " 'finality, efficiency, and judicial economy' " can justify suspension of the time-of-filing rule); Utah Assn. of Counties v. Bush, 455 F.3d 1094, 1101, and fn. 6 (10th Cir.2006) (a plaintiff cannot rely on injuries occurring after the filing of the complaint to establish standing).

- {¶ 27} This principle accords with decisions from other states holding that standing is determined as of the filing the complaint. See, e.g., Deutsche Bank Natl. Trust v. Brumbaugh, 2012 OK 3, 270 P.3d 151, ¶ 11 ("If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed without prejudice * * *" [emphasis added]); U.S. Bank Natl. Assn. v. Kimball, 190 Vt. 210, 2011 VT 81, 27 A.3d 1087, ¶ 14 ("U.S. Bank was required to show that at the time the complaint was filed it possessed the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to U.S. Bank" [emphasis added]); Mtge. Electronic Registration Sys., Inc. v. Saunders, 2010 ME 79, 2 A.3d 287, ¶ 15 ("Without possession of or any interest in the note, MERS lacked standing to institute foreclosure proceedings and could not invoke the jurisdiction of our trial courts" [emphasis added]); RMS Residential Properties, L.L.C. v. Miller, 303 Conn. 224, 229, 232, 32 A.3d 309 (2011), quoting Hiland v. Ives, 28 Conn.Supp. 243, 245, 257 A.2d 822 (1966) (explaining that " '[s]tanding is the legal right to set judicial machinery in motion' " and holding that the plaintiff had standing because it proved ownership of the note and mortgage at the time it commenced foreclosure action); McLean v. JP Morgan Chase Bank Natl. Assn., 79 So.3d 170, 173 (Fla.App.2012) ("the plaintiff must prove that it had standing to foreclose when the complaint was filed"); see also Burley v. Douglas, 26 So.3d 1013, 1019 (Miss.2009), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5 (" 'standing is to be determined as of the commencement of suit' "); In re 2007 Administration of Appropriations of Water of the Niobrara, 278 Neb. 137, 145, 768 N.W.2d 420 (2009) ("only a party that has standing may invoke the jurisdiction of a court or tribunal. And the junior appropriators did not lose standing if they possessed it under the facts existing when they commenced the litigation" [footnote omitted]).

REAL PARTY IN INTEREST

- {¶ 30} At common law, all actions had to be brought in the name of the person holding legal title to the right asserted, and individuals possessing only equitable or beneficial interests could not sue in their own right. See generally Clark & Hutchins, The Real Party in Interest, 34 Yale L.J. 259 (1925); 6A Wright, Miller & Kane, Federal Practice and Procedure, Section 1541 (2010).
- {¶ 33} As the Supreme Court explained in Lincoln Property Co. v. Roche, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005), the real-party-in-interest rule concerns only proper party joinder. [OH] Civ.R. 17(A) does not address standing; rather, the point of the rule is that "suits by representative plaintiffs on behalf of the real parties in interest are the exception rather than the rule and should only be allowed when the real parties in interest are identifiable and the res judicata scope of the judgment can be effectively determined." Consumer Fedn. of Am. v. Upjohn Co., 346 A.2d 725, 729 (D.C.1975) (construing analogous District of Columbia rule).
- {¶ 34} Thus, the Third and the Ninth Circuits have rejected the notion that Fed.R.Civ.P. 17 (a), on which Civ.R. 17(A) is based, allows a party with no personal stake in a controversy to file a claim on behalf of a third party, obtain the cause of action by assignment, and then have the assignment relate back to commencement of the action, stating:

"Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period." Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 563 (3d Cir.2008), quoting United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1075 (9th Cir.1989).

- {¶ 37} Other courts have also determined that a plaintiff cannot rely on procedural rules similar to Civ.R. 17(A) to cure a lack of standing at the commencement of litigation. Davis v. Yageo Corp., 481 F.3d 661, 678 (9th Cir.2007) ("whether or not Dux was the real-party-in-interest, it does not have standing, and it cannot cure its standing problem through an invocation of Fed.R.Civ.P. 17(a)"); Clark v. Trailiner Corp., 242 F.3d 388 (10th Cir.2000) (table), opinion reported at 2000 WL 1694299 (noting that the plaintiff cannot "retroactively become the real-party-in-interest" in order to cure a lack of standing at the filing of the complaint [emphasis sic]); accord State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027-1028 (Ala.1999) (rejecting the argument that a lack of standing can be cured after filing of the complaint); Consumer Fedn. of Am. v. Upjohn Co., 346 A.2d 725, 729

(D.C.App.1975) (explaining that dismissal for lack of standing is consistent with D.C. Super.Ct.Civ.R. 17(a)); see also McLean v. JP Morgan Chase Bank Natl. Assn., 79 So.3d 170, 173 (Fla.App.2012) ("a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact").

- a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.
- {¶ 39} Accordingly, a litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest.

A lot of the language in this decision can be helpful when formulating arguments regarding standing and real party in interest. I encourage you to read this decision carefully.