Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:   (702) 252-5002
Fax:   (702) 252-5006
Email: kfl@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor
by merger to Chase Home Finance LLC, and
Mortgage Electronic Registration Systems, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH A. GUERRA, | ) |
| | ) CASE NO.  2:10-cv-00029-KJD-RJJ |
| Plaintiff, | ) |
| | ) |
| v. | ) **OBJECTION OF DEFENDANTS** |
| | ) **JPMORGAN CHASE BANK, N.A. AND** |
| JUST MORTGAGE INC.; CHASE EHOME | ) **MORTGAGE ELECTRONIC** |
| FINANCE; MERS and DOES 1-10, | ) **REGISTRATION SYSTEMS, INC. TO** |
| | ) **PLAINTIFF'S REQUEST FOR** |
| Defendants. | ) **JUDICIAL NOTICE** |
| | ) |

Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC ("Chase"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Chase Defendants"), by and through their undersigned counsel, hereby lodge their objection ("Objection") to Plaintiff Joseph A. Guerra's ("Plaintiff") "Motion for Requests for Judicial Notice – FRE 201(d)" (Docket No. 125) (the "Request for Judicial Notice"). Chase Defendants' Objection is supported by the following memorandum of points and authorities, the record

herein, and any argument the Court may hear on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

Chase Defendants object to Plaintiff's Request for Judicial Notice for several reasons. First, Plaintiff requests that the Court take judicial notice of three Nevada Supreme Court decisions, *Pasillas v. HSBC Bank USA*, ____ Nev. ____, 255 P.3d 1281 (2011), *Leyva v. National Default Servicing Corp.*, ____ Nev. ____, 255 P.3d 1275 (2011), and *Edelstein v. Bank of New York Mellon*, ____ Nev. ____, 286 P.3d 249 (2012). All of these decisions relate to petitions for judicial review filed under Nevada's Foreclosure Mediation Program ("FMP"), and are thus irrelevant to the instant proceeding. Plaintiff has not alleged that he ever participated in the FMP, and has not raised any claims herein relating to the program. Indeed, the only claim remaining herein as against the Chase Defendants is a claim for alleged violations of the Real Estate Settlement Practices Act, a federal claim that is wholly unrelated to Nevada's FMP.

Second, Plaintiff requests that the Court take judicial notice of deposition testimony, ostensibly taken in connection with a Florida action. This Court must reject Plaintiff's request because the deposition testimony sought to be judicially noticed cannot be "accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." FRE 201(b)(2).[1] Indeed, Plaintiff acknowledges that he "understand[s] and expect[s] Defendants to challenge" the admissibility of the purported deposition transcript. (Request for Judicial Notice, p. 3.) This is because the transcript is not certified or otherwise authenticated via affidavit or otherwise, and is merely posted on a website that is of unknown origin or authorship. Indeed, the authenticity of <u>any</u> document posted on the website cited in Plaintiff's Request for Judicial Notice can be easily questioned, and thus is not properly subject to judicial notice.

---

[1] Likewise, the purported deposition testimony does not constitute a fact "generally known" within this District. *See* FRE 201(b)(1).

2

Moreover, the alleged deposition was taken in connection with a Florida case that has no bearing, relevance, or precedence with respect to the instant matter. While Plaintiff asserts that the deposition is relevant because the deponent testified that he is not aware of any schedule evidencing which loans were purchased by Chase from the Federal Deposit Insurance Corporation ("FDIC") (*see id.*), the deponent's lack of awareness of such a schedule does not confirm that there is no such schedule, as Plaintiff implies. In any event, Plaintiff has never alleged in this litigation that his loan was purchased by Chase from the FDIC, so the alleged deposition testimony is wholly irrelevant here.

For all of the foregoing reasons, Chase Defendants respectfully request that the Request for Judicial Notice be summarily denied.

DATED this 13 day of November, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance LLC, and Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13 day of November, 2012, a true copy of the foregoing **Objection of Defendants JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. to Plaintiff's Request for Judicial Notice** was filed electronically via the court's CM/ECF system and served either electronically or by mail, postage prepaid, to the following as noted:

Joseph A. Guerra
8938 West Katie Ave.
Las Vegas, NV 89147
Plaintiff in Pro Per
*(Service via U.S. Mail)*

James E. Murphy, Esq.
Laxalt & Nomura, Ltd.
6720 Via Austi Pkwy., Ste. 430
Las Vegas, NV 89119
jmurphy@laxalt-nomura.com
and
M. Stephen Cho, Esq.
Cho Seasby Chung & Ignacio, LLP
10535 Foothill Blvd., Ste. 460
Rancho Cucamonga, CA 91730
scho@cscilaw.com
Attorneys for Defendant
Just Mortgage, Inc.
*(Service via CM/ECF)*

_____
an employee of Smith Larsen & Wixom

4