Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Joseph A. Guerra,

   Plaintiff,

  vs.

JUST MORTGAGE, INC.; CHASE HOME
FINANCE, LLC; MERS and
DOES 1-10,

   Defendants.

Case No.: 2:10-cv-00029-KJD-RJJ

**RESPONSE TO DEFENDANTS CHASE/
MERS OBJECTION TO PLAINTIFF'S
REQUEST FOR JUDICIAL NOTICE**
(Doc.#129)

I recently received the "**OBJECTION OF DEFENDANTS JP MORGAN CHASE BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**" by mail.[1]

Evidently these Defendants and their attorney(s) can't read plain English. For their benefit my Request for Judicial Notice plainly cited FRE 201(d) and its mandate "A court **shall** take judicial notice if requested by a party and supplied with the necessary information."[2] Do I really need to brief this court and these Defendants on statutory construction and what exactly "shall" means?[3] This Rule seems to be unambiguous and this court must assume the lawmakers mean what they said.[4]

Otherwise it seems to me Defendants CHASE/MERS' Objection breaks down to these three points:

1.   Defendants failed to request a hearing;

2.   Defendants are wrong about Pasillas, Leyva and Edelstein; and

3.   Discovery is the alternative on the Nardi Deposition.

### "1. Defendants failed to request a hearing"

I do not see anywhere in their Objection that the Defendants provided any authority whatsoever for this court to summarily deny my judicial notice. Nor do I see where these Defendants actually requested a hearing on this matter. FRE 201(e) provides for that opportunity: **"On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."**

It is a matter of law this court has already taken judicial notice. I will leave it up to the court's sound exercise of discretion whether or not it schedules and notifies the parties of a hearing on this matter.

### "2. Defendants are wrong about Pasillas, Leyva and Edelstein"

Defendants said they:

"Object to Plaintiff's Request for Judicial Notice for several reasons. First, Plaintiff requests that the Court take judicial notice of three Nevada Supreme Court decisions, Pasillas v. HSBC Bank USA,_Nev._,255 P.3d 1281 (2011), Leyva v. National Default Servicing Corp.,_Nev._ 255 P.3d 1275(2011), and Edelstein v. Bank of New York

Mellon,_Nev._286 P3d 249(2012). All of these decisions relate to petitions for judicial review filed under Nevada's Foreclosure Mediation Program ("**FMP**"), and are thus irrelevant to the instant proceeding. Plaintiff has not alleged that he ever participated in the **FMP,** and has not raised any claims herein relating to the program."

These Defendants can only wish Pasillas, Leyva and delstein can be so narrowly read and interpreted by this court. Unfortunately for them they have far more impact on this case as I have taken the trouble to explain the importance of Pasillas and Leyva in my Motion for Leave to Amend[5] and reminded you all in my Motion to Strike.[6] I even took the trouble to attach actual copies from our Supreme Court website in both my First Request and Second Request.[7] Edelstien is relevant because **MERS** and the importance of the instruments being joined for Defendants to have an interest in them.

I cited these cases because I can read and reason, and even I can see through the legalese and how important and relevant they are here. I also need to say that Defendants CHASE/MERS and their apparently incompetent legal professionals <u>can't read at least at my level</u> is their problem.

## "3. Discovery is the alternative on the Nardi Deposition"

Here, Defendants have Objected to the provided link to that deposition testimony. For the sake of argument, and without admitting the relevant parts of **FRE 201** gives this court the

leeway to accept their objections, the obvious alternatives are that the Defendants provide true copies of:

1. The schedule of loans created to represent either the loans that were asset loans or the loans that were serviced by Washington Mutual(**WAMU**);

2. The database of loans created to represent either the loans that were asset loans or the loans that were serviced by (**WAMU**);

3. Anything else showing transfer of ownership from Just Mortgage, Inc. to Washington Mutual(**WAMU**) and from Washington Mutual(**WAMU**) to Chase, specifically, endorsements or legal assignments.

Also, I did mention on request that I would contact the court reporter shown for a certified/authenticated copy of the full transcript. I do not see where these Defendants made any such request. Discovery seems to be the reasonable alternative if the court rejects the link to the Nardi Deposition and inadmissible.

I expressly reserve the right to amend or supplement this Response if I believe it is needed. I also reserve my right to have the court construe this paper according to **FRBP 1001** and **7008(a)** by its inclusion of **FRCP 8(e)**.

---

[1]See Docket #129

[2]Docket #125;boldface is my emphasis added to the quoted text

[3] "Has a duty to;more broadly,is required to" - Black's Law Dictionary (8th ed. 2004), page 1407

[4]Connecticut National Bank v. Germain, 503 U.S. 249, 253-54 (1992):"courts

must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then. . . 'judicial inquiry is complete.'"

[5]Available to all on PACER beginning @ Case 2:10-cv-00029-KJD-RJJ Document 118 Filed 10/01/12 Page 3 of 9

[6]PACER @ Case 2:10-cv-00029-KJD-RJJ Document 127 Filed 11/08/12 Page 3 of 18

[7]See again generally Docket #125

Submitted with all rights reserved on November 29, 2012

Respectfully,

November 29, 2012
Date

Joseph A. Guerra, UCC 1-308
Plaintiff in Pro Per

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing RESPONSE TO DEFENDANTS CHASE/MERS OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE on this 29th DAY OF November 2012, been timely forwarded to the address of counsel for Chase/Mers & counsels for Just Mortgage, Inc. Via U.S. Regular Mail with a copy of this pleading as follows:


James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV  89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu

6 OF 6