Joseph A. Guerra
8938 W. Katie Ave.
Las Vegas, NV 89147
Tel:702-243-3427
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Joseph A. Guerra, | Case No.:2:10-cv-00029-KJD-RJJ |
| Plaintiff, | RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION TO STRIKE THEIR OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC.#131) |
| vs. | |
| JUST MORTGAGE, INC.; CHASE HOME FINANCE, LLC; MERS and DOES 1-10; | |
| Defendants. | |

Plaintiff's Response To Opposition Of Defendants Chase/Mers to my Motion To Strike Their Opposition to my Motion For Leave To File a Second Amended Complaint is supported by the following Memorandum of Points and Authorities:

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.**" Under FRCP 12(f), stated before answering a complaint or before responding to a motion that has been filed you can file a motion to strike:

from any pleading[1] any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

---

[1]"Pleading-In modern legal practices under the Federal Rules of Civil Procedure, pleading is no longer inflexible, and pleadings may be amended freely to fit facts as they develop. Modern pleadings include complaints, answers(which may include counter-claims or cross-claims), replies (or answers) to these claims, and third party complaints and answers." [(Oran Daniel Dictionary of the Law (third Edition)]

It is quite clear that Defendants Chase/Mers Response Motion (Doc.#121) were full of immaterial, impertinent quotes from Case Laws and scandalous allegations regarding this case and Plaintiff personally. Apparently, the attorney's language are full of frutrations, the venom is coming out of their mouths and off their finger tips because they no longer can manipulate the plaintiff. Their arguments and opposition theories of law are wrong and sooner or later they will be proven wrong. I do not understand why the Defendants attorney believe that this lawsuit involves foreclosure like so many other cases. **Again**, let me be perectly clear of why I filed this lawsuit. **It was filed in order to find out whether Chase Home Finance, LLC is the legal Owner of my Loan and has the right to collect payments from the Plaintiff**. Under FDCPA Section 809 , Validation of debts [15 USC 1692g](b) - If the consumer notifies the debt collector in writing within the thirty-day period described in the subsection (a) that the debt , or any portion thereof , is disputed, or that the consumer requests the name and address of the original creditor, the debt collector, such as Defendant Chase shall cease collection of the debt, until the debt collector obtains verification of the debt or the name and address of the original creditor. Defendant, Chase has failed to perform in regard to this matter where on four occassions did not answer Plaintiff's requests(RESPA). In addition, under the Federal Privacy Act of

1974 and the Freedom Act of 1974 the consumer has the right to demand the information requested by Plaintiff.

    **2.** The Plaintiff has **no intention** whatsoever in **delaying** this litigation. It was because this Court (strangely, for an unexplained reason) has stood moot for about six (6) month period from 11/10/2011 to 05/16/1012. Additionally, it was because Defendants Chase/Mers had refused to accept Plaintiff's offer for a Settlement Conference that was offered during September 2012. As a result, the Plaintiff had to request the Court for the Leave for Second Amended Complaint in order to obtain JUSTICE. As far as the Plaintiff is concerned, Defendant Chase attorneys are just using delay tactics for as long as they can because in actuality they are the only party can benefit from this delay.

    **3.** Chase Home Finance, LLC have been paid at least twice already for Plaintiff's Mortgage Loan where Chase has not even proved they have the Standing to collect any payments from me.

    **a.** First time, during 12/2009 from my Mortgage Insurance Company showing on the "Bar Code" on the **Allonge** from a copy of the **Promissory Note** dated March 19, 2008. Under USDA CFR Title 7 1901.503 – Definition (10) insured note. Any **Promissory Note** or **Bond** evidencing an insured loan regardless of whether it is held by FMHA or its successor agency under Public Law 103-354 in the

insurance fund, by a private holder, or by FMHA or its success agency under Public Law 103-354 as trustee.

Chase Home Finance, LLC has illegally collected on the above Mortgage Insurance Fund because they have **NO STANDING**.

