# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH A. GUERRA,

    Plaintiff,

v.

JUST MORTGAGE, INC., *et al.*,

    Defendants.

Case No. 2:10-CV-00029-KJD-NJK

**ORDER**

    Before the Court is the Motion for Summary Judgment (#63) filed by Defendants JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. (Collectively the "Chase Defendants"). Plaintiff Joseph A. Guerra has filed an opposition (#71) and the Chase Defendants have filed a reply (#74).

    Also before the Court is the Motion for Summary Judgment (#80) filed by Defendant Just Mortgage, Inc. Plaintiff has filed an opposition (#83) and Just Mortgage has filed a reply (#85).

    Also before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (#118). The Chase Defendants filed an opposition (#121) and a Motion to Strike the Second Amended Complaint (#122). Plaintiff filed an opposition (#128) and a Motion to Strike (#127) and the Chase Defendants opposed and replied (## 130, 131). Just Mortgage joined with the Chase Defendants in the motions to strike and oppositions (## 132 - 136). Plaintiff filed a reply in support of his motion to strike (#138).

I. Background

On March 19, 2008, Plaintiff obtained a loan in the amount of $273,000.00 from Defendant Just Mortgage, Inc., which was secured by a deed of trust on real property located at 8938 West Katie Avenue, Las Vegas, Nevada.[1] (Compl. ¶ 4, 6–7, 16.)   Subsequently, Guerra defaulted on his loan obligations, triggering non-judicial foreclosure proceedings.

Plaintiff filed a complaint alleging various causes of action against Defendants.  The Court issued an order (#51) dismissing all these causes of action except Plaintiff's claim for violations of the Real Estate Settlement Procedures Act ("RESPA").

II. Discussion

    A. Standard for Summary Judgment

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a genuine dispute for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary judgment motions can only be defeated by admissible evidence.  In re: Oracle Corporation Securities Litigation, 627 F.3d 376, 385 (9th Cir. 2010). "A conclusory, self-serving affidavit, lacking detailed

---

[1] The Deed of Trust attached to Plaintiff's Amended Complaint lists Just Mortgage Inc. as the Lender, Chicago Title Company as the Trustee, and MERS as the Nominee Beneficiary. (#22 at 34.) An allonge, attached as Exhibit 2, to Plaintiff's Amended Complaint provides that borrower, Plaintiff, is to pay the principal balance of $273,000.00 to JP Morgan Chase, Bank, N.A.  The Document was purportedly created by Just Mortgage on March 19, 2008 under loan number 0051161415.  The allonge however, does not include a signature.

facts and any supporting evidence, is insufficient to create a genuine issue of material fact." Nilsson v. City of Mesa, 503 F.3d 947, 952 n. 2 (9th Cir. 2010) (citation omitted). An affidavit that contradicts the plaintiff's own deposition testimony is not sufficient to defeat summary judgment. Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir. 2002). Furthermore, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruing on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007)

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

Plaintiff filed his complaint as a pro se party. Courts must liberally construe the pleadings of pro se parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

### B. Chase Defendants' Motion for Summary Judgment

#### 1. Claims Against MERS

Plaintiff's Complaint does not allege violations of RESPA by MERS. Further, RESPA applies only to loan settlement services. See 12 U.S.C. § 2602(3); see also Crofton v. Bank of America Home Loans, 2011 WL 1298747, 4 (E.D.Mich. 2011) (MERS is not subject to RESPA when it acts as mortgage holder as nominee for the Lender.) Plaintiff has not provided any evidence or argument showing that MERS engaged in loan settlement services. Accordingly, summary judgment is granted as to MERS.

#### 2. Claims against Chase and MERS Related to Origination of the Loan

Plaintiff's first and second RESPA allegations arise out of Defendant Just Mortgage's conduct at the time of the origination of the loan. However, Plaintiff has failed to provide facts or

3

law showing that the Chase Defendants are liable for conduct surrounding the origination of the loan. Specifically, Plaintiff has failed to allege and demonstrate facts showing that the Chase Defendants are successors in interest to Defendant Just Mortgage.  Accordingly, summary judgment is granted in favor of the Chase Defendants on the RESPA claims relating to origination of the loan. See Prince v. U.S. Bancorp Nat. Ass'n, 2011 WL 1099124, 3 (D.Nev. 2011) (granting summary judgment on RESPA claim where plaintiff failed to present evidence that defendant could be liable as successor in interest to previous loan servicer).

