# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSEPH A. GUERRA,

     Plaintiff,

v.

JUST MORTGAGE INC.; CHACE
HOME FINANCE, LLC; MERS AND
DOES 1-10,

     Defendant.

Case No. 2:10-CV-00029-KJD-NJK

**ORDER**

     Before the Court is Plaintiff's Motion for Relief from Judgment (#145).  Defendant Just Mortgage, Inc. filed a Response and Request for Attorney's Fees (#146). Defendant JPMorgan Chase filed a Response (#147). Plaintiff filed a reply (#148), an objection to Defendant Just Mortgage's Affidavit of Attorney's Fees (#149), and an objection to Defendant JPMorgan Chase's Response (#150).  Defendant Just Mortgage filed a Notice of Withdrawal of Request for Attorney's Fees. (#151).

I. Background

     In July 2011, Defendants JPMorgan Chase ("Chase") and Mortgage Electronic Registration Systems ("MERS") filed a motion for summary judgment. Subsequently, Defendant Just Mortgage

///

1  also filed a motion for summary judgment. The Court granted both motions for summary judgment

2  (#142).

3       When the Court granted summary judgment to the Defendants, it noted that Plaintiff did not

4  allege that Defendant MERS violated the Real Estate Settlement Procedures Act ("RESPA"). The

5  Court also noted Plaintiff failed to demonstrate that the letter he sent to Defendant Chase was a valid

6  Qualified Written Request ("QWR") and that Defendant Chase's responses to the letter violated

7  RESPA.

8       The Court noted additional deficiencies in Plaintiff's claims against Defendant Just

9  Mortgage: Plaintiff's Truth in Lending Act and RESPA allegations were barred by the statute of

10  limitations, his allegations of fraud did not meet the particularity requirement of Rule 9(b), and his

11  rescission claim failed because he did not show he was able and willing to tender the balance of the

12  promissory note. Additionally, the Court noted that Plaintiff's Article 9 claims lacked merit because

13  Article 9 of the Nevada Uniform Commercial Code expressly does not apply to the creation or

14  transfer of interest in real property. The Court finally concluded that Plaintiff's other claims were

15  conclusory, speculative, unsupported by admissible facts, and failed as a matter of law.

16       At the end of the Order, the Court noted that Plaintiff had demonstrated a pattern of delay and

17  disregard for the rules of civil procedure. The Court then stated that Plaintiff could not seek

18  reconsideration of that order, seek further leave to amend, or undertake any further action to delay

19  this matter. The Court warned Plaintiff that failure to comply would result in further sanctions. Upon

20  receipt of the Court's Order, Plaintiff filed his Motion for Relief from Judgment (#145).

21  II. Legal Standard of a Motion for Relief from Judgment

22       A motion for reconsideration may be brought under Rule 60(b) if the moving party can show

23  (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other

24  misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason

25  justifying relief from operation of judgment. Backland v. Barnhart, 778 F.2d 1386, 1388 (1985).

26

1  Relief under exception six requires a finding of "extraordinary circumstances." Id. citing McConnell

2  v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1407 (9th Cir. 1985).  A mere reiteration of

3  arguments already presented to the Court does not satisfy the extraordinary circumstance requirement

4  of Rule 60(b)(6). See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995). Additionally, a party

5  cannot have relief under Rule 60(b) merely because he or she is unhappy with the judgment. Khan v.

6  Fasano, 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001).

7  III. Analysis

8        Plaintiff filed a *pro se* motion which, under the direction of the Supreme Court, "is to be

9  liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than

10  formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and

11  internal quotation marks omitted). However, *pro se* litigants in the ordinary civil case should not be

12  treated more favorably than parties with attorneys of record. Jacobsen v. Filler, 790 F.2d 1362, 1364

13  (9th Cir.1986). Plaintiff states on page two of the Motion for Relief that the "motion is made

14  pursuant to Rule 60(b) parts (3), (4) and (6)." The Court, therefore, construes Plaintiff's Motion

15  accordingly and addresses Plaintiff's grounds for relief based on fraud, void judgment, and other

16  justified reasons.

17        A.  Fraud or Other Misconduct

18        The power to vacate judgments for fraud is exercised with restraint and discretion and only

19  when the fraud is established by clear and convincing evidence. See U.S. v. Est. of Stonehill, 660

20  F.3d 415, 443 (9th Cir. 2011) (citations and internal quotation marks omitted). Because the power to

21  vacate judgment for fraud is so great, the Ninth Circuit has held that only fraud on the court may

22  vacate a judgment under Rule 60(b)(3). See. Id. at 443-44. Not all fraud is fraud on the court. Id. at

23  444. (citations and internal quotation marks omitted). Fraud on the court involves far more than an

24  injury to a single litigant. Id. (citations and internal quotation marks omitted). In determining whether

25  fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced

26

3

1    the opposing party, but whether it harmed the integrity of the judicial process. <u>Id</u>. (citations and

2    internal quotation marks omitted).