**b.** Second time, during 01/2011 from a Secured Creditor(friend of the plaintiff) issued a Check of legal tender for $299,000.00. I do not need to write in details because the Defendants Chase/MERS attorneys have no background in understanding of the transaction of this legal tender of Check of $299,000 which should be paid to the Real Legal Owner of my Mortgage Loan.

**4.** Chase/MERS **have not** shown any material fact/evidence of **Standing** and have <u>had more than enough time</u> to <u>PROVE</u> up at this juncture. Furthermore, Defendants Chase/MERS <u>have not</u> <u>filed</u> an Affidavit or Depository testimony from any high level executives **<u>to establish that they own and hold the Note and Mortgage to have Standing to collect</u>**. The only comments have been from 3rd party attorneys that **do not** know all the facts and thereby <u>cannot attest</u> to the accuracy of their clients.

**5.** As far as MERS are concerned, although MERS presumed it's the beneficiary under my Deed of Trust which created irreconcilable contradictions of fact and law. It means that the Holder of my Mortgage or the Beneficiary under my Deed of Trust, is an impenetrable cloud that **is not** subject to any authority or

documentation that <u>would satisfy any rule of evidence</u>. The obligation that arose when I **refinanced** my house and the money advanced by the investor(?) **<u>was not</u>** reflected in all my Closing Documents. Thus the presumption that the Note is evidence of the obligation and that the Deed of Trust is incident to the Note **is False**. Therefore, the right of Sale **<u>is not enforceable</u>** upon a **declaration of default** by an entity that was **NOT** a party to the Loan transaction between the Investor and the Borrower. As a **result**, the **<u>obligation is legally unsecured</u>** in every MERS – related transaction.

    **Furthermore**, I am attaching an article stated <u>MERS Deeds of Trust and the enforceability problem they face</u> (**See Exhibit A**) which explains why MERS has **<u>NO STANDING in my Mortgage either</u>**.

    **6.** Lastly, the following Case Law on Bank Loans further confirm the Plaintiff's need to file the Second Amended Complaint:

    **<u>a.</u>** "Bank must give us the bookkeeping entries with an affidavit or the banks evidence is hearsay evidence. One cannot enter hearsay evidence into the court": <u>Supreme Court of Hawaii, Pacific Concrete Federal Credit Uniion, Plaintiff Appelles v. Andrew J.S. Kauanoe,</u> Defendant Appellant no. 6362 July 17, 1980.

    **<u>b.</u>** "Banks must have possession of the promissory note before the banker can collect" <u>Staff Mort. and Investment Corp.,</u>

550 F 2d 1228 (9th Cir 1977).

<u>c.</u> "Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contracts, and which is so acted upon constitutes 'fraud', and entities party deceived to avoid contract or recover damages." <u>Bamsdall Refining Corn. v. Birnam Wood Oil Co.</u>, 92 F 26 817.

## CONCLUSION

From the above, Plaintiff can testify that Chase/MERS **are not** Holders in Due Course. Therefore, they **are not** a party of interest and have **NO STANDINGS** in a court of law.

Also, they do not want the Plaintiff and the Court to see how they have profited from the sale of my Original Note and received money from other sources. Defendant, Chase made illegal, negligent and fraudulent representations to me so that they can continue to collect payments from the Plaintiff illegally.

**WHEREFORE**, Plaintiff is <u>demanding</u> to see the Original "wet-ink" signatures on the Original Promissory Notes, Deed of Trust including a properly recorded Chain of Title. Chase has failed to produce and make available the above documents for more than three (3) years. The only remedy to solve this problem is for

this Court to GRANT Plaintiff the Leave To File Second Amended
Complaint.