### 3. Qualified Written Request under RESPA

RESPA defines a Qualified Written Request ("QWR") as:

> written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).  For purposes of this statute, "'servicing' means receiving any scheduled periodic payments from a borrower ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." Id. § 2605(i)(3).  When presented with a valid QWR, section 2605 requires a loan servicer to provide disclosures "relating to the servicing of [the] loan," Id. at § 2605(e)(1)(A), and may be liable for damages for failing to do so. id. at § 2605(f)(1). Courts routinely interpret section 2605 as requiring a QWR to specifically state belief that there are errors in servicing of a loan, rather than assert disputes about the creation or modification of a loan.  See Consumer Solutions REO, LLC v. Hillery,  658 F.Supp.2d 1002, 1014 (N.D.Cal. 2009) (no RESPA violation where letter disputed validity of loan); MorEquity, Inc. v. Naeem, 118 F.Supp.2d 885, 900-01 (N.D.Ill. 2000) (dismissing RESPA claim where "[t]he counterclaim alleges [that the request alleged] a forged deed, and irregularities with respect to the recoding of the two loans, but [made] no claim with respect to improper servicing"); Gates v. Wachovia Mortg., FSB, 2010 WL 2606511, *3 (E.D.Cal. 2010) (inquiry into the ownership of a loan,

allegation of defective loan documentation, and bare request for payment history without allegation of servicing error are insufficient to transform an otherwise non-qualifying correspondence into a QWR).

Plaintiff sent a letter on October 30, 2009, which he asserts was a QWR.[2] The letter states that it is intended to be a QWR and includes non-specific boiler-plate language stating generally that it relates to loan servicing and contains vague references to sales and transfer of servicing rights. However, the letter is primarily focused on disputing the validity of Plaintiff's debt, seeking voluminous documents relating to ownership of the obligation, and requesting evidence which would verify the validity of the debt. Plaintiff does not state a specific belief that there was a servicing error on his loan or that there was other improper action related to servicing of the debt. Chase acknowledged receipt of the letter and timely responded to the letter as required by RESPA. To the extent that the letter did constitute a QWR, Chase complied by responding to loan servicing issues raised by Plaintiff in its subsequent responses. Plaintiff has failed to demonstrate that his October 30, 2009, letter was a valid QWR and has failed to show a dispute of fact that the Chase's responses violated RESPA. Accordingly, summary judgment is granted in favor of Chase.

### B. Just Mortgage's Motion for Summary Judgment

#### 1. Statute of Limitations on TILA Damages Claim

The Federal Truth in Lending Act ("TILA") requires creditors to disclose certain information about the terms of a loan to the prospective borrower. See, 15 U.S.C. §§ 1631–1632, 1638; 12 C.F.R. § 226.17. A creditor who fails to comply with TILA's requirements is liable to the borrower for damages. 15 U.S.C. § 1640(a). However, damages claims under TILA must be brought within one year from the date of the occurrence of the violation ( i.e., closing). 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir.1986) (explaining that the limitations period runs from the

---

[2] The Court notes that most of the language in Plaintiff's purported QWR is copied directly from various internet sites purporting to provide the "mother of all QWRs." See, e.g.: http://chasehomefinancesucks.com/2010/04/copyed-this-off-of-loansafe-org-mother-of-all-qwrs/ (accessed April 9, 2013.)

date of the transaction).  Where, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claims, the statute of limitations may be tolled. <u>Santa Maria v. Pacific Bell</u>, 202 F. 3d 1170, 1178 (9th Cir. 2000).  However, equitable tolling "is only appropriate until the time 'the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.'" <u>Myvett v. Litton Loan Servicing, LP</u>, 2010 U.S. Dist. LEXIS 18753 at *7 (citing <u>King v. State of Cal.</u>, 784 F.2d 910, 915 (9th Cir. 1986)).