3        Plaintiff makes several allegations of falsehoods, fraud, and misrepresentation in his motion

4    for relief. Plaintiff alleges that there were no foreclosure proceedings and that he never received a

5    request for admissions. Plain. Mot. for Relief, P. 4. Plaintiff appears to allege that his RESPA claim

6    was sustainable, that his letter was a valid QWR under RESPA, and that Defendants were under an

7    obligation to respond to it. Plain. Mot. for Relief, P. 4-5. Plaintiff reiterates that "the opposing parties

8    have misrepresented to the court that foreclosure proceedings were triggered when no such

9    proceedings had ever been commenced." Plain. Mot. for Relief, P. 10.

10       Plaintiff also attached to his motion an affidavit of facts, in which he makes additional

11   allegations of falsehoods, fraud, and misrepresentation. Plaintiff alleges that he was never in default

12   and that he sent Defendant Chase a check for $299,000, which the Defendant cashed and never

13   returned to him. Plain. Mot. for Relief Plain. A, P. 2. Plaintiff alleges that he was never in non-

14   judicial foreclosure, that the promissory note was paid in full at least twice, and that the promissory

15   note "had a <u>forged</u> signature of the Affiant and a fraudulent Robo-Signer signature on the Allonge[.]"

16   Plain. Mot. for Relief Ex. A, P. 3. (emphasis in orginal).

17       For Plaintiff's motion for relief to succeed under Rule 60(b)(3), Plaintiff must establish fraud

18   on the court by clear and convincing evidence. Plaintiff's motion, however, focuses on his personal

19   injuries and consists of a mere reiteration of past arguments previously presented to the Court.

20   Additionally, Plaintiff's allegations are conclusory and speculative, which falls far short of the Rule

21   60(b)(3) standard to establish fraud by clear and convincing evidence. Accordingly, the Court cannot

22   vacate the judgment for fraud.

23       B.  Void Judgment

24       "[A] void judgment is one so affected by a fundamental infirmity that the infirmity

25   may be raised even after the judgment becomes final." <u>U. Student Aid Funds, Inc. v. Espinosa</u>,

26
                                                    4

1    559 U.S. 260, 270 (2010).  The list of such infirmities is exceedingly short and only applies in the

2    rare instances where a judgment is premised either on a certain type of jurisdictional error or on a

3    violation of due process that deprives a party of notice or the opportunity to be heard. Id. at 270-71.

4    A judgment is not void simply because it is or may have been erroneous. Id. at 270.

5          Plaintiff states that "because there is a judgment entered, and it is based on clear error and []

6    falsehood, it is void as a matter of law." Plain. Mot. for Relief, P. 10. Plaintiff is incorrect. The

7    Supreme Court has clearly outlined that a void judgment only applies in the case of a certain type of

8    jurisdictional error or violation of due process. See Id. at 270-71. Plaintiff has not shown any

9    jurisdictional error or violation of due process in his motion, but instead argues that the judgment is

10   void as a matter of law. The Supreme Court, however, expressly stated that a judgment is not void

11   simply because it may have been erroneous. Id. at 270. Accordingly, the Court's judgment is not

12   void.

13         C.  Other Justified Reasons

14         Relief under Rule 60(b)(6) is reserved for extraordinary circumstances. Ayala v. Los Angeles

15   Police Dept, 981 F.2d 1257 (9th Cir. 1992). A mere reiteration of arguments already presented to the

16   Court does not satisfy the extraordinary circumstance requirement of Rule 60(b)(6). See Merozoite v.

17   Thorp, 52 F.3d 252, 255 (9th Cir. 1995). Extraordinary circumstances include situations such as

18   gross negligence by counsel amounting to virtual abandonment. See Mackey v. Hoffman, 682 F.3d

19   1247, 1251 (9th Cir. 2012). Relief in such a case is justified because it vitiates the agency

20   relationship that underlies our general policy of attributing to the client the acts of his attorney. See

21   Id.

22         Plaintiff does not establish any extraordinary circumstances in his motion for relief. Instead,

23   Plaintiff simply reiterates arguments from previous motions and argues that the Court was in error

24   when it granting summary judgment. Accordingly, the Court cannot grant relief from judgment under

25   Rule 60(b)(6).

26

5

<u>D. Other Rule 60(b) Arguments</u>

Plaintiff does not raise any Rule 60(b) arguments under subsections (1), (2), and (5). Plaintiff also does not allege facts showing mistake, surprise, excusable neglect, newly discovered evidence, a satisfied judgment, or a discharged judgment. Accordingly, Plaintiff is not entitled to relief from judgment under Rule 60(b) subsections (1), (2), and (5).

<u>E. Summary</u>

The Court stated in its Order granting Summary Judgment that Plaintiff may not seek reconsideration of this order, seek further leave to amend, or undertake any further action to delay this matter. Plaintiff was warned that failure to comply with the Order would result in further sanctions. Plaintiff, however, disregarded the Court's warning and filed a motion for relief from judgment.

If Plaintiff files any motion with the Court regarding this matter other than a notice of appeal, he will be sanctioned costs and attorney's fees necessary to respond to his filings. Plaintiff's recourse in this matter is to appeal the Court's orders with which he disagrees.

<u>IV.  Conclusion</u>

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motion for Relief from Judgment (#145) is **DENIED**.

DATED this 12th day of August 2013.

_____
Kent J. Dawson
United States District Judge

6