Respectfully submitted,

December 05, 2012
Date


Joseph A. Guerra, UCC 1-308
Plaintiff in Pro Per

· 7

## CERTIFICATE OF SERVICE

I hereby certify that on December 05, 2012, I mailed a copy of this **RESPONSE TO OPPOSITION OF DEFENDANTS CHASE/MERS TO PLAINTIFF'S MOTION TO STRIKE THEIR OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC.#131)** to the following parties by First Class Mail:

James E. Murphy, Esq.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89119

Katie M. Weber, Esq.
Smith Larson & Wixom
Hill Center Business Park
1935 Village Center Cr.
Las Vegas, NV 89134

M. Stephen Cho, Esq.
CHO SHEASBY CHUNG & IGNACIO, LLP
1035 Foothill Blvd., Suite 460
Ranco Cucamonga, CA 91730

Beata Hu

# EXHIBIT A

MERS Deeds of Trust and the enforceability problem they face

The Note and the Deed are inseparable

One of the most innovative ways banks have avoided paying county clerks fees for transferring titles from one property owner to another is by the use of Mortgage Electronic Registration System, or MERS. The problem with MERS is that its operational model requires a bifurcation or separation of the Deed of Trust from the promissory note. In almost every MERS loan, the note names a different entity, while the Deed names MERS as the beneficiary. To perfect a lien, the holder of the note should be the same entity that holds the Deed. However, with the securitization of most mortgages, and the use of MERS, it is almost impossible for that to happen.

MERS realized it had a problem and in February this year released a memo asking all entities to stop foreclosing in its name. The memo in part reads: "To comply with this guidance, MERS Members should implement the following practices, effective immediately.
. . . In recent months legal challenges have arisen regarding alleged inadequacies and improprieties in the foreclosure process including allegations of insufficient or incorrect supporting documentation and challenges to the legal capacity of parties' right to foreclose . . . MERS is planning to shortly announce a proposed amendment to Membership Rule 8. The proposed amendment will require members to not foreclose in MERS' name. Consistent with the Membership Rules there will be a 90-day comment period on the proposed Rule. During this period we request that Members do not commence foreclosures in MERS'
name." The announcement can be viewed here.
MERS realized it could not demonstrate an agency relationship between itself and the note holder that gives MERS the authority to transfer assignments from one entity to another. Furthermore, it would be against MERS' procedure of operation to make an assignment yet MERS acknowledges in its very own Procedures Manual that it cannot make any transfer of assignments to another. MERS' own admission: "MERS cannot transfer the beneficial rights to the debt. The debt can only be transferred by properly endorsing the promissory Note to the transferee." (page 63). You may read or download the entire manual here.

So if MERS cannot transfer the assignments, how is it possible that in foreclosure actions judges are presented with pre-dated documents that purport to transfer the assignment from MERS to another entity, usually a bank? Since MERS doesn't do the assignments, in most cases, it is the foreclosure mills that create these documents themselves and pretend MERS transferred the assignment. It is the reason why MERS is prohibiting these firms and banks from foreclosing in its name.
MERS has itself to blame because it is peddling its corporate seal on its Website for $25. Virtually any foreclosure mill can purchase the seal, create and notarize an alleged Deed of Trust, present it to a judge and proceed to foreclose, if the homeowner does not object the documents. The MERS corporate seal being peddled can be seen here. There is also a live link, which I suspect they may disable soon.
http://www.mersinc.org/mersproducts/pricing.aspx?mpid=4

The Note and the Deed are inseparable

Because the MERS system separates the note and the Deed which is evident since both documents name different entities, the Deed of Trust is rendered unenforceable because it is in violation of Carpenter v. Longan. In 1872, The United States Supreme Court announced this classic statement in this rule:

"The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." (quoting Carpenter v. Longan, 83 U.S. (16 Wall) 271, 274 (1872))).

Also In re BNT Terminals, Inc., 125 B.R. 963 (Bankr. N.D. Ill. 1990) ("An assignment of a mortgage without a transfer of the underlying note is a nullity. . . . It is axiomatic that any attempt to assign the mortgage without transfer of the debt will not pass the mortgagee's interest to the assignee."

In another ruling, First Nat'l Bank of SACO v. Vagg, 212 P. 509, 511 (Mont. 1922) "A mortgage, as distinct from the debt it secures, is not a thing of value nor a fit subject of transfer; hence an assignment of the mortgage alone, without the debt, is nugatory, and confers no rights whatever upon the assignee. The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while the assignment of the latter alone is a nullity. The mortgage can have no separate existence."