The transaction at issue in this action commenced on March 19, 2008.  Plaintiff filed this lawsuit on January 11, 2010, outside the one year limitations period.  Plaintiff's claims are that he was never given various documents, including signed copies of the Deed of Trust and Promissory note, Advance Disclosure of Settlement Costs, good faith estimates, and other documents.  These claims were or should have been immediately apparent to Plaintiff at the time of the transaction.  Plaintiff has provided no evidence showing that he could not have discovered the alleged nondisclosures sooner using reasonable diligence.  Further, Plaintiff's new assertion that he is suffering a "continuing wrong" is unsupported by any evidence.   Accordingly, summary judgment is granted in favor of Just Mortgage on Plaintiff's claim for damages under TILA.

### 2.  Rescission

TILA also provides borrowers with the right to rescind a mortgage transaction under certain parameters. 15 U.S.C. § 1635(a). Unlike a claim for damages, the borrowers right of rescission may be exercised within three years after the date of the consummation of the transaction ( i.e., closing) or before the property in question is sold, whichever occurs first. 15 U.S.C. § 1635(f).  The remedy of rescission is available only "where a borrower is willing and able to tender the balance on the promissory note" <u>Coward v. First Magnus Financial Corp.</u>, 2009 WL 3367398, *6 (D.Nev. 2009) (citing <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1173 (9th Cir.2003); <u>LaGrone v. Johnson</u>, 534 F.2d 1360, 1392 (9th Cir.1974)).

1  Plaintiff has failed to allege or show facts showing that he is able and willing to tender the
2  balance on the promissory note in the event of rescession.  Accordingly, Plaintiff cannot prevail on
3  this claim and summary judgment is granted in favor of Defendant Just Mortgage.

### 3. RESPA

RESPA requires that lenders provide a list of "charges imposed upon the borrower." 12 U.S.C. § 2603(a).  However, there is no private cause of action for violations of this section. Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010).  12 U.S.C. § 2607(b) prohibits "only the practice of giving or accepting money where no service whatsoever is performed in exchange for that money." Id. at 553.  Section 2607(b) does not "prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed."  Id. at 554.  Section 2607(b) is subject to a one year statute of limitations. 12 U.S.C. § 2614.

Plaintiff complains that Just Mortgage "failed to disclose to Plaintiff that the Loan obtained required extra loan origination fees whereas the Preliminary Disclosures reflected no such fees." (Compl. at ¶ 50).  This non-specific allegation is not supported by evidence showing a dispute of fact about whether Defendant Just Mortgage performed services in exchange for the fees.  Further, to the extent Plaintiff is entitled to bring these RESPA claims, he failed to bring them within the one-year limitations period.  Accordingly, Plaintiff has failed to provide argument or facts showing any valid or timely claim under RESPA based on Defendant Just Mortgage's failure to disclose extra loan origination fees.  Summary judgment on this claim is granted in favor of Defendant Just Mortgage.

### 4.  UCC Article 9

Article 9 of the Nevada UCC expressly "does not apply to ... the creation or transfer of an interest in or lien on real property...." N.R.S. § 104.9109(4)(k). In fact, the UCC generally does not apply to real property. In re Seaway Express Corp., 912 F.2d 1125, 1127 (9th Cir.1990).

Plaintiff claims based on Article 9 of the UCC lack merit. Accordingly, summary judgment is granted in favor of Defendant Just Mortgage.

### 5. Fraud

Plaintiff's Complaint contains a vague allegation of fraud. Federal Rule of Civil Procedure 9(b), requires a party pleading fraud to "state with particularity the circumstances constituting fraud." Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir.2007).

Plaintiff has failed to state allegations specific enough to meet this heightened pleading standard and has failed to provide facts to show that a dispute of fact regarding fraudulent conduct exists. Accordingly, summary judgment is granted in favor of Defendant Just Mortgage.

### 6. Other Claims

Plaintiff's Complaint and Opposition to the Motion for Summary Judgment contain a litany of conclusory, speculative, and unsupportable claims such as U.C.C 3-510(a) and 3-501(b)(2), collection attempts under color of law, securities fraud, 42 U.S.C. § 1983 violations, various claims based on 12 CFR § 226.22, and violations of federal criminal laws. These claims are not supported by admissible facts or even allegations and are insufficient and fail as a matter of law.

### C. Motion for Leave to Amend

Leave to amend following summary judgment may be granted at the discretion of the court. Nguyen v. United States, 792 F.2d 1500, 1503 (9th Cir.1986). Generally, leave to amend is denied when it is clear that the deficiencies of the complaint cannot be cured by amendment or when amendment would cause undue delay or undue prejudice to the opposing party. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.1992). In the Ninth Circuit, courts consider whether the motion for leave to amend was filed while a motion for summary judgment is pending in assessing whether there has been undue delay and/or prejudice to the defendant. Oncology Therapeutics Network Connection v. Va. Hematology Oncology PLLC, 2006 WL 334532, at *13 (N.D.Cal. Feb. 10, 2006). Courts may deny leave to when the plaintiff has not made a "substantial showing" to support the amendment. Maldonado v. City of Oakland, 2002 WL 826801, *4

(N.D.Cal.) citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, § 8:420.1 (2002 ed.).

Plaintiff filed a Motion for Leave to Amend on October 1, 2012 and without waiting for leave to be granted, filed his Second Amended Complaint.  Plaintiff's amendment came more than 18 months after the deadline for amendments to pleadings had passed and more than a year after the close of discovery.  Plaintiff's complaint lists causes of action for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) RESPA violations, (3) "accounting;" (4) breach of contract; (5) negligence; and (6) "quasi contract."

Plaintiff's improperly filed Second Amended Complaint is merely an attempt by Plaintiff to prolong this litigation in order to avoid a trustee's sale.  Plaintiff has not made a convincing showing and has offered nothing to explain why he was could not have amended his pleadings to include these causes of action previously.  Further, the Plaintiff's delay in seeking amendment is prejudicial to Defendants.  The deadline for amending pleadings is long past, discovery is closed, and Defendants have filed motions for summary judgment.  See  Zivkovic v. S. Cal. Edison Co., 302 F .3d 1080, 1087 (9th Cir. 2002) (upholding denial of leave to amend "several days before discovery-cutoff").  The Court finds that it would be prejudicial to Defendants and to litigants in other cases to prolong this meritless action by allowing amendment at such an advanced stage of the litigation.

Further, the claims in the second amended complaint are all futile.  For example, Defendants are not liable under FDCPA because loan servicers are not debt collectors within the meaning of the act.  See Mansour v. CalWestern Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (FDCPA does not apply to loan servicers).  Additionally, the claims are futile because Plaintiff's RESPA claims have been dismissed on summary judgment, "accounting" is not a separate cause of action, breach of contract claim requires an allegation that Chase failed to properly apply mortgage payments, and quasi-contract is not a valid claim where there is a written contract.  Accordingly, leave to amend is denied and Plaintiff's Second Amended Complaint is stricken.

Plaintiff has demonstrated a pattern of delay and disregard for the rules of civil procedure. For example, Plaintiff was sanctioned for failing to attend a scheduled settlement conference, improperly filed a Motion to Strike (#127), and submitted letters to the Court which should have been styled as motions (#141). Accordingly, Plaintiff may not seek reconsideration of this order, seek further leave to amend, or undertake any further action to delay this matter. Plaintiff is warned that failure to comply with this order will result in further sanctions.

III. Conclusion

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (#63) filed by Defendants JP Morgan Chase Bank, N.A. and Mortgage Electronic Registration Systems, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (#80) filed by Defendant Just Mortgage, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (#118) is **DENIED**.

**IT IS FURTHER ORDERED** that the Chase Defendants' Motion to Strike the Second Amended Complaint (#122) is **GRANTED** and Plaintiff's Second Amended Complaint (#119) is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#127) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Defendants.

**IT IS FURTHER ORDERED** that any lis pendens which has been entered based on this action is hereby **CANCELLED** and **EXPUNGED**.

DATED this 12th day of April 2013.

_____
Kent J. Dawson
United States District Judge