In Southerin v. Mendum, 1831 WL 1104, at * 7 (N.H. 1831) ("[T]he interest of the mortgagee is not in fact real estate, but a personal chattel, a mere security for the debt, an interest in the land inseparable from the debt, an incident to the debt, which cannot be detached from its principal.")

Another ruling was in Barton v. Perryman, 577 S.W.2d 596, 600 (Ark. 1979) and also in Kelley v. Upshaw, 246 P.2d 23 (Cal. 1952) ("In any event, Kelley's purported assignment of the mortgage without an assignment of the debt which is secured was a legal nullity.")

The Deed of Trust problem

The biggest problem MERS Deeds of Trust face is that there is no Grantor, Grantee or what has been Granted that was named. Many lawyers are on the lower end of the learning curve when it comes to these issues because MERS and securitization are fairly new. However, many courts have held that a document attempting to convey an interest in realty fails to convey that interest if the document does not name an eligible Grantee or Grantor.

Courts around the country have long held, "There must be, in every Grant, a Grantor, a Grantee and a thing Granted, and a deed wanting in either essential is absolutely void."

Look at any MERS Deed of Trust, you'll see that most of them violate this rule. In the case of Richey v. Sinclair, 47 N.E. 364, 365 (Ill. 1897) the court ruled, ("The law is well settled that a deed without the name of a Grantee is invalid. It is said there must be in every Grant a Grantor, a Grantee, and a thing Granted; and a deed wanting in either essential will be void.").

In Disque v. Wright, 49 Iowa 538, 540 (1878) ("It has been frequently held that slight omissions in the acknowledgment of a deed destroy the effect of the record as constructive notice. A fortiori, it seems to us, should so important and vital an omission as that of the name of the Grantee have that effect.")

In Allen v. Allen, 51 N.W. 473, 474 (Minn. 1892) (omission of name of Grantee invalidated conveyance because "[a] legal title to real property cannot be established by parol.")

The most memorable is by the NY Supreme Court in in Chauncey v. Arnold, 24 N.Y. 330, 338 (1862) ("No mortgagee or obligee was named in [a mortgage], and no right to maintain an action thereon, or to enforce the same, was given therein to the plaintiff or any other person. It was, per se, of no more legal force than a simple piece of blank paper.")

Back-dated or retroactive assignments of the Deed

Most cases that you read about, homeowners claim that they were presented with a back-dated assignment of the Deed of Trust after a foreclosure action had commenced. The problem is that if the assignment happened after court papers were filed, then the foreclosing entity never had standing to begin with therefore can't foreclose.

In order to commence a foreclosure procedure, the party must have a legal or equitable interest in the mortgage (Katz v East-Ville Realty Co., 249 AD2d 243, 243).

A "foreclosure of a mortgage may not be brought by one who has no title to it."
 (Kluge v Fugazy, 145 AD2d 537, 538).
An assignee cannot maintain an action for any part of a claim which has not been assigned to him.
(Works v. Winkle , 234 S.W.2d 312, 315 (Ky. App. 1950)).

A mere expectancy is not enough to establish standing, a party must prove a "present or substantial interest." Plaza B.V. v. Stephens, 913 S.W.2d 319, 322 (Ky.1996)(quoting Ashland v. Ashland F.O.P. No.3, Inc., 888 S.W.2d 667 (Ky. 1994).

In this particular case, defendants did not have an interest in the mortgage at the time the foreclosure action was commenced (LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d at 911).

The Court in L aSalle found that: "The written assignment submitted by plaintiff was indisputably written subsequent to the commencement of this action and the record contains no other proof demonstrating that there was a physical delivery of the mortgage prior to bringing the foreclosure action." (LaSalle Bank Natl. Assn. v Ahearn,59 AD3d 912).

As such, a retroactive assignment cannot be used to confer standing upon the assignee in a foreclosure commenced prior to the execution of the assignment.(LaSalle Bank Natl. Assn.,59 AD3d 912).

It now makes sense that MERS took a close look at its Deeds and recognized this problem, however almost 60 percent of American homes have Deeds in MERS name. It is up to homeowners and their attorneys to challenge the enforceability of these documents, if they find themselves in court fighting to keep their homes

12/1/